B 1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>District of Delaware | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Premier International Holdings Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all):<br>13-3996510 | Last four digits of Soc. Sec. or Indvidual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>1540 Broadway, 15th Floor<br>New York, NY<br>ZIP CODE 10036 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>c/o Paul, Hastings, Janofsky & Walker LLP<br>191 N. Wacker Dr., 30th Floor, Chicago, IL<br>Attn: Paul Harner, Esq.<br>ZIP CODE 60606 | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets
| [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): Premier International Holdings Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location Where Filed: N/A | Case Number: | Date Filed: |
| Location Where Filed: N/A | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) ||||
|---|---|---|---|
| Name of Debtor: See attached Rider 1 | Case Number: || Date Filed: |
| District: District of Delaware | Relationship: || Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____<br>Signature of Attorney for Debtor(s)     (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor -- Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| B 1 (Official Form) 1 (1/08) | | Page 3 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): | Premier International Holdings Inc. |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Attorney*

X *[signed]*
Signature of Attorney for Debtor(s)
Daniel J. Defranceschi, Esq.
Printed Name of Attorney for Debtor(s)
Richards, Layton & Finger, P.A.
Firm Name
One Rodney Square, 920 North King Street
Address Wilmington, Delaware 19801

(302) 651-7816
Telephone Number
6/13/2009
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *[signed]*
Signature of Authorized Individual
Jeffrey R. Speed
Printed Name of Authorized Individual
Chief Financial Officer, Six Flags, Inc.
Title of Authorized Individual
6/13/2009
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

# RIDER I

**Pending Bankruptcy Cases Filed by Affiliates of the Debtor:
Each Concurrently Filed in the United States Bankruptcy Court for the District of
Delaware**

On the date of this petition, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of their petitions, such entities filed a motion requesting joint administration of their chapter 11 cases.

1. AstroWorld GP LLC[1]
2. AstroWorld LP
3. AstroWorld LP LLC
4. Fiesta Texas Inc.
5. Funtime, Inc.
6. Funtime Parks, Inc.
7. Great America LLC
8. Great Escape Holding Inc.
9. Great Escape Rides L.P.
10. Great Escape Theme Park L.P.
11. Hurricane Harbor GP LLC
12. Hurricane Harbor LP
13. Hurricane Harbor LP LLC
14. KKI, LLC
15. Magic Mountain LLC
16. Park Management Corp.
17. PP Data Services Inc.

---

[1] Premier International Holdings Inc. was the first of these affiliates to commence its chapter 11 case.

18. Premier International Holdings Inc.
19. Premier Parks of Colorado Inc.
20. Premier Parks Holdings Inc.
21. Premier Waterworld Sacramento Inc.
22. Riverside Park Enterprises, Inc.
23. SF HWP Management LLC
24. SFJ Management, Inc.
25. SFRCC Corp.
26. Six Flags, Inc.
27. Six Flags America LP
28. Six Flags America Property Corporation
29. Six Flags Great Adventure LLC
30. Six Flags Great Escape LP
31. Six Flags Operations Inc.
32. Six Flags Services, Inc.
33. Six Flags Services of Illinois, Inc.
34. Six Flags St. Louis LLC
35. Six Flags Theme Parks Inc.
36. South Street Holdings LLC
37. Stuart Amusement Company

[remainder of page left intentionally blank]

# UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF

# PREMIER INTERNATIONAL HOLDINGS INC.

June 12, 2009

The undersigned, being all of the directors of Premier International Holdings Inc., a Delaware corporation ("Premier International"), waiving all notice of a meeting of the Board of Directors and acting pursuant to 8 Del.C. § 228 (also known as Section 228 of the General Corporation Law of the State of Delaware), do hereby adopt the following resolutions by unanimous written consent effective as of June 12, 2009, which shall have the same force and effect as if unanimously adopted at a duly convened meeting of the Board of Directors (the "Board of Directors") of Premier International, and a copy of which shall be filed with the minutes of Premier International.

WHEREAS, in the judgment of the Board of Directors of Premier International, it is desirable and in the best interests of Premier International, its creditors, stockholders, employees, and other interested parties to file a voluntary petition (the "Petition") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and the Board of Directors wishes to approve such action.

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Board of Directors, it is desirable and in the best interests of Premier International that it shall be, and hereby is, authorized to file the Petition in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the law firm of Paul, Hastings, Janofsky & Walker LLP shall be, and hereby is, employed as bankruptcy counsel for Premier International under general retainer; and

FURTHER RESOLVED, that the law firm of Richards, Layton & Finger, P.A. shall be, and hereby is, employed as local bankruptcy counsel for Premier International under general retainer; and

FURTHER RESOLVED, that Houlihan Lokey Howard & Zukin Capital, Inc. shall be, and hereby is, employed by Premier International to perform financial advisory services; and

FURTHER RESOLVED, that KPMG shall be, and hereby is, employed by Premier International to perform accounting services; and

FURTHER RESOLVED, that any duly elected officer, director or manager of Premier International, including, without limitation, Jeffrey R. Speed in his capacity as a director (each, an "Authorized Person") is hereby authorized, directed and empowered, in the name of and on behalf of Premier International, as and to the extent otherwise authorized under the governing constituent documents of Premier International, or to the extent required to direct others to do so, to execute, verify and cause to be filed the Petition, including the schedules of assets and liabilities, the statement of financial affairs and other ancillary documents required by

the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure to be filed with the Petition; and

FURTHER RESOLVED, that any Authorized Person and such officers of Premier International as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of Premier International, to execute, verify and cause to be filed requests for first-day relief from the Bankruptcy Court that an Authorized Person may deem necessary, proper, or desirable in connection with the Petition, with a view to the successful prosecution thereunder; and

FURTHER RESOLVED, that any Authorized Person and such officers of Premier International as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered to cause Premier International, as management of Premier International may deem appropriate to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates or other documents, and to take such other actions, as in the judgment of the Authorized Person shall be necessary, proper, and desirable to prosecute to a successful completion Premier International's chapter 11 case, other obligations, organizational form and structure, and ownership of Premier International consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

FURTHER RESOLVED, that any Authorized Person and such officers of Premier International as the Authorized Person shall designate from time to time, and any employees or agents (including counsel) designated by or directed by such Authorized Person are hereby authorized, directed and empowered, in the name of and on behalf of Premier International, (i) to take or cause to be taken any and all actions, to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (ii) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (iii) to negotiate, enter into, execute, deliver and perform all other documents, agreements, certificates or instruments as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the transactions contemplated by, the foregoing resolutions, and the execution and delivery thereof by the Authorized Person to be conclusive evidence of such approval; and

FURTHER RESOLVED, that notwithstanding anything contrary in the foregoing resolutions, in the event that any action to be taken by an Authorized Person in furtherance of the foregoing resolutions adversely affects, or if Premier International are advised by their counsel that such action is reasonably likely to adversely affect, the interests of Premier International in favor of the interests of any of Premier International's Affiliates (as such term is defined in section 101(2) of the Bankruptcy Code), an Authorized Person shall have no authority to take such action unless approved by the independent members of the Board of Directors; and

FURTHER RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed on behalf of Premier International by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed adopted and approved; and

FURTHER RESOLVED, that this written consent may be executed in one or more counterparts.

\* \* \* \* \*

IN WITNESS WHEREOF, the undersigned have executed this Written Consent as of the day first set forth above.

By: _____
Name: Jeffrey R. Speed
Title: Director, Premier International Holdings Inc.

By: _____
Name: Mark Quenzel
Title: Director, Premier International Holdings Inc.

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF
BOARD OF DIRECTORS]

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

----------------------------------------------------------------x
:
In re                                        :  Chapter 11
                                             :
Premier International Holdings Inc.,         :  Case No. 09-_____ (____)
a Delaware corporation,                      :
                                             :  (Joint Administration Requested)
            Debtor.                          :
----------------------------------------------------------------x

## LIST OF CREDITORS HOLDING
## THE TWENTY LARGEST UNSECURED CLAIMS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors")[1] each filed a voluntary petition in this Court on June 13, 2009 (the "Petition Date") for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. The following is a list of the Debtors' twenty largest unsecured creditors on a consolidated basis (the "Top 20 List"), based on the Debtors' books and records as of the Petition Date.[2] The Top 20 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 20 List does not include: (1) persons who come within the definition of an "insider" set forth in 11 U.S.C. § 101(31); or (2) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the twenty largest unsecured claims. The information presented in the Top 20 List shall not constitute an admission by, nor is it binding on, the Debtors. The failure of the Debtors to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority, and/or amount of any such claim.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors is 1540 Broadway, 15th Floor, New York, NY 10036.

[2] This information is based on an accounts payable report generated on June 8, 2009.

| (1) | (2) | (3) |
|---|---|---|
| NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | NATURE OF CLAIM (trade debt, bank loan, government contract, etc.) | AMOUNT OF CLAIM (if secured also state value of security) |
| HSBC Bank USA, National Association as Trustee<br>452 Fifth Avenue<br>New York, New York 10018<br>Attention: Corporate Trust & Loan Agency | Bond debt (12.25% Notes due 2016) | $400,000,000.00 |
| Bank of New York Mellon as Trustee<br>101 Barclay St - 8W<br>New York NY 10286<br>Attention: Sherma Thomas | Bond debt (9.625% Notes due 2014) | $314,787,000.00 |
| Bank of New York Mellon as Trustee<br>101 Barclay St - 8W<br>New York NY 10286<br>Attention: Sherma Thomas | Bond debt (4.5% Notes due 2015) | $280,000,000.00 |
| Bank of New York Mellon as Trustee<br>101 Barclay St - 8W<br>New York NY 10286<br>Attention: Sherma Thomas | Bond debt (9.75% Notes due 2013) | $142,441,000.00 |
| Bank of New York Mellon as Trustee<br>101 Barclay St - 8W<br>New York NY 10286<br>Attention: Sherma Thomas | Bond debt (8.875% Notes due 2010) | $131,077,000.00 |
| Lake County, Illinois Convention and Visitor's Bureau<br>5465 W. Grand Ave. Suite 100<br>Gurnee, IL 60031 | Trade debt | $180,440.00 |
| NSB Retail Solutions L.P.<br>2800 Autoroute Transcanaadienn<br>Point-Claire, QC H9R1B1 | Trade debt | $102,633.99 |
| County of Los Angeles – Sheriff<br>P.O. Box 512816<br>Los Angeles, CA 90051-0816 | Trade debt | $100,126.60 |
| Philadelphia Coca-Cola USA<br>P.O. Box 8500 2735<br>Philadelphia, PA 19718-2735 | Trade debt | $85,910.25 |
| CJ Contractors NJ, Inc.<br>115 North County Line Road<br>Jackson, NJ 08527 | Trade debt | $85,309.00 |
| Alex In Wonderland<br>3224 N. San Fernando Blvd.<br>Burbank, CA 91504 | Trade debt | $75,050.00 |

| | | |
|---|---|---|
| Roto Graphic Printing Inc.<br>575 Fond Du Lac Ave.<br>Fond Du Lac, WI 54936-1495 | Trade debt | $70,777.25 |
| Tri-City Fence Company, Inc.<br>1175 Benicia Road<br>Vallejo, CA 94591 | Trade debt | $66,631.00 |
| Mindshare USA LLC<br>P.O. Box 601689<br>Charlotte, NC 28260-1689 | Trade debt | $58,724.00 |
| Green Order<br>205 Lexington Ave. 15th Floor<br>New York, NY 10016 | Trade debt | $55,000.00 |
| Coca Cola Bottling Co. of New York<br>P.O. Box 4108<br>Boston, MA 02231-410 | Trade debt | $42,599.64 |
| R&M Grading, Inc.<br>2200 Big Ranch Road<br>Napa, CA 94558 | Trade debt | $40,705.58 |
| Bunzl New Jersey Inc.<br>12769 Collection Center Drive<br>Chicago, IL 60693 | Trade debt | $35,359.95 |
| Boller Construction Co Inc.<br>3045 W. Washington St.<br>Waukegan, IL 60085 | Trade debt | $34,904.00 |
| Cirignano Contracting Inc.<br>750 California Ave.<br>Absecon, NJ 08201 | Trade debt | $32,656.40 |

[remainder of page left intentionally blank]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
In re                                                          :   Chapter 11
                                                               :
Premier International Holdings Inc.,                           :   Case No. 09-_____ (___)
a Delaware corporation,                                        :
                                                               :   (Joint Administration Requested)
                    Debtor.                                    :
---------------------------------------------------------------x

## DECLARATION CONCERNING THE DEBTOR'S LIST OF CREDITORS HOLDING THE TWENTY LARGEST UNSECURED CLAIMS

I, Jeffrey Speed, Chief Financial Officer of Six Flags, Inc., a Delaware corporation, and an entity named as debtor in these cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the List of Creditors Holding the Twenty Largest Unsecured Claims submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: June 13, 2009

Name: Jeffrey R. Speed
Title: Chief Financial Officer of Six Flags, Inc.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re                                                : Chapter 11
:
Premier International Holdings Inc.,                 : Case No. 09-_____ (____)
a Delaware corporation,                              :
                                                     : (Joint Administration Requested)
            Debtor.                                  :
------------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS

The debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors") each filed a petition in this Court on June 13, 2009 for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532. Contemporaneously with the filing of the petition, the Debtors filed a single consolidated list of creditors (the "Consolidated Creditor List"), in lieu of separate lists. Due to its voluminous nature, the Consolidated Creditor List is being submitted to the Court electronically as an attachment hereto.

[information provided in electronic format]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
Premier International Holdings Inc.,                           :   Case No. 09-_____ (___)
a Delaware corporation,                                        :
                                                               :   (Joint Administration Requested)
                    Debtor.                                    :
                                                               :
---------------------------------------------------------------x

## DECLARATION REGARDING CONSOLIDATED CREDITOR LIST

      I, Jeffrey Speed, Chief Financial Officer of Six Flags, Inc., a Delaware corporation and an entity named as a debtor in these cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the Consolidated Creditor List submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: June 13, 2009

                                                                        _____
                                                                         Name: Jeffrey R. Speed
                                                                          Title: Chief Financial Officer of Six Flags, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11
                                            :
Premier International Holdings Inc.,        :   Case No. 09-_____ (____)
a Delaware corporation,                     :
                                            :   (Joint Administration Requested)
            Debtor.                         :
---------------------------------------------------------------x

## LIST OF EQUITY HOLDERS

| Name and Last Known Address or Place of Business of Holder | Security Class | Percentage of Class Held |
|---|---|---|
| Six Flags Theme Parks Inc.<br>1540 Broadway, 15th Floor<br>New York, NY 10036 | Common stock | 100% |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
Premier International Holdings Inc.,                           :   Case No. 09-_____ (____)
a Delaware corporation,                                        :
                                                               :   (Joint Administration Requested)
         Debtor.                                               :
                                                               :
---------------------------------------------------------------x

## DECLARATION CONCERNING THE DEBTOR'S LIST
## OF EQUITY SECURITY HOLDERS

      I, Jeffrey Speed, Chief Financial Officer of Six Flags, Inc., a Delaware corporation and an entity named as a debtor in these cases, declare under penalty of perjury under the laws of the United States of America that I have reviewed the List of Equity Security Holders submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: June 13, 2009

Name: Jeffrey R. Speed
Title: Chief Financial Officer of Six Flags, Inc.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

---------------------------------------------------------x
:
In re                                                   : Chapter 11
                                                        :
Premier International Holdings Inc.,                    : Case No. 09-_____ (____)
a Delaware corporation,                                 :
                                                        : (Joint Administration Requested)
          Debtor.                                       :
---------------------------------------------------------x

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(a)(1)

For its Statement Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), Premier International Holdings Inc. (the "Debtor") respectfully represents that Six Flags Theme Parks Inc. directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: June 13, 2009　　　　　Respectfully submitted,
　　　　　Wilmington, Delaware

_____
Daniel J. DeFranceschi (DE 2732)
L. Katherine Good (DE 5101)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
　　　　good@rlf.com
　　　-and-
Paul E. Harner (ARDC # 6276961)
Steven T. Catlett (IL 6269229)
Christian M. Auty (IL 6285671)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: paulharner@paulhastings.com
　　　　stevencatlett@paulhastings.com
　　　　christianauty@paulhastings.com
PROPOSED ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION