IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| Premier International Holdings Inc., et al. [1] ) | Case No. 09-12019 (CSS) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |
| ) | Related Docket Nos. 6 and 40 |

Objections due: July 9, 2009 at 5:00 p.m.[2]
Hearing date: July 13, 2009 at 2:30 p.m.

**LIMITED OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 345, 363, 1107, AND 1108 AUTHORIZING (I) CONTINUED USE OF EXISTING (A) CASH MANAGEMENT SYSTEM, (B) BANK ACCOUNTS, (C) BUSINESS FORMS, AND (D) DEPOSIT AND INVESTMENT GUIDELINES, (II) CONTINUATION OF INTERCOMPANY TRANSACTIONS WITH NON-DEBTOR AFFILIATES, AND (III) ACCORDING ADMINISTRATIVE STATUS TO ALL POSTPETITION INTERCOMPANY CLAIMS**

The Official Committee of Unsecured Creditors (the "Committee") of Six Flags, Inc. ("Six Flags") and affiliated Chapter 11 debtors[3] (collectively, with Six Flags, the

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Extended per agreement with the Debtors.

"Debtors"), by and through its undersigned counsel, hereby submits this Limited Objection (the "Limited Objection") to the *Motion for Order under 11 U.S.C. §§ 345, 363, 1107, and 1108 Authorizing (I) Continued Use of Existing (A) Cash Management System, (B) Bank Accounts, (C) Business Forms, and (D) Deposit and Investment Guidelines, (II) Continuation of Intercompany Transactions with Non-Debtor Affiliates, and (III) According Administrative Status to All Postpetition Intercompany Claims*, dated June 13, 2009 [Docket No. 6] (the "Motion"). In support of this Limited Objection, the Official Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1. As set forth in further detail herein, the Committee does not object to the relief sought in the Motion but rather objects to the Motion because it fails: (i) to provide the Committee with the means necessary to review the propriety of the requested intercompany transfers to foreign affiliates, and (ii) ensure that creditors of a specific Debtor are not prejudiced by postpetition intercompany transfers amongst Debtors and between Debtors and Non-Debtor Affiliates.

2. Accordingly, the Committee seeks to have additional protections

---

[3] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016).

incorporated into the Debtors' final cash management order (the "Final Cash Management Order") to expressly provide that the intercompany transfers amongst Debtors shall be secured by senior liens on the Debtor's assets and those to the Debtor's foreign affiliates, which operate parks in Mexico City and Montreal, and to the so-called Partnership Parks which are not Debtors, but in which Six Flags has a joint venture interest also be perfected by senior liens on those entities' assets.

3. Accordingly, the Motion must be denied unless the order approving the motion includes language granting appropriate review rights to the Committee, and limitations on intercompany transfers, as set forth herein.

## BACKGROUND

4. On June 13, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), commencing the Chapter 11 cases of the Debtors.

5. On June 13, 2009, the Debtors filed the Motion seeking interim and final authority to continue to (i) use their existing Cash Management System, and (ii) engage in Intercompany Transactions (as that term is defined in the Motion). On June 15, 2009, the Court held the "first-day" hearings (the "First-Day Hearings") and entered an interim order approving the Motion on an interim basis (the "Interim Cash Management Order") [Docket No. 40]. The Interim Cash Management Order established July 13, 2009 as the date for the final hearing on the Motion. The Interim Cash Management Order was entered prior to the formation of the Committee and its retention of counsel.

6. On June 26, 2009, the Office of the United States Trustee appointed the Committee[4] pursuant to section 1102 of the Bankruptcy Code. The Committee has retained, subject to approval of this Court, the law firm of Brown Rudnick LLP, as counsel to represent the interests of the Committee in these Chapter 11 cases, and Pachulski Stang Ziehl and Jones, as its Delaware counsel.

## OBJECTION

7. In the Motion, the Debtors request, among other things, authority to continue to use their cash management system, bank accounts, business forms, and deposit and investment guidelines. See Motion ¶ 24. The Committee does not object to the Debtors' request for such relief.

8. The Debtors further seek authority to implement ordinary course changes to their Cash Management System. Motion at ¶ 24. Consistent with Debtors' representations to the Court at the First Day Hearing, the Final Cash Management Order shall expressly provide that, "notwithstanding anything contained in the Order, the Debtors shall not make any ordinary course changes to the Cash Management System unless the Court, after notice and a hearing, authorizes such changes."

9. Finally, the Debtors request authority to (i) continue Intercompany Transactions (as defined in the Motion) with the Non-Debtor Affiliates, and (ii) grant administrative expense priority status pursuant to sections 503(b) and 507(b) of the Bankruptcy Code to all postpetition intercompany claims amongst Debtors. While the Committee does not

---

[4] As of the date hereof, the Committee consists of the following seven members: John J. Gorman; Esopus Creek Advisors, LLC; Richard Schottenfeld; HSBC Bank USA National Association; The Bank of New York Mellon; The Coca-Cola Company; and Whirley Industries.

object to the Debtors request for authority to engage in Intercompany Transactions, in order to ensure that creditors of a particular Debtor or Non-Debtor Affiliate are not prejudiced, the Committee submits that any reimbursement claims arising from an Intercompany Transaction must be secured by a senior lien and not just accorded administrative claim status and should be further limited as set forth below.

I. **The Court Should Limit Any Relief Granted with Respect to the Intercompany Transactions, as Set Forth Herein.**

10. In the Motion, the Debtors request authority to continue performing Intercompany Transactions. Specifically, the Motion states that pursuant to Intercompany Transactions, the Debtors fund their foreign parks, as needed, in the ordinary course of their cash management system (the "Foreign Park Transactions"). Upon information and belief, the Debtors may also advance funds to pay necessary operating expenses related to their so-called joint venture, partnership parks ("Partnership Parks") in Georgia and Texas ("Partnership Park Transactions") and Debtor will continue to maintain records of such transfers, including records of all current intercompany accounts receivable and payable. Motion ¶¶ 52-53. In order to monitor the nature and extent of the Foreign Park Transactions and Partnership Park Transactions, the Committee requests that the Final Cash Management Order require such records be made available to the Committee and its advisors, on at least a monthly basis reflecting all Foreign Park Transactions and Partnership Park Transactions for the previous month, and more frequently, if requested by the Committee.

11. Finally, the Debtors request, that pursuant to section 364(c)(1) of the Bankruptcy Code, all intercompany claims arising after the Petition Date be "accorded administrative status, with priority over any an all administrative expenses of the kind specified in sections 503(b) and 507(b), subject and subordinate to the priorities, liens, claims and security

interests (including any claims arising under section 507(b) of the Bankruptcy Code)." Motion at ¶ 54. However, in order to ensure that the respective positions of creditors of particular Debtors and Non-Debtor Affiliates, as of the Petition Date, are preserved, the Committee requests that intercompany claims be properly recorded and secured by liens on the assets and/or capital stock or other equity interests of any Non-Debtor Affiliate or Foreign Park or Partnership Park, with priority over any applicable prepetition bank liens and replacement liens. In addition, the Committee seeks to ensure that such liens between Debtors and foreign Non-Debtor Affiliates or Partnership Parks are duly perfected under the laws of the applicable jurisdictions, specifically, a requirement that the any foreign Non-Debtor Affiliate must file appropriate notice and/or record evidence of the Debtors' lien with the appropriate foreign authority, and further requiring the Debtors to file a certification in these Chapter 11 cases stating that they and the foreign Non-Debtor Affiliates have taken all necessary action for the Debtors' lien to be binding on the assets and senior to later recorded liens with respect to said assets.

12. The Debtors' pre-petition secured lenders would not be prejudiced by this treatment since their pre-petition liens and adequate protection replacement liens would attach to all of the Debtors' assets, including any cash repaid to a transferor Debtor, with priority over all other prepetition or administrative claims (except for potential Bankruptcy Code §506(c) claims). Such treatment would ensure that unsecured creditors of a particular Debtor were not prejudiced by post petition cash transfers made to another Debtor or Non-Debtor Affiliate.

## RESERVATION OF RIGHTS

13. The Committee expressly reserves all of its rights to assert additional objections to the Motion either at or prior to any hearing on the Motion.

## CONCLUSION

14. WHEREFORE, based upon the foregoing, the Committee respectfully requests that the Court enter an Order: (i) sustaining this Limited Objection; (ii) denying the Motion or modifying it as requested herein; and (ii) granting such other and further relief as the Court deems just and appropriate.

Dated: July __, 2009

PACHULSKI STANG ZIEHL & JONES

_____
Laura Davis Jones, Esq. (Bar No. 2436)
Timothy P. Cairns, Esq. (Bar No. 4228)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: ljones@pszjlaw.com
tcairns@pszjlaw.com

Edward S. Weisfelner, Esq.
Brown Rudnick LLP
Seven Times Square
New York, NY 10036
(212) 209-4800
Facsimile: (212) 209-4801

Steven D. Levine, Esq.
Brown Rudnick LLP
One Financial Center
Boston, MA 02111
(617) 856-8200
Fax: (617) 856-8201

Proposed Attorneys for the Official Committee of Unsecured Creditors