**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
--------------------------------------------------------------------- x
                                          :
In re                                     :   Chapter 11
                                          :
Premier International Holdings Inc., et al.,[1]   :   Case No. 09-12019 (CSS)
                                          :
          Debtors.                        :   (Jointly Administered)
                                          :
--------------------------------------------------------------------- x
```

## SCHEDULES OF ASSETS AND LIABILITIES FOR SIX FLAGS OPERATIONS INC.

---

[1]    The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses):  Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc.  (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016).

**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

-------------------------------------------------------------x
                                                             :
In re                                                        :   Chapter 11
                                                             :
Premier International Holdings Inc., *et al.*,[1]            :   Case No. 09-12019 (CSS)
                                                             :
                      Debtors.                               :   (Jointly Administered)
                                                             :
-------------------------------------------------------------x


**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,**
**METHODOLOGY, AND DISCLAIMER REGARDING**
**DEBTORS' SCHEDULES AND STATEMENTS[2]**

The Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Schedules and Statements") filed by Premier International Holdings, *et al.* (the "Debtors"), in the United States Bankruptcy Court, District of Delaware (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by the Debtors' management and are unaudited. While those members of management responsible for the preparation of the Schedules and Statements have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries, inadvertent errors may exist and/or the subsequent receipt of information may result in material changes in financial and other

---

[1]   The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2]   These Global Notes are followed by the Schedules of Assets and Liabilities or Statement of Financial Affairs.

data contained in the Schedules and Statements that may warrant amendment of the same.  Moreover, because the Schedules and Statements contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.  Finally, because the Debtors historically have maintained books on a consolidated basis, the Debtors have assigned equity corresponding to the assets and liabilities of each specific Debtor.  To the extent such equity was insufficient, the Debtors have formulated intercompany payables to account for the deficit.  The Debtors reserve the right to amend the foregoing Schedules and Statements, including, but not limited to, the amounts of such intercompany payables.  These Global Notes comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.

1.    **Case**.  On June 13, 2009 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code").  Unless otherwise indicated, the information provided is as of the close of business on the Petition Date.

2.    **Amendments**.  The Debtors reserve their right to amend the Schedules and Statements in all respects at any time as may be necessary or appropriate, including, without limitation, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, to liability, or to classification, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."  Any failure to designate a claim as "contingent," "unliquidated," or "disputed" does not constitute an admission by the Debtors that such claim is not "contingent," "unliquidated," or "disputed."

3.    **Estimates and Assumptions**.  The preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the date of the Schedules and Statements and the reported amounts of revenues and expenses during the reporting period.  Actual results could differ from those estimates.

4.    **Unknown Amounts**.  Some of the scheduled liabilities are unknown and unliquidated at this time.  In such cases, the amounts are listed as "Unknown."  Accordingly, the Schedules and the Statements do not accurately reflect the aggregate amount of the Debtors' liabilities.

5.    **Prepetition v. Postpetition**.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information from research conducted during the preparation of these Schedules and Statements.  As additional information becomes available and further research is conducted, the allocation of liabilities between pre-petition and post-petition periods may change.

6.    **GAAP**.  Given the difference between the information requested in the Schedules and Statements, and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset

values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

7.    **Asset Values**.  It would be prohibitively expensive, unduly burdensome, and time-consuming to obtain current market valuations of the Debtors' property interests.  Accordingly, to the extent any asset value is listed herein, and unless otherwise noted therein, net book values rather than current market values of the Debtors' property interests are reflected in the applicable Schedule.  As applicable, assets that have been fully depreciated or were expensed for accounting purposes have no net book value.  And, unless otherwise indicated, all asset amounts and claim amounts are listed as of the Petition Date.  Furthermore, the Debtors have not assigned any value to equity investments, as it would be prohibitively expensive, unduly burndensome and time-consuming to obtain current market valuations of such investments.

8.    **Challenge of Liens**.  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve the right to dispute or to challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all of their rights to dispute or to challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim.  The descriptions provided on Schedule D are only intended to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  Except as specifically stated herein, real property lessors, utility companies, and other parties which may hold security deposits have not been listed on Schedule D.

9.    **Setoff or Recoupment Rights**.  The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights, deposits posted by or on behalf of the Debtors, or inchoate statutory lien rights.  Such counterparties have been listed on Schedule F.

10.    **Gifts; Admission**.  The Debtors have not included donated tickets for admission to the various Debtor-owned amusement parks.  The Debtors cannot determine that such donated tickets have been or will be redeemed nor can the Debtors accurately assume a value to such donations.  Moreover, it would be prohibitively expensive, unduly burdensome, and time-consuming to attempt to track usage of donated tickets.

11.    **First-Day Orders**.  Pursuant to various orders issued by the Court, the Debtors were authorized to pay certain outstanding prepetition claims.  To the extent claims have been paid in whole, such claims have not been listed on the Schedules and

Statements.  To the extent such claims have been paid in part, such claims have been listed on the Schedules and Statement in the amount currently believed to be owed to such creditor(s).  The Debtors do not waive any right to amend the Schedules and Statements or subsequently object to such claims.

**12.    Ordinary Course of Business**.  In the ordinary course of their businesses, the Debtors apply credits against amounts otherwise due to vendors. These credits arise because, among other matters, materials ordered and paid for may not be delivered, materials delivered are damaged or unusable, and vendors provide volume rebates and cash discounts.  Certain of these credits are subject to change. Vendor claims are listed at the amounts entered on the Debtors' books and records, which may reflect creditors or allowances due from such creditors to the Debtors.  The Debtors reserve all of their rights respecting such credits and allowances.

**13.    Executory Contracts and Unexpired Leases**.  For purposes of the Schedules and Statements, the Debtors have only scheduled claims and executory contracts for which the Debtors may be contractually and/or directly liable.  While every reasonable effort has been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases, inadvertent errors or omissions may have occurred.  The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights.  Such rights, powers, duties and obligations are not set forth on Schedule G.  Certain of the executory agreements may not have been memorialized in writing and could be subject to dispute.  In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as easements, rights of way, subordinations, non-disturbances and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements.  Such documents may not be set forth on Schedule G.  The Debtors reserve all of their rights to dispute or to challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim.  In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis.  Such contracts may not be included on Schedule G. But the Debtors reserve the right to assert that such agreements constitute executory contracts.  Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases.  Any and all of the Debtors' rights, claims, and causes of action regarding the contracts and agreements listed on Schedule G are hereby reserved and preserved.

14. **Causes of Action**.  Despite reasonable efforts, the Debtors might not have identified or set forth all of their causes of action against third parties in the Schedules and Statements.  The Debtors reserve any and all of their rights with respect to any causes of action they may have.  Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such cause of action.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with these chapter 11 cases, equitable subordination, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant nonbankruptcy laws to recover assets or avoid transfers.  Finally, the Debtors are parties to multiple lawsuits in which more than one Debtor is a named plaintiff or defendant.  Despite reasonable efforts, the Debtors may not have identified or set forth such causes of action in all relevant Schedules and Statements.  Moreover, the Debtors may not have identified all causes of action as contingent unsecured claims.  The Debtors reserve any and all of their rights with respect to any such cause of action.

15. **Insiders**.  In the circumstances where the Schedules and Statements require information regarding insiders and/or officers and directors, included therein are each of the Debtors' (a) directors (or persons in similar positions) and (b) employees that are, or were during the relevant period, officers (or persons in control).  The listing of a party as an insider is not intended to be nor should it be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.  Further, employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

16. **Summary of Significant Reporting Policies and Practices**.  The following conventions were adopted by the Debtors in preparation of the Schedules and Statements:

    (a)    Fair Market Value; Book Value.  Unless otherwise noted therein, the Schedules and Statements reflect the carrying value of the liabilities as listed in the Debtors' books and records.  Where the current market value of assets is unknown, the Debtors have based its valuation on book values; however, particularly with respect to machinery and equipment, the Debtors believe the actual value may be substantially lower.  Where known, accumulated depreciation of assets has been noted.

    (b)    Inventories.  Inventories are valued in the Schedules and Statements at the values indicated on the Debtors' books and records.

5

(c)      Schedule B28; Schedule B29; Schedule B30; Schedule B31.  For simplicity purposes, the Debtors combined all office equipment, furnishing and supplies, equipment used in the ordinary course of its business, inventory and animals (where applicable) into summarized line-items.  If necessary, the Debtors are willing and able to provide a detailed listing of such asset categories.

(d)      Employee Claims.  The Bankruptcy Court entered an order authorizing the Debtors to pay prepetition wages, salaries, benefits and other obligations.  Accordingly, only employee claims against the Debtors for prepetition amounts that have not been paid as of the time that the Schedules and Statements were prepared, if any, and employee claims for items not authorized to be paid by order of the Bankruptcy Court, if any, have been included in the Schedules and Statements.  For simplicity purposes, the Debtors combined all unclaimed wages of employees for which the Debtors have no current contact information.  In addition, bonuses contingent upon future events have been consolidated.

(e)      Disputed, Contingent and/or Unliquidated Claims.  Schedules D, E, and F permit the Debtors to designate a claim as disputed, contingent, and/or unliquidated.  A failure to designate a claim on any of these Schedules and Statements as disputed, contingent, and/or unliquidated does not constitute an admission that such claim is not subject to objection.  The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules and Statements as to amount, liability, or status.

(f)      Limited Purpose Entities; Service Entities; Payroll Entities.  Wherever possible, the Debtors have assigned costs associated with the provision of services or ongoing ownership of assets, including maintenance of fixtures, real estate, improvements, buildings, and other such property to the operating Debtor associated with such property, even where ownership of a particular improvement or fixture is vested in another Debtor.

(g)      Accrued Liabilities.  Certain liabilities are estimated and accrued for GAAP purposes to reflect in the Debtors' books provisions for services that have yet to be completed by vendors, potential liabilities from tax audits or exposures related to taxes, payments by customers for the right to enter the theme or water parks during the remainder of the 2009 season and other liabilities for which there is no relevant invoice or specific actionable claim known to the Debtors.  Except where provided herein, management has not attempted to discern such liabilities from its accruals for inclusion in the Schedules and Statements except in such cases where applicable invoices have been received or other specific claims

known to management have been appropriately documented and communicated.

(h)     Carved-out Financial Information.  Certain of the books and records of entities that serve a limited purpose are combined by the Debtors in their accounting system into ledgers with other operating entities based on the relevant park operations.  For example, the Debtors record all of the assets and liabilities and operations of Six Flags America on a single ledger, even though the real estate assets are owned by Six Flags America Property Corporation and the remaining assets are owned by Six Flags America LP.  In such circumstances, for the purposes of the Schedules and Statements, management has "carved out" the assets and liabilities that are owned by the respective entities into separate records and has made assumptions regarding the allocation of shareholders' equity and intercompany lending.  Management also keeps ledgers that reflect combinations of inactive entities, entities associated with discontinued operations and top-level corporate adjustments, all of which have been analyzed and, where deemed appropriate, incorporated into the Schedules and Statements.

(i)     Allocations of Cost.  The financial information contained herein reflects allocation of costs for activities involving multiple entities in accordance with the Debtors' internal policies.  Certain executive management and corporate general and administrative services, including human resources, financial communications and technological support are borne by Six Theme Parks, Inc. and Six Flags, Inc., and are not otherwise allocated to affiliated entities. Six Flags, Inc. additionally bears all of the cost of stock-based compensation, directors and officers insurance, fees to board members, and legal costs directly related to being a public company.

       17.   **Property and Equipment**.  All information set forth on the Schedules and SOFAs regarding owned equipment, merchandise and other physical assets of the Debtors is based upon the information set forth in the Debtors' books and records. Nothing in the Schedules or SOFAs (including, without limitation, the failure to list leased property or equipment as owned property or equipment) is or shall be construed as an admission as to the determination of legal status of any lease (including whether any lease is a true lease or financing arrangement), and the Debtors reserve all their rights with respect to such issues.

       18.   **Foreign Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars. Transactions denominated in foreign currency have been converted to U.S. dollars as of the applicable date of the transaction.

**19.** **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the tables.

Neither the Debtors, their agents, nor their attorneys guarantee or warrant the accuracy, the completeness, or correctness of the data that is provided herein or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their agents, attorneys and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their agents, attorneys and advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys and advisors are advised of the possibility of such damages.

**B6 Summary (Official Form 6 - Summary) (12/07)**
**UNITED STATES BANKRUPTCY COURT**
**District of Delaware**

**In re: Six Flags Operations Inc.**                                      **Case No. 09-12022 (CSS)**

**Chapter 11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 7 | $28,425,346.22 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $1,129,548,901.56 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $430,008,333.32 | |
| G - Executory Contracts and Unexpired Leases | YES | 3 | | | |
| H - Codebtors | YES | 3 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **22** | **$28,425,346.22** | **$1,559,557,234.88** | |

8812022090817155105797632

B6A (Official Form 6A) (12/07)

**In re: Six Flags Operations Inc.**                                                        **Case No. 09-12022 (CSS)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | $0.00 | |

(Report total also on Summary of Schedules.)

Page 1 of 1

B6B (Official Form 6B) (12/07)

**In re: Six Flags Operations Inc.**                                      **Case No. 09-12022 (CSS)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."   If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | | 229 E. 79th St. Apartments | | $572,843.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |

Subtotal (Total on this page)          **$572,843.00**

Page 1 of 7

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                    **Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | X | | | |
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.  Annuities. Itemize and name each issuer. | X | | | |

Subtotal (Total on this page)      $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                      **Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | PP Data Services, Inc. 100% ownership of shares | | Unknown |
| | | Six Flags Theme Parks, Inc. 100% ownership of shares | | Unknown |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |

Subtotal (Total on this page)          **$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                   **Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16.  Accounts Receivable. | | Six Flags, Inc.<br>Intercompany | | $27,852,503.22 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Subtotal (Total on this page)     **$27,852,503.22**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**　　　　　　　　　　　　　　　　　　**Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |

Subtotal (Total on this page)　　　　　　　**$0.00**

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                                      **Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | X | | | |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |

Subtotal (Total on this page)    $0.00

B6B (Official Form 6B) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                                           **Case No. 09-12022 (CSS)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$28,425,346.22** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B6D (Official Form 6D) (12/07)

**In re: Six Flags Operations Inc.**  **Case No. 09-12022 (CSS)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| See attached Schedule D | | | | | | | $1,129,548,901.56 | $0.00 |

| | | |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | **$1,129,548,901.56** | **$0.00** |
| Total(s) (Use only on last page) | **$1,129,548,901.56** | **$0.00** |
| | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: Six Flags Operations Inc.**
**Case No. 09-12022**
Schedule D
Creditors Holding Secured Claims

| Creditor Name | Creditor Notice Name | Codebtor | Address | City | State | Zip | Date claim was incurred, nature of lien and description of property subject to lien | Contingent | Unliquidated | Disputed | Claim Amount | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Citibank N.A. | | X | 388 Greenwich | New York | NY | 10013 | 2/8/2008 Fixed to Floating Swap, backed by assets of Six Flags Theme Parks, Inc. | X | | | $10,083,250.00 | $0.00 |
| Citibank N.A. | | X | 388 Greenwich | New York | NY | 10013 | 2/11/2008.  Fixed to Floating Swap, backed by assets of Six Flags Theme Parks, Inc. | X | | | $9,909,000.00 | $0.00 |
| JP Morgan Chase as Administrative Agent | | X | 111 Fannin St., 10th Fl. | Houston | TX | 77002 | 5/27/2007 Letters of Credit Secured Credit facility, backed by assets of Six Flags Theme Parks, Inc. | X | | | $31,402,000.00 | $0.00 |
| JP Morgan Chase as Administrative Agent | | X | 111 Fannin St., 10th Fl. | Houston | TX | 77002 | 5/27/2007 Term Loan Secured Credit facility, backed by assets of Six Flags Theme Parks, Inc. | X | | | $835,125,000.00 | $0.00 |
| JP Morgan Chase as Administrative Agent | | X | 111 Fannin St., 10th Fl. | Houston | TX | 77002 | 5/27/2007 Revolving Credit Facility Secured Credit facility, backed by assets of Six Flags Theme Parks, Inc. | X | | | $242,658,000.00 | $0.00 |
| Lehman Commercial Paper Inc., as Administrative Agent | | | | | | | UCC  3 Financing Statements | | | | Unknown | Unknown |
| Lehman Commercial Paper Inc., as Administrative Agent | | | | | | | UCC 9960745 11/18/1999 | X | X | X | Unknown | Unknown |
| Papa John's | Papa John's USA, PJ Food Service Inc, Papa John's Support Services, Inc. | X | 2002 Papa John's Blvd. | Louisville | KY | 40299 | 3/29/2006 Capital Lease | X | | | $311,025.70 | $0.00 |
| Papa John's | Papa John's USA, PJ Food Service Inc, Papa John's Support Services, Inc. | X | 2002 Papa John's Blvd. | Louisville | KY | 40299 | 3/29/2006 Capital Lease | X | | | $31,603.97 | $0.00 |
| Papa John's | Papa John's USA, PJ Food Service Inc, Papa John's Support Services, Inc. | X | 2002 Papa John's Blvd. | Louisville | KY | 40299 | 3/29/2006 Capital Lease | X | | | $29,021.89 | $0.00 |
| | | | | | | | | | | **TOTAL:** | **$1,129,548,901.56** | **$0.00** |

B6E (Official Form 6E) (12/07)

**In re: Six Flags Operations Inc.**                                      **Case No. 09-12022 (CSS)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B6E (Official Form 6E) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                   **Case No. 09-12022 (CSS)**

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B6E (Official Form 6E) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                       **Case No. 09-12022 (CSS)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |

| | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|
| Subtotals (Totals on this page): | **$0.00** | **$0.00** | **$0.00** |
| Total: (Report also on the Summary of Schedules) | **$0.00** | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | **$0.00** | **$0.00** |

B6F (Official Form 6F) (12/07)

**In re: Six Flags Operations Inc.**                                                                 Case No. 09-12022 (CSS)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| HISTORIC TW INC WARNER BROS ENTERTAINMENT CO ATTN CFO  TW SPV CO C/O TIME WARNER INC ONE TIME WARNER CENTER NEW YORK, NY 10019 | | | Subordinated Indemnity Agreement | X | | | Unknown |
| HSBC Bank USA 10 E 40th St 14th Floor New York, NY 10016 | | | 2016 12 1/4% Notes - Principal | | | | $400,000,000.00 |

Subtotal (Total on this page)          **$400,000,000.00**

B6F (Official Form 6F) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                                  Case No. 09-12022 (CSS)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| HSBC Bank USA<br><br>10 E 40th St 14th Floor<br><br>New York, NY 10016 | | | 2016 12 1/4% Notes - Interest | | | | $20,008,333.32 |
| SIX FLAGS OVER TEXAS FUND LTD<br>ATTN JACK KNOX<br>ONE TURTLE CREEK<br>3878 OAK LWN STE 500<br>DALLAS, TX 75391 | | | | | | | Unknown |
| SIX FUND FUND LTD LP<br>AVRAM SALKIN<br>9150 WILSHIRE BLVD STE 300<br>BEVERLY HILLS, CA 90212 | | | | X | | | Unknown |
| Account No:  Laquer Urban Clifford & Hodge<br>Trustees of Southern California<br>Clifford M Laquer Esq<br>225 South Lake Avenue<br>Suite 200<br>Pasadena, CA 91101-3030 | | | | X | X | X | Unknown |
| TW  SF LLC<br>ATTN CFO<br>C/O TIME WARNER INC<br>ONE TIME WARNER CENTER<br>NEW YORK, NY 10019 | | | | X | | | $10,000,000.00 |

Subtotal (Total on this page)          **$30,008,333.32**

B6F (Official Form 6F) (12/07) - Cont.

**In re: Six Flags Operations Inc.**                                      **Case No. 09-12022 (CSS)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| | |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$430,008,333.32** |
| (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | |

B6G (Official Form 6G) (12/07)

**In re: Six Flags Operations Inc.**                                    **Case No. 09-12022 (CSS)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☐ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| See attached Schedule G | |

In re: Six Flags Operations Inc.
Case No. 09-12022
Schedule G
Executory Contracts and Unexpired Leases

| Contract Counter-Party | Address | City | State | Zip | Description of contract or lease |
|---|---|---|---|---|---|
| Andrew Schleimer | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| AstroWorld GP LLC | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| AstroWorld LP | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| AstroWorld LP LLC | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Aurora Campground Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| FD-II, L.L.C. | c/o Jack D Knox  3878 Oak Lawn Ste 500 | Dallas | TX | 75219 | Overall Agreement |
| Fiesta Texas Hospitality LLC | 17000 IH-10 W | San Antonio | TX | 78257 | Subordinated Indemnity Agreement |
| Fiesta Texas, Inc. | 17000 IH-10 W | San Antonio | TX | 78257 | Subordinated Indemnity Agreement |
| Flags Beverages, Inc. | 2201 Rd to Six Flags | Arlington | TX | 76011 | Subordinated Indemnity Agreement |
| Flags' Directors, L.L.C. | c/o Jack D Knox  3878 Oak Lawn Ste 500 | Dallas | TX | 75219 | Overall Agreement |
| Frontier City Properties, Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Funtime Parks, Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Funtime, Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| GP Holdings Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Great America LLC | 542 N Route 21 | Gurnee | IL | 60031 | Subordinated Indemnity Agreement |
| Great Escape Holding Inc. | 1172 Route 9 | Queensbury | NY | 12804 | Subordinated Indemnity Agreement |
| Great Escape Rides LP | 1172 Route 9 | Queensbury | NY | 12804 | Subordinated Indemnity Agreement |
| Great Escape Theme Park LP | 1172 Route 9 | Queensbury | NY | 12804 | Subordinated Indemnity Agreement |
| Historic TW Inc. | 1 Time Warner Center | New York | NY | 10019 | Subordinated Indemnity Agreement |
| Hurricane Harbor GP LLC | 1800 Lamar Blvd | Arlington | TX | 76006 | Subordinated Indemnity Agreement |
| Hurricane Harbor LP | 1800 Lamar Blvd | Arlington | TX | 76006 | Subordinated Indemnity Agreement |
| Hurricane Harbor LP LLC | 1800 Lamar Blvd | Arlington | TX | 76006 | Subordinated Indemnity Agreement |
| James Coughlin | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| Jeffrey Speed | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| KKI, LLC | 937 Phillips Lane | Louisville | KY | 40209 | Subordinated Indemnity Agreement |
| Louis Koskovolis | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| Magic Mountain LLC | 26101 Magic Mountain Parkway | Valencia | CA | 91355 | Subordinated Indemnity Agreement |
| Mark Quenzel | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| Mark Shapiro | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| Michael Antinoro | c/o Six Flags 1540 Broadway | New York | NY | 10036 | Employment Agreement |
| Papa John's USA, Inc., PJ Food Service Inc., Preferred Marketing Solutions, Inc. | 2002 Papa John's Blvd | Louisville | KY | 40299 | Sponsorship, Marketing and Purchasing Agreement |
| Park Management Corp. | 1001 Fairgrounds Dr | Vallejo | CA | 64589 | Subordinated Indemnity Agreement |
| PP Data Services Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Amended and Restated Shares Services Agreement |
| Premier International Holdings Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Premier Parks Holdings Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Premier Parks of Colorado Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Premier Waterworld Sacramento Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Riverside Park Enterprises, Inc. | 1623 Main St | Agawam | MA | 01001 | Subordinated Indemnity Agreement |
| Salkin Family Trust | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |
| SF Splashtown GP Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| SFG, Inc. | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |

8/17/2009 3:51 PM
00069436.XLS

In re: Six Flags Operations Inc.
**Case No. 09-12022**
Schedule G
Executory Contracts and Unexpired Leases

| Contract Counter-Party | Address | City | State | Zip | Description of contract or lease |
|---|---|---|---|---|---|
| SFG-I, Inc. | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |
| SFG-II, LLC | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |
| SFJ Management Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| SFOG Acquisition A. Inc. | c/o Lord Securities Corporation  48 Wall St | New York | NY | 10005 | Overall Agreement |
| SFOG Acquisition B, LLC | c/o Lord Securities Corporation  48 Wall St | New York | NY | 10005 | Overall Agreement |
| SFOG II Employee, Inc. | 275 Riverside Parkway | Austell | GA | 30168 | Overall Agreement |
| SFOG II, Inc. | 275 Riverside Parkway | Austell | GA | 30138 | Subordinated Indemnity Agreement |
| SFOG II, Inc. | 275 Riverside Parkway | Austell | GA | 30168 | Overall Agreement |
| SFOT Acquisition I, Inc. | c/o Lord Securities Corporation  48 Wall St | New York | NY | 10005 | Overall Agreement |
| SFOT Acquisition II, Inc. | c/o Lord Securities Corporation  48 Wall St | New York | NY | 10005 | Overall Agreement |
| SFOT Employee, Inc. | 2201 Rd to Six Flags | Arlington | TX | 76011 | Overall Agreement |
| SFT Holdings, Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Six Flags America LP | 13710 Central Ave | Bowie/Mitchellville | MD | 20721 | Subordinated Indemnity Agreement |
| Six Flags America Property Corporation | 13710 Central Ave | Bowie/Mitchellville | MD | 20721 | Subordinated Indemnity Agreement |
| Six Flags Events Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Six Flags Fund, Ltd. (L.P.) | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |
| Six Flags Great Adventure LLC | 1 Six Flags Blvd | Jackson | NJ | 08527 | Subordinated Indemnity Agreement |
| Six Flags Great Escape LP | 1172 Route 9 | Queensbury | NY | 12804 | Subordinated Indemnity Agreement |
| Six Flags Over Georgia, Inc. | 275 Riverside Parkway | Austell | GA | 30168 | Overall Agreement |
| Six Flags Over Georgia, Ltd. | c/o Avram Salkin  9150 Wilshire Blvd | Los Angeles | CA | 90212 | Overall Agreement |
| Six Flags Over Texas Fund, Ltd. | c/o Jack D Knox  3878 Oak Lawn Ste 500 | Dallas | TX | 75219 | Overall Agreement |
| Six Flags Over Texas, Inc. | 2201 Rd to Six Flags | Arlington | TX | 76011 | Overall Agreement |
| Six Flags Services of Illinois, Inc. | 542 N Route 21 | Gurnee | IL | 60031 | Subordinated Indemnity Agreement |
| Six Flags Services, Inc. | 1 Six Flags Blvd | Jackson | NJ | 08527 | Subordinated Indemnity Agreement |
| Six Flags St. Louis LLC | 4900 Six Flags Rd | Eureka | MO | 63025 | Subordinated Indemnity Agreement |
| Six Flags Theme Parks Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Amended and Restated Shares Services Agreement |
| Six Flags Theme Parks Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Overall Agreement |
| Six Flags Theme Parks Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | General Continuing Guarantee (re SFOG Overall Agreement |
| Six Flags Theme Parks Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Overall Agreement |
| Six Flags Theme Parks Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |
| Six Flags, Inc. | 1540 Broadway | New York | NY | 10036 | Amended and Restated Shares Services Agreement |
| Six Flags, Inc. | 1540 Broadway | New York | NY | 10036 | Subordinated Indemnity Agreement |
| South Street Holdings LLC | 1623 Main St | Agawam | MA | 01001 | Subordinated Indemnity Agreement |
| Stuart Amusement Company | 1623 Main St | Agawam | MA | 01001 | Subordinated Indemnity Agreement |
| Texas Flags, Ltd. | 2201 Rd to Six Flags | Arlington | TX | 76011 | Overall Agreement |
| TW-SPV Co. | 1 Time Warner Center | New York | NY | 10019 | Subordinated Indemnity Agreement |
| Warner Bros. Entertainment Inc. (as assignee of Time Warner Entertainment Company L.P.) | 1 Time Warner Center | New York | NY | 10019 | Subordinated Indemnity Agreement |
| Wyandot Lake, Inc. | 924 Ave J East | Grand Prarie | TX | 75050 | Subordinated Indemnity Agreement |

8/17/2009 3:51 PM
00069436.XLS

B6H (Official Form 6H) (12/07)

**In re: Six Flags Operations Inc.**                                                    **Case No. 09-12022 (CSS)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☐ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| See attached Schedule H | |

**In re: Six Flags Operations Inc.**
**Case No. 09-12022**
Schedule H
Codebtors

| Name of codebtor | Address | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Astroworld GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Astroworld GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 388 Greenwich Street | New York | NY | 10013 |
| Astroworld GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Astroworld LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Astroworld LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 389 Greenwich Street | New York | NY | 10014 |
| Astroworld LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Astroworld LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Astroworld LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 390 Greenwich Street | New York | NY | 10015 |
| Astroworld LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Fiesta Texas Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Fiesta Texas Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 391 Greenwich Street | New York | NY | 10016 |
| Fiesta Texas Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Funtime Parks, Inc | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Funtime Parks, Inc | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 393 Greenwich Street | New York | NY | 10018 |
| Funtime Parks, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Funtime, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Funtime, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 392 Greenwich Street | New York | NY | 10017 |
| Funtime, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Great America LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Great America LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 394 Greenwich Street | New York | NY | 10019 |
| Great America LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Great Escape Holding Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Great Escape Holding Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 395 Greenwich Street | New York | NY | 10020 |
| Great Escape Holding Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Great Escape Rides L.P. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Great Escape Rides LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Great Escape Rides LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 396 Greenwich Street | New York | NY | 10021 |
| Great Escape Theme Park L.P. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Great Escape Theme Park LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Great Escape Theme Park LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 397 Greenwich Street | New York | NY | 10022 |
| Hurricane Harbor GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Hurricane Harbor GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 398 Greenwich Street | New York | NY | 10023 |
| Hurricane Harbor GP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Hurricane Harbor LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Hurricane Harbor LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 399 Greenwich Street | New York | NY | 10024 |
| Hurricane Harbor LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Hurricane Harbor LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Hurricane Harbor LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 400 Greenwich Street | New York | NY | 10025 |
| Hurricane Harbor LP LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| KKI, LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| KKI, LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 401 Greenwich Street | New York | NY | 10026 |
| KKI, LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Magic Mountain LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Magic Mountain LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 402 Greenwich Street | New York | NY | 10027 |
| Magic Mountain LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Park Management Corp. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Park Management Corp. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 403 Greenwich Street | New York | NY | 10028 |
| Park Management Corp. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| PP Data Services Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| PP Data Services Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 404 Greenwich Street | New York | NY | 10029 |
| PP Data Services Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Premier International Holdings Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Premier International Holdings Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 405 Greenwich Street | New York | NY | 10030 |
| Premier International Holdings Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |

**In re: Six Flags Operations Inc.**
**Case No. 09-12022**
Schedule H
Codebtors

| Name of codebtor | Address | City | State | Zip | Name of creditor | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|---|
| Premier Park Holdings Inc | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Premier Park Holdings Inc | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 408 Greenwich Street | New York | NY | 10033 |
| Premier Parks Holdings Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Premier Parks of Colorado Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Premier Parks of Colorado Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 406 Greenwich Street | New York | NY | 10031 |
| Premier Parks of Colorado Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Premier Waterworld Sacramento Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Riverside Park Enterprises, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Riverside Park Enterprises, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 410 Greenwich Street | New York | NY | 10035 |
| Riverside Park Enterprises, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| SF HWP Management LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| SFJ Management Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| SFJ Management Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 412 Greenwich Street | New York | NY | 10037 |
| SFJ Management Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| SFRCC Corp. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags America LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags America LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 414 Greenwich Street | New York | NY | 10039 |
| Six Flags America LP | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags America Property Corporation | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags America Property Corporation | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 415 Greenwich Street | New York | NY | 10040 |
| Six Flags America Property Corporation | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Great Adventure LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Great Adventure LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 416 Greenwich Street | New York | NY | 10041 |
| Six Flags Great Adventure LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Great Escape L.P. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Great Escape L.P. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 417 Greenwich Street | New York | NY | 10042 |
| Six Flags Great Escape L.P. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 413 Greenwich Street | New York | NY | 10038 |
| Six Flags Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | TW-SF LLC c/o Time Warner | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Services of Illinois, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Services of Illinois, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 419 Greenwich Street | New York | NY | 10044 |
| Six Flags Services of Illinois, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Services, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Services, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 418 Greenwich Street | New York | NY | 10043 |
| Six Flags Services, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags St. Louis LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags St. Louis LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 420 Greenwich Street | New York | NY | 10045 |
| Six Flags St. Louis LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 421 Greenwich Street | New York | NY | 10046 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Six Flags Fund Ltd. (L.P.) | Attn: Avram Salkin | 9150 Wilshire Blvd., Ste. 300 | Beverly Hills | CA | 90212 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | TW-SF LLC c/o Time Warner | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Six Flags Over Texas Fund Ltd. | Attn: Jack Knox | One Turtle Creek, 3878 Oak Lawn | Dallas | TX | 75219 |
| Six Flags Theme Parks Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Six Flags, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | HSBC Bank USA, National Association | Attn: Director Derivatives Operation | 452 Fifth Avenue | New York | NY | 10018 |
| Six Flags, Inc. | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| South Street Holdings LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| South Street Holdings LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 422 Greenwich Street | New York | NY | 10047 |
| South Street Holdings LLC | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |
| Stuart Amusement Company | 1540 Broadway, 15th Fl | New York | NY | 10036 | JPMorgan Chase Bank, N.A. | Attn: Christophe Vohmann | 270 Park Avenue, 4th Floor | New York | NY | 10017 |
| Stuart Amusement Company | 1540 Broadway, 15th Fl | New York | NY | 10036 | Citibank, NA | Attn: Director Derivatives Operation | 423 Greenwich Street | New York | NY | 10048 |
| Stuart Amusement Company | 1540 Broadway, 15th Fl | New York | NY | 10036 | Historic TW Inc. | Attn: CFO | One Time Warner Center | New York | NY | 10019 |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

**In re: Six Flags Operations Inc.**                                    **Case No. 09-12022 (CSS)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, James Coughlin, General Counsel for Six Flags, Inc. of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 32 sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  8/17/2009
_____

Signature: _____ / s / James Coughlin _____

**James Coughlin**

**General Counsel for Six Flags, Inc.**

---------------------------------------------------------------------------------------------------------------------------------------------------------

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**