# EXHIBIT A
## [SOLICITATION ORDER]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
                       :

In re                        :     Chapter 11
                        :

Premier International Holdings Inc., *et al.*,[1]  :     Case No. 09-12019 (CSS)
                        :

          Debtors.         :     (Jointly Administered)
                        :

---------------------------------------------------------------x

## ORDER (I) APPROVING THE DISCLOSURE STATEMENT AND NOTICE THEREOF; (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE INCLUDING (A) FIXING THE VOTING RECORD DATE, (B) APPROVING SOLICITATION PACKAGES AND PROCEDURES FOR DISTRIBUTION THEREOF, AND (C) APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES FOR VOTING ON THE PLAN; (III) SCHEDULING A CONFIRMATION HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION OF THE PLAN; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the debtors and debtors-in-possession in the above-

captioned cases (collectively, the "Debtors"), for entry of an order, pursuant to sections 105,

1123, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the

---

[1]  The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Plan (as defined in the Motion), as appropriate.

"Bankruptcy Code"), Rules 2002, 3001, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court (the "Court") for the District of Delaware (the "Local Rules"), for entry of an order (i) approving the Proposed Disclosure Statement; (ii) approving notice and objection procedures for the Disclosure Statement Hearing; (iii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Plan, including: (a) fixing the voting record date for purposes of determining which holders of Claims are entitled to vote on the Plan, (b) approving solicitation packages and procedures for distribution thereof in connection with the solicitation of votes on the Plan and (c) approving forms of ballots and notices of non-voting status and establishing procedures for voting on the Plan; (iv) scheduling a Confirmation Hearing and establishing notice and objection procedures in respect thereof; and (v) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A.    Service of the Notice of the Disclosure Statement Hearing, in substantially the form annexed hereto as Exhibit 1, comports with the requirements of Bankruptcy Rules 2002 and 3017.

B.    The Proposed Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

C. The Ballots annexed hereto as Exhibit 4 are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Bankruptcy Cases, and are appropriate for each Voting Class.

D. Ballots need not be provided to holders of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims), Class 15 (Funtime, Inc. Secured Claims), Class 16 (Subordinated Securities Claims), Class 17 (Preconfirmation Subsidiary Equity Interests), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests). Holders of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims) and Class 17 (Preconfirmation Subsidiary Equity Interests) are Unimpaired under the Plan, are not entitled to vote to accept or reject the Plan and thus, pursuant to section 1126(f) of the Bankruptcy Code, are not required to receive a Ballot for such Claims or equity interests. Holders of Claims or equity interests in the Debtors in Class 15 (Funtime, Inc. Unsecured Claims), Class 16 (Subordinated Securities Claims), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests) are impaired under the Plan, shall neither receive nor retain any property under the Plan on account of such Claims or equity interests, are deemed to reject the Plan, are not entitled to vote to accept or reject the Plan and thus, pursuant to section 1126(g) of the Bankruptcy Code, are not required to receive a Ballot for such Claims or equity interests.

E. Ballots need not be provided to holders of Administrative Expense Claims, Priority Tax Claims and Professional Compensation and Reimbursement Claims, because such claims are not classified under the Plan.

F. The solicitation procedures in the Motion, which are incorporated by reference herein, and the voting instructions and procedures attached to the Ballots, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

G. The contents of the Solicitation Packages, as set forth in the Motion and this Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Claims and equity interests in the Debtors.

H. The direct notice of the Disclosure Statement Hearing and the combination of direct and published notice of the Confirmation Hearing, as set forth in the Motion and this Order, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. <u>Disposition</u>. The Motion is granted in its entirety.

2. <u>Disclosure Statement</u>. The Proposed Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code, and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code. Any objections to the Motion or the Proposed Disclosure Statement that have not previously been settled or withdrawn are hereby overruled.

3. <u>Voting Record Date</u>. The record date for purposes of determining which holders of Claims and equity interests in the Debtors are entitled to receive the Solicitation Packages or the Rejecting Class Notice and/or to vote on the Plan, as applicable, shall be November 5, 2009 (the "<u>Voting Record Date</u>"). Each holder of a Claim in a Voting Class shall only be entitled to

vote to accept or reject the Plan in the amount and Class as is held as of the Voting Record Date or as otherwise ordered by the Court.

4.    Solicitation Packages.  Upon the Solicitation Commencement Date, or as soon as reasonably practicable thereafter, but no later than November 12, 2009, the Debtors are authorized and directed to distribute, or cause to be distributed, the Solicitation Packages, by first class mail, to all holders of Claims in Voting Classes and all holders of Unimpaired Claims and Unimpaired equity interests in the Debtors, in each case as of the Voting Record Date.  Such Solicitation Packages shall contain:

  a. a CD-ROM containing the Proposed Disclosure Statement, together with the Plan and other exhibits annexed thereto;

  b. this Order, excluding exhibits annexed hereto;

  c. the Confirmation Hearing Notice;

  d. either

    (i) the appropriate Ballot, together with a return envelope; or

    (ii) an Unimpaired Notice of Non-Voting Status; and

  e. such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtors may file with the Court.

The Debtors are authorized, but not directed, to distribute the Proposed Disclosure Statement and Plan on CD-ROM, provided, however, that any party receiving the CD-ROM may request, at the Debtors' expense, hard copies of the Proposed Disclosure Statement, together with the Plan and other exhibits annexed thereto, from the Voting Agent.

5.    To the extent that the following parties are not otherwise entitled to receive a Solicitation Package, on the Solicitation Commencement Date the Debtors shall commence distribution of (a) the CD-ROM containing the Proposed Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed hereto and (c)

the Confirmation Hearing Notice to: (i) the U.S. Trustee; (ii) counsel to the Creditors' Committee; (iii) counsel to the agent bank for the Prepetition Lenders; (iv) the Debtors' prepetition indenture trustees; (v) the Securities and Exchange Commission; and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

6.    To the extent that holders of Administrative Expense Claims, Priority Tax Claims and Professional Compensation and Reimbursement Claims are not otherwise entitled to receive a Solicitation Package, on the Solicitation Commencement Date the Debtors will commence distribution of (a) the CD-ROM containing the Proposed Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed hereto, and (c) the Confirmation Hearing Notice, to all holders of such Claims

7.    A transferee of any transferred Claim in a Voting Class shall be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if:  (a) all actions necessary to effect the transfer of such Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Voting Record Date; or (b) no later than the Voting Record Date, the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence that transfer of such Claim and (ii) a sworn statement of the transferor supporting the validity of such transfer.

8.    To the extent practicable, holders who hold more than one Claim or equity interest in the Debtors in more than one Class entitled to receive a Solicitation Package shall only receive one Solicitation Package containing all necessary Ballots.

9.    The Solicitation Package and the manner and service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

10.     Transferred Claims. If a Claim is transferred after the transferor has completed and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder, as of the Voting Record Date, of such transferred Claim.

11.     Delivery to Holders of Unimpaired Claims or Equity Interests. The Unimpaired Notices of Non-Voting Status, substantially in the forms annexed hereto as Exhibit 2, are hereby approved. The Debtors shall distribute, or cause to be distributed, by first class mail, Solicitation Packages, which shall include an Unimpaired Notice of Non-Voting Status instead of a Ballot, to holders, as of the Voting Record Date, of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims) and Class 17 (Preconfirmation Subsidiary Equity Interests).

12.     Notices to Deemed to Reject Classes. The Rejecting Class Notice, substantially in the form annexed hereto as Exhibit 3, is hereby approved. The Debtors are not required to transmit a Solicitation Package to holders of Claims or equity interests in the Debtors in Class 15 (Funtime, Inc. Unsecured Claims), Class 16 (Subordinated Securities Claims), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests) unless such a holder makes a specific written request to the Voting Agent for the same. Instead, the Debtors shall mail, or cause to be mailed, by first class mail, on or as soon as reasonably practicable after the Solicitation Commencement Date, the following documents to each such holder: (a) the Confirmation Hearing Notice and (b) a Rejecting Class Notice.

13.     Undeliverable or Returned Notices and Solicitation Packages. The Debtors shall be excused from giving notice or providing service of any kind upon any person or entity to

whom the Debtors mailed a Notice of the Disclosure Statement Hearing or any other notices or materials approved for distribution pursuant to this Order and received any of such notices returned by the United States Postal Service or other carrier marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address; and (b) the Debtors shall be excused from re-mailing the Solicitation Package, or other notices, as the case may be, to those persons or entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Voting Record Date. If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party-in-interest, not the Debtors, to advise the Voting Agent or the Debtors of its new address.

14.  <u>Approving Forms of Ballots, Distribution Thereof.</u> The Ballots, substantially in the forms annexed hereto as <u>Exhibit 4</u>, are hereby approved.

15.  <u>Voting Deadline.</u> For a Ballot to be counted, the original Ballot must be properly executed, completed, delivered to, and received by the Voting Agent on or before December 11, 2009 at 4:00 p.m. (Pacific Standard Time) (the "<u>Voting Deadline</u>").

16.  <u>Appointment of Kurtzman Carson Consultants LLC as Voting Agent.</u> Kurtzman Carson Consultants LLC is authorized to perform all Balloting Services and all services incidental thereto.

17.  <u>Ballot Tabulation.</u> All original Ballots must be delivered to the Voting Agent by first class mail postage prepaid in the return envelope provided with the Ballot, by personal delivery, or by overnight courier, addressed to the address set forth on such Ballot.

18. If, for purposes of voting on the Plan, (a) any party wishes to have its Claim allowed in a manner that is inconsistent with the Ballot it received; or (b) any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Debtors and file with the Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying Claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularly the amount and classification such party believes its Claim should be allowed for voting purposes, and supporting evidence.

19. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all. The Court shall hear any timely-filed 3018 motion on _____, 2009 at __:___.m. (prevailing Eastern Time).

20. Unless a 3018 motion is timely-filed in accordance with the procedures set forth above, if a Claim in a Voting Class is identified as contingent, unliquidated, or disputed, or if a Claim is otherwise deemed disputed under the Plan, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

21.     Except as otherwise provided by the express terms of this Order, any Ballot received after the Voting Deadline shall not be counted, unless the Debtors waive or extend the Voting Deadline.

22.     If a party casts more than one Ballot voting the same Claim(s) before the Voting Deadline, the last Ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots. If a holder of Claims casts Ballots that are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

23.     Creditors with multiple Claims within a particular Voting Class shall vote all of their Claims within such Class either to accept or reject the Plan and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Plan shall not be counted. On account of this, to the extent that a party asserts numerous Claims in a single Voting Class, each such party shall only be allowed one (1) vote for that Class, and only be allowed to submit a single Ballot representing its vote to accept or reject the Plan with respect to such Class. Notwithstanding the foregoing, a holder of Claims in more than one Voting Class shall submit a separate Ballot for each class of Claims.

24.     In addition to the foregoing, the following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

> a.     Any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;
>
> b.     Any Ballot received after the Voting Deadline, unless the Debtors extend or waive such deadline;
>
> c.     Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

d. Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e. Any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

f. Any unsigned or non-original Ballot; or

g. Any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

25. The Debtors propose that the following voting procedures and standard assumptions be used in tabulating the ballots:

a. The method of delivery of Ballots to be sent to the Voting Agent or Master Ballot Agent, as applicable, is at the election and risk of each creditor, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

b. The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time including failure to timely file such Ballot, either before or after the Voting Deadline, and without notice or further order of the Court. Notwithstanding the foregoing and except as provided below, Debtors may, in their sole discretion, reject any defective Ballot as invalid and therefore, decline to utilize it in connection with confirmation of the Plan;

c. After the Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Debtors;

d. Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form;

e. Unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

f. None of the Debtors, the Voting Agent or any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification.

Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

26.     Except as otherwise provide herein, each holder of a Claim in a Voting Class shall be entitled to vote the amount of such Claim as is held as of the Voting Record Date.

27.     <u>Plan Confirmation</u>. The Confirmation Hearing shall be held before this Court on _____ at __:__.m. (prevailing Eastern Time) (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Debtors without further notice.

28.     Objections, if any, to confirmation of the Plan shall: (i) be made in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Plan and, if practicable, provide a proposed modification to the Plan that would resolve such objection; and (v) be filed with the Court, together with proof of service, and served so that they are received on or before December 11, 2009 at 4:00 p.m. (Eastern Standard Time) (the "<u>Plan Objection Deadline</u>") by the following parties: (i) counsel for the Debtors, Paul Hastings, Janofsky & Walker, LLP, 191 North Wacker Drive, 30th Floor, Chicago, IL 60606 (Attention: Paul E. Harner, Esq. and Steven T. Catlett, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 King Street, Wilmington, Delaware 19801 (Attention: Daniel J. DeFranceschi, Esq.); (ii) counsel for the Creditors' Committee, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven B. Levine, Esq.), Brown Rudnick LLP, Seven Times Square, New York, New York 10035 (Attention: Neal D'Amato, Esq.), and Pachulski, Stang, Ziehl & Jones LLP, 919 Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Attention: Laura Davis Jones, Esq.); (iii) counsel for the agent bank for the Prepetition Lenders,

Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017-3954 (Attention: Kenneth S. Ziman, Esq.); and (iv) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: Richard L. Schepacarter, Esq.).

29.     The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Plan Objection Deadline shall be deemed overruled.

30.     The Debtors may file their reply to any timely-filed objections to the Plan by no later than 5:00 p.m. (prevailing Eastern Time) two (2) business days before the Confirmation Hearing.

31.     The Confirmation Hearing Notice and the Publication Notice, substantially in the forms annexed hereto as Exhibits 5 and 6, respectively, are approved in all respects. The Confirmation Notice shall be served on the Confirmation Hearing Notice Parties at least twenty-five (25) days prior to the Plan Objection Deadline. In addition, the Debtors shall publish the Publication Notice, on one occasion, at least twenty-five (25) days prior to the Plan Objection Deadline, in the National Edition of *USA Today*. The scope of such notices is adequate and provides all known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

32.     As it relates to the subject matter of this Order, the Debtors are authorized to make any non-substantive changes to the voting procedures, Ballots, Plan, Proposed Disclosure Statement, notices of non-voting status, the Notice of the Disclosure Statement Hearing and/or forms of the mailed and published notices of the Confirmation Hearing, without further order of this Court, including, without limitation, changes to correct typographical, grammatical, formatting errors or omissions, prior to the mailing or re-mailing to parties-in-interest.

33.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

34.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

35.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  November _____, 2009
        Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 1**
**[Notice of Disclosure Statement Hearing]**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

-----------------------------------------------------------------x
                                                       :
In re                                                  :     Chapter 11
                                                       :
Premier International Holdings Inc., *et al.*,[1]       :     Case No. 09-12019 (CSS)
                                                       :
                   Debtors.                            :     (Jointly Administered)
                                                       :
-----------------------------------------------------------------x

**NOTICE OF HEARING TO CONSIDER APPROVAL OF
DISCLOSURE STATEMENT FOR DEBTORS' AMENDED JOINT PLAN OF
REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE OF THE FOLLOWING:

       1.      On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed: (a) the *Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as it may be further amended, the "<u>Plan</u>"); and (b) the *Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as it may be further amended, the "<u>Disclosure Statement</u>") with the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, Wilmington, Delaware 19801 (the "<u>Bankruptcy Court</u>"). Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Disclosure Statement.

       2.      A hearing (the "<u>Disclosure Statement Hearing</u>") will be held before The Honorable Christopher S. Sontchi, United States Bankruptcy Judge, at the Bankruptcy Court on **October 8, 2009 at 10:00 a.m. (prevailing Eastern Time)** to consider the entry of an order finding, among other things, that the Disclosure Statement contains "adequate information"

---

[1]    The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

within the meaning of section 1125 of the Bankruptcy Code and approving the Disclosure Statement.

3. In accordance with Rule 3017(a) of the Bankruptcy Rules, the Disclosure Statement and the Plan are available for viewing by accessing the Debtors' website at www.kccllc.net/SixFlags or by contacting the Debtors' claims and voting agent by writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245; or by calling 1-866-967-1783; or by sending an email to SixFlagsInfo@kccllc.com.

4. Responses and objections, if any, to the approval of the Disclosure Statement or the other relief sought by the Plan proponents in connection with approval of the Disclosure Statement, must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be inserted in the Disclosure Statement to resolve any such objection or response; and (d) be filed, together with proof of service, with the Bankruptcy Court and served **so as to be actually received on or before 4:00 p.m. (prevailing Eastern Time) on October 1, 2009 by**: (i) counsel for the Debtors, Paul Hastings, Janofsky & Walker, LLP, 191 North Wacker Drive, 30th Floor, Chicago, IL 60606 (Attention: Steven Catlett, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 King Street, Wilmington, Delaware 19801 (Attention: Daniel J. DeFranceschi, Esq.); (ii) counsel for the Official Committee of Unsecured Creditors, Brown Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven B. Levine) and Brown Rudnick LLP, Seven Times Square, New York, New York 10035 (Attention: Neal D'Amato); (iii) counsel for the agent bank for the prepetition lenders, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017-3954 (Attention: Kenneth S. Ziman, Esq.); and (iv) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: Richard L. Schepacarter, Esq.)

5. Upon approval of the Disclosure Statement by the Bankruptcy Court (the "Solicitation Commencement Date"), holders of claims against and interests in the Debtors who are entitled to vote on the Plan will receive the following (collectively, the "Solicitation Package"): (a) a CD-ROM containing the Disclosure Statement, together with the Plan and other exhibits annexed thereto; (b) the order approving, among other things, the Disclosure Statement, excluding any exhibits annexed thereto; (c) the notice of the hearing to confirm the Plan (the "Confirmation Hearing Notice"); (d) the appropriate Ballot, together with a return envelope; and (e) such other materials as the Bankruptcy Court may direct or approve, including any supplemental solicitation materials that the Debtors may file with the Bankruptcy Court. Upon the Solicitation Commencement Date, holders of claims against and interests in the Debtors who are not entitled to vote on the Plan because such holders are deemed to accept the Plan shall receive the Solicitation Package except, instead of receiving a Ballot, such holders shall receive an appropriate notice of non-voting status. Further, upon the Solicitation Commencement Date, holders of claims against and interests in the Debtors who are not entitled to vote on the Plan because such holders are deemed to reject the Plan shall only receive (a) an appropriate notice of non-voting status and (b) the Confirmation Hearing Notice.

6. THIS NOTICE IS NOT A SOLICITATION OF VOTES TO ACCEPT OR REJECT THE PLAN. VOTES ON THE PLAN MAY NOT BE SOLICITED UNLESS

AND UNTIL THE DISCLOSURE STATEMENT IS APPROVED BY AN ORDER OF THE
BANKRUPTCY COURT.

       7.     The Disclosure Statement Hearing may be continued from time to time
without further notice other than the announcement of the adjourned date(s) at the Disclosure
Statement Hearing or any continued hearing.

Dated:  September 2, 2009        Respectfully submitted,
        Wilmington, Delaware

                                    _____

                                    Daniel J. DeFranceschi (DE No. 2732)
L. Katherine Good (DE No. 5101)
Zachary I. Shapiro (DE No. 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
        good@rlf.com
        shapiro@rlf.com

      -and-

Paul E. Harner (IL 6276961)
Steven T. Catlett (IL 6269229)
Christian M. Auty (IL 6285671)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email:   paulharner@paulhastings.com
        stevencatlett@paulhastings.com
        christianauty@paulhastings.com

ATTORNEYS FOR DEBTORS AND DEBTORS IN
POSSESSION

**EXHIBIT 2**
**[Unimpaired Notices of Non-Voting Status]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br> Premier International Holdings Inc , *et al* ,[1] <br> Debtors | Chapter 11 <br> Case No 09-12019 (CSS) <br> (Jointly Administered) |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO
## UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:** **Holders of Allowed Claims in Class 1 (Other Priority Claims)**

1.　　On August 21, 2009, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.　　On _____, 2009, the Bankruptcy Court entered an order (the "Solicitation Order") approving the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and the procedures for the solicitation and tabulation of votes to accept or reject the Plan  Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Solicitation Order or the Plan, as applicable.

3.　　Pursuant to the Solicitation Order, you received a Solicitation Package, except, instead of receiving a Ballot, you received this Unimpaired Notice of Non-Voting Status. You received this Unimpaired Notice of Non-Voting Status because you have been identified as a holder of an Allowed Claim in Class 1 (Other Priority Claims)  In accordance with Article IV of the Plan and the Bankruptcy Code, holders of Allowed Claims in Class 1(Other Priority Claims) are unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on the Plan. The Solicitation Package, including this Unimpaired Notice of Non-Voting Status, has been provided to you for informational purposes only. If you did not obtain a copy of the Solicitation Package (excluding a Ballot), these documents are available for viewing on the Debtors' website at www.kccllc.net/SixFlags. Copies of the documents included in the Solicitation Package can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com. If you have any questions regarding the status of your Claim(s), please contact the Claims and Voting Agent at the aforementioned mailing address, telephone number or email address.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc  (2900), Funtime, Inc  (7495), Funtime Parks, Inc  (0042), Great America LLC (7907), Great Escape Holding Inc  (2284), Great Escape Rides L P  (9906), Great Escape Theme Park L  P  (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc  (8826), Premier International Holdings Inc  (6510), Premier Parks of Colorado Inc  (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc  (8406), Riverside Park Enterprises, Inc  (7486), SF HWP Management LLC (5651), SFJ Management Inc  (4280), SFRCC Corp  (1638), Six Flags, Inc  (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P  (8306), Six Flags Operations Inc  (7714), Six Flags Services, Inc  (6089), Six Flags Services of Illinois, Inc  (2550), Six Flags St  Louis LLC (8376), Six Flags Theme Parks Inc  (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016)  The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn:  James Coughlin)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Premier International Holdings Inc., *et al*,[1] | Case No. 09-12019 (CSS) |
| Debtors | (Jointly Administered) |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO
## UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:**    **Holders of Allowed Claims in Class 2 (Secured Tax Claims)**

1.    On August 21, 2009, the above captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>").

2.    On _____, 2009, the Bankruptcy Court entered an order (the "<u>Solicitation Order</u>") approving the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and the procedures for the solicitation and tabulation of votes to accept or reject the Plan. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Solicitation Order or the Plan, as applicable.

3.    Pursuant to the Solicitation Order, you received a Solicitation Package, except, instead of receiving a Ballot, you received this Unimpaired Notice of Non-Voting Status. You received this Unimpaired Notice of Non-Voting Status because you have been identified as a holder of an Allowed Claim in Class 2 (Secured Tax Claims). In accordance with Article IV of the Plan and the Bankruptcy Code, holders of Allowed Claims in Class 2 (Secured Tax Claims) are unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on the Plan. The Solicitation Package, including this Unimpaired Notice of Non-Voting Status, has been provided to you for informational purposes only. If you did not obtain a copy of the Solicitation Package (excluding a Ballot), these documents are available for viewing on the Debtors' website at www.kccllc.net/SixFlags. Copies of the documents included in the Solicitation Package can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "<u>Claims and Voting Agent</u>"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com. If you have any questions regarding the status of your Claim(s), please contact the Claims and Voting Agent at the aforementioned mailing address, telephone number or email address.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin)

RLF1-3428115-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Premier International Holdings Inc., *et al*,[1] | Case No. 09-12019 (CSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO
## UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:** **Holders of Allowed Claims in Class 3 (Other Secured Claims)**

1. On August 21, 2009, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2. On _____, 2009, the Bankruptcy Court entered an order (the "Solicitation Order") approving the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and the procedures for the solicitation and tabulation of votes to accept or reject the Plan. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Solicitation Order or the Plan, as applicable.

3. Pursuant to the Solicitation Order, you received a Solicitation Package, except, instead of receiving a Ballot, you received this Unimpaired Notice of Non-Voting Status. You received this Unimpaired Notice of Non-Voting Status because you have been identified as a holder of an Allowed Claim in Class 3 (Other Secured Claims). In accordance with Article IV of the Plan and the Bankruptcy Code, holders of Allowed Claims in Class 3 (Other Secured Claims) are unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on the Plan. The Solicitation Package, including this Unimpaired Notice of Non-Voting Status, has been provided to you for informational purposes only. If you did not obtain a copy of the Solicitation Package (excluding a Ballot), these documents are available for viewing on the Debtors' website at www.kccllc.net/SixFlags. Copies of the documents included in the Solicitation Package can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com. If you have any questions regarding the status of your Claim(s), please contact the Claims and Voting Agent at the aforementioned mailing address, telephone number or email address.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin)

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Premier International Holdings Inc , *et al* ,[1] | Case No 09-12019 (CSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO
## UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:**    **Holders of Allowed Claims in Class 7 (SFTP and SFTP Subsidiary Unsecured Claims)**

1.     On August 21, 2009, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.     On _____, 2009, the Bankruptcy Court entered an order (the "Solicitation Order") approving the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and the procedures for the solicitation and tabulation of votes to accept or reject the Plan. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Solicitation Order or the Plan, as applicable.

3.     Pursuant to the Solicitation Order, you received a Solicitation Package, except, instead of receiving a Ballot, you received this Unimpaired Notice of Non-Voting Status. You received this Unimpaired Notice of Non-Voting Status because you have been identified as a holder of an Allowed Claim in Class 7 (SFTP and SFTP Subsidiary Unsecured Claims). In accordance with Article IV of the Plan and the Bankruptcy Code, holders of Allowed Claims in Class 7 (SFTP and SFTP Subsidiary Unsecured Claims) are unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on the Plan. The Solicitation Package, including this Unimpaired Notice of Non-Voting Status, has been provided to you for informational purposes only. If you did not obtain a copy of the Solicitation Package (excluding a Ballot), these documents are available for viewing on the Debtors' website at www.kccllc.net/SixFlags. Copies of the documents included in the Solicitation Package can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com. If you have any questions regarding the status of your Claim(s), please contact the Claims and Voting Agent at the aforementioned mailing address, telephone number or email address.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc (2900), Funtime, Inc (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc (8826), Premier International Holdings Inc (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc (7486), SF HWP Management LLC (5651), SFJ Management Inc (4280), SFRCC Corp (1638), Six Flags, Inc (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc (2550), Six Flags St Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin)

RLF1-3428849-1

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Premier International Holdings Inc , *et al* ,[1]<br>Debtors | Chapter 11<br>Case No 09-12019 (CSS)<br>(Jointly Administered) |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:     Holders of Preconfirmation Subsidiary Equity Interests (Class 17)**

1.       On August 21, 2009, the above captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

2.       On _____, 2009, the Bankruptcy Court entered an order (the "Solicitation Order") approving the Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code and the procedures for the solicitation and tabulation of votes to accept or reject the Plan. Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Solicitation Order or the Plan, as applicable.

3.       Pursuant to the Solicitation Order, you received a Solicitation Package, except, instead of receiving a Ballot, you received this Unimpaired Notice of Non-Voting Status. You received this Unimpaired Notice of Non-Voting Status because you have been identified as a holder of one or more Preconfirmation Subsidiary Equity Interests (Class 17). In accordance with Article IV of the Plan and the Bankruptcy Code, holders of Preconfirmation Subsidiary Equity Interests (Class 17) are unimpaired and therefore, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on the Plan. The Solicitation Package, including this Unimpaired Notice of Non-Voting Status, has been provided to you for informational purposes only. If you did not obtain a copy of the Solicitation Package (excluding a Ballot), these documents are available for viewing on the Debtors' website at www.kccllc.net/SixFlags. Copies of the documents included in the Solicitation Package can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com. If you have any questions regarding the status of your interests in the Debtors, please contact the Claims and Voting Agent at the aforementioned mailing address, telephone number or email address.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc (8406), Riverside Park Enterprises, Inc (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp (1638), Six Flags, Inc (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016) The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin)

**EXHIBIT 3**
**[Rejecting Class Notice]**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Premier International Holdings Inc., *et al.*,[1] | Case No. 09-12019 (CSS) |
| Debtors. | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS WITH RESPECT
## TO CLASSES DEEMED TO REJECT THE PLAN

**TO: Holders of Funtime, Inc. Unsecured Claims (Class 15), Subordinated Securities Claims (Class 16), Preconfirmation SFO Equity Interests (Class 18) and Preconfirmation SFI Equity Interests (Class 19)**

On _____, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order (the "Solicitation Procedures Order") approving the Disclosure Statement with Respect to Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as may be amended from time to time, the "Disclosure Statement") for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (as may be further amended from time to time, the "Plan"), for use by the Debtors in soliciting acceptances or rejections of the Plan from holders of impaired claims or interests who are (or may be) entitled to receive distributions under the Plan.

Pursuant to the Solicitation Procedures Order, you did not receive a copy of the Disclosure Statement or the Plan. However, the Disclosure Statement and the Plan are available for viewing by accessing the Debtors' website at www.kccllc.net/SixFlags, or copies of such documents can be obtained by contacting Kurtzman Carson Consultants LLC, the Debtors' claims and voting agent, (i) in writing by first class mail or overnight courier addressed to Six Flags Ballot Processing Center, C/O Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, (ii) by telephoning (866) 967-1783 or (iii) by emailing SixFlagsInfo@kccllc.com.

YOU ARE RECEIVING THIS NOTICE BECAUSE UNDER THE TERMS OF ARTICLE IV OF THE PLAN, YOUR CLAIM(S) AGAINST OR EQUITY INTEREST(S) IN THE DEBTORS ARE IMPAIRED AND YOU ARE NOT RECEIVING ANY DISTRIBUTION UNDER THE PLAN ON ACCOUNT OF SUCH CLAIM(S) AND/OR INTEREST(S), AND IN ACCORDANCE WITH SECTION 1126(g) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO REJECT THE PLAN AND (II) NOT ENTITLED TO VOTE ON THE PLAN. ACCORDINGLY, THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY.

If you have any questions about the status of your Claim(s) or interest(s), you should contact the Debtors' claims and voting agent at the address, telephone number or email address set forth above. Please do not direct any such inquiries to the Bankruptcy Court.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc. (8826), Premier International Holdings Inc (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P (8306), Six Flags Operations Inc (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

**EXHIBIT 4**
[Ballots]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Premier International Holdings Inc , *et al* ,[1]<br>Debtors. | Chapter 11<br>Case No. 09-12019 (CSS)<br>(Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 4: SFTP Prepetition Credit Agreement Claims

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [          ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "<u>Solicitation Procedures Order</u>") The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc (2900), Funtime, Inc (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc (8826), Premier International Holdings Inc (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc (8406), Riverside Park Enterprises, Inc (7486), SF HWP Management LLC (5651), SFJ Management Inc (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P (8306), Six Flags Operations Inc (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc (2550), Six Flags St Louis LLC (8376), Six Flags Theme Parks Inc (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags. Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com.

You are receiving this Ballot because our records indicate that you are the holder of one or more SFTP Prepetition Credit Agreement Claim(s) (Class 4) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code

**PLEASE READ THE <u>ATTACHED</u> VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFTP PREPETITION CREDIT AGREEMENT CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

## <u>IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN</u>

### <u>Article 11.7 of the Plan provides for the following releases:</u>

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "Released Parties"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims that accept the Plan shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of**

these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

**Item 1. Class Vote.** The undersigned, a holder of one or more SFTP Prepetition Credit Agreement Claims in the aggregate amount set forth below, votes to (check one box):

      ☐   **Accept** the Plan.          ☐   **Reject** the Plan.

Creditor: _____    Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| Date Completed | Name of Creditor (Please Print) |
|---|---|
| | Signature |
| | If by Authorized Agent, Name and Title[3] |
| | Name of Institution |
| | Street Address |
| | City, State, Zip Code |
| | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

---

**YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

---

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person.

## VOTING INSTRUCTIONS

1.      All capitalized terms used in this Ballot or these instructions but not otherwise defined herein or therein shall have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

2.      Please read and follow these instructions carefully. Your Ballot must be received by Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent") by (a) first class mail postage prepaid in the return envelope provided with the Ballot, or (b) by personal delivery or overnight courier addressed Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, no later than 4:00 p.m. (prevailing Pacific Time) on [_____, 2009], unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3.      Prior to voting to accept or reject the Plan in accordance with these instructions, please carefully read the Important Information Regarding Releases, Injunctions and Stays in the Plan.

4.      In order for your vote to count, you must:

a)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 1 above;

b)   Review the certifications in Item 2;

c)   Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

d)   If you are signing the Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer or otherwise acting in a fiduciary or representative capacity, you must indicate the capacity in which you are signing and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

e)   Return the completed Ballot to the Claims and Voting Agent in the postage prepaid, preaddressed stamped envelope enclosed with this Ballot.

5.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Claims and Voting Agent.

6.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with this Ballot or you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.

7.      If multiple Ballots are received from the same person or entity with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

8.      Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9.      Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10.      After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.      If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**THE ADDRESS OF THE CLAIMS AND VOTING AGENT IS:**
**SIX FLAGS BALLOT PROCESSING CENTER**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE, EL SEGUNDO, CA 90245**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Premier International Holdings Inc., *et al*,[1] | Case No. 09-12019 (CSS) |
| Debtors. | (Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 5: SFTP TW Guaranty Claims

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [          ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"). On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "Solicitation Procedures Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc (8826), Premier International Holdings Inc (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc (4280), SFRCC Corp (1638), Six Flags, Inc (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P (8306), Six Flags Operations Inc (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc (2550), Six Flags St Louis LLC (8376), Six Flags Theme Parks Inc (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016) The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com.

You are receiving this Ballot because our records indicate that you are the holder of one or more SFTP TW Guaranty Claim(s) (Class 5) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE <u>ATTACHED</u> VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFTP TW GUARANTY CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

**<u>IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN</u>**

**<u>Article 11.7 of the Plan provides for the following releases:</u>**

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "<u>Released Parties</u>"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims that accept the Plan shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the**

administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents

**Item 1. Class Vote.** The undersigned, a holder of one or more SFTP TW Guaranty Claims in the aggregate amount set forth below, votes to (check <u>one</u> box):

     ☐   **Accept** the Plan.         ☐   **Reject** the Plan.

Creditor: _____    Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| | |
|---|---|
| _____ | _____ |
| Date Completed | Name of Creditor (Please Print) |
| | _____ |
| | Signature |
| | _____ |
| | If by Authorized Agent, Name and Title[3] |
| | _____ |
| | Name of Institution |
| | _____ |
| | Street Address |
| | _____ |
| | City, State, Zip Code |
| | _____ |
| | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person.

## VOTING INSTRUCTIONS

1.     All capitalized terms used in this Ballot or these instructions but not otherwise defined herein or therein shall have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

2.     Please read and follow these instructions carefully. Your Ballot must be received by Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent") by (a) first class mail postage prepaid in the return envelope provided with the Ballot, or (b) by personal delivery or overnight courier addressed Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, no later than 4:00 p.m. (prevailing Pacific Time) on [_____, 2009], unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3.     Prior to voting to accept or reject the Plan in accordance with these instructions, please carefully read the Important Information Regarding Releases, Injunctions and Stays in the Plan.

4.     In order for your vote to count, you must:

a)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 1 above;
b)  Review the certifications in Item 2;
c)  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;
d)  If you are signing the Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer or otherwise acting in a fiduciary or representative capacity, you must indicate the capacity in which you are signing and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and
e)  Return the completed Ballot to the Claims and Voting Agent in the postage prepaid, preaddressed stamped envelope enclosed with this Ballot.

5.     If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Claims and Voting Agent.

6.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with this Ballot or you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.

7.     If multiple Ballots are received from the same person or entity with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

8.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10.    After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11.    This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.    If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**THE ADDRESS OF THE CLAIMS AND VOTING AGENT IS:**
**SIX FLAGS BALLOT PROCESSING CENTER**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE, EL SEGUNDO, CA 90245**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Premier International Holdings Inc., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 09-12019 (CSS)<br>(Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 6: SFTP TW Indemnity Claims

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [          ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"). On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "Solicitation Procedures Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable.

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com

You are receiving this Ballot because our records indicate that you are the holder of one or more SFTP TW Indemnity Claim(s) (Class 6) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

### PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFTP TW INDEMNITY CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

### IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN

### Article 11.7 of the Plan provides for the following releases:

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "Released Parties"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims that accept the Plan shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the**

administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

**Item 1. Class Vote**. The undersigned, a holder of one or more SFTP TW Indemnity Claims in the aggregate amount set forth below, votes to (check one box):

       **Accept** the Plan.            **Reject** the Plan.

Creditor: _____    Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| | |
|---|---|
| Date Completed | Name of Creditor (Please Print) |
| | Signature |
| | If by Authorized Agent, Name and Title[3] |
| | Name of Institution |
| | Street Address |
| | City, State, Zip Code |
| | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person.

# VOTING INSTRUCTIONS

1.     All capitalized terms used in this Ballot or these instructions but not otherwise defined herein or therein shall have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

2.     Please read and follow these instructions carefully. Your Ballot must be received by Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent") by (a) first class mail postage prepaid in the return envelope provided with the Ballot, or (b) by personal delivery or overnight courier addressed Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, no later than 4:00 p.m. (prevailing Pacific Time) on [_____, 2009], unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3.     Prior to voting to accept or reject the Plan in accordance with these instructions, please carefully read the Important Information Regarding Releases, Injunctions and Stays in the Plan.

4.     In order for your vote to count, you must:

a)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 1 above;

b)   Review the certifications in Item 2;

c)   Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;

d)   If you are signing the Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer or otherwise acting in a fiduciary or representative capacity, you must indicate the capacity in which you are signing and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

e)   Return the completed Ballot to the Claims and Voting Agent in the postage prepaid, preaddressed stamped envelope enclosed with this Ballot.

5.     If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Claims and Voting Agent.

6.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with this Ballot or you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.

7.     If multiple Ballots are received from the same person or entity with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

8.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.     If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**THE ADDRESS OF THE CLAIMS AND VOTING AGENT IS:**
**SIX FLAGS BALLOT PROCESSING CENTER**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE, EL SEGUNDO, CA 90245**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Premier International Holdings Inc., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 09-12019 (CSS)<br>(Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 8: SFO Prepetition Credit Agreement Claims

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [          ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

---

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>"). On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "<u>Solicitation Procedures Order</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable.

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags. Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com.

You are receiving this Ballot because our records indicate that you are the holder of one or more SFO Prepetition Credit Agreement Claim(s) (Class 8) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

## PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFO PREPETITION CREDIT AGREEMENT CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

## IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN

### Article 11.7 of the Plan provides for the following releases:

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "Released Parties"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of**

these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided, however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents.

**Item 1.  Class Vote.**  The undersigned, a holder of one or more SFO Prepetition Credit Agreement Claims in the aggregate amount set forth below, votes to (check <u>one</u> box):

    ☐  **Accept** the Plan.       ☐  **Reject** the Plan.

Creditor: _____     Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

|  |  |
|---|---|
| Date Completed | Name of Creditor (Please Print) |
|  | Signature |
|  | If by Authorized Agent, Name and Title[3] |
|  | Name of Institution |
|  | Street Address |
|  | City, State, Zip Code |
|  | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person.

## VOTING INSTRUCTIONS

1.      All capitalized terms used in this Ballot or these instructions but not otherwise defined herein or therein shall have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

2.      Please read and follow these instructions carefully. Your Ballot must be received by Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent") by (a) first class mail postage prepaid in the return envelope provided with the Ballot, or (b) by personal delivery or overnight courier addressed Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, no later than 4:00 p.m. (prevailing Pacific Time) on [_____, 2009], unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3.      Prior to voting to accept or reject the Plan in accordance with these instructions, please carefully read the Important Information Regarding Releases, Injunctions and Stays in the Plan.

4.      In order for your vote to count, you must:

a)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 1 above;
b)   Review the certifications in Item 2;
c)   Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;
d)   If you are signing the Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer or otherwise acting in a fiduciary or representative capacity, you must indicate the capacity in which you are signing and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and
e)   Return the completed Ballot to the Claims and Voting Agent in the postage prepaid, preaddressed stamped envelope enclosed with this Ballot.

5.      If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Claims and Voting Agent.

6.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with this Ballot or you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.

7.     If multiple Ballots are received from the same person or entity with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

8.     Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9.     Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10.     After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12.     If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**THE ADDRESS OF THE CLAIMS AND VOTING AGENT IS:**
**SIX FLAGS BALLOT PROCESSING CENTER**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE, EL SEGUNDO, CA 90245**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Premier International Holdings Inc., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 09-12019 (CSS)<br><br>(Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

### CLASS 9: SFO TW Guaranty Claims

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [          ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan"). On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Disclosure Statement"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "Solicitation Procedures Order"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc (2900), Funtime, Inc (7495), Funtime Parks, Inc (0042), Great America LLC (7907), Great Escape Holding Inc (2284), Great Escape Rides L P (9906), Great Escape Theme Park L P (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp (1641), PP Data Services Inc (8826), Premier International Holdings Inc (6510), Premier Parks of Colorado Inc (3464), Premier Parks Holdings Inc (9961), Premier Waterworld Sacramento Inc (8406), Riverside Park Enterprises, Inc (7486), SF HWP Management LLC (5651), SFJ Management Inc (4280), SFRCC Corp (1638), Six Flags, Inc (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L P (8306), Six Flags Operations Inc (7714), Six Flags Services, Inc (6089), Six Flags Services of Illinois, Inc (2550), Six Flags St Louis LLC (8376), Six Flags Theme Parks Inc (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable.

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags. Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com.

You are receiving this Ballot because our records indicate that you are the holder of one or more SFO TW Guaranty Claim(s) (Class 9) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE <u>ATTACHED</u> VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFO TW GUARANTY CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

## <u>IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN</u>

### <u>Article 11.7 of the Plan provides for the following releases:</u>

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "<u>Released Parties</u>"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims that accept the Plan shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the**

administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents

**Item 1. Class Vote**. The undersigned, a holder of one or more SFO TW Guaranty Claims in the aggregate amount set forth below, votes to (check one box):

    ☐    **Accept** the Plan.        ☐    **Reject** the Plan.

Creditor: _____    Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| | |
|---|---|
| Date Completed | Name of Creditor (Please Print) |
| | Signature |
| | If by Authorized Agent, Name and Title[3] |
| | Name of Institution |
| | Street Address |
| | City, State, Zip Code |
| | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person

## VOTING INSTRUCTIONS

1.    All capitalized terms used in this Ballot or these instructions but not otherwise defined herein or therein shall have the meanings ascribed to them in the Plan or the Solicitation Procedures Order, as applicable.

2.    Please read and follow these instructions carefully. Your Ballot must be received by Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent") by (a) first class mail postage prepaid in the return envelope provided with the Ballot, or (b) by personal delivery or overnight courier addressed Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245, no later than 4:00 p.m. (prevailing Pacific Time) on [_____, 2009], unless such time is extended (the "Voting Deadline") or your Ballot will not be counted.

3.    Prior to voting to accept or reject the Plan in accordance with these instructions, please carefully read the Important Information Regarding Releases, Injunctions and Stays in the Plan.

4.    In order for your vote to count, you must:

a)  Cast ONE vote to accept or reject the Plan by checking the proper box in Item 1 above;
b)  Review the certifications in Item 2;
c)  Sign the Ballot – Your original signature is required on the Ballot in order for your vote to count;
d)  If you are signing the Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer or otherwise acting in a fiduciary or representative capacity, you must indicate the capacity in which you are signing and provide proof of your authorization to so sign. In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and
e)  Return the completed Ballot to the Claims and Voting Agent in the postage prepaid, preaddressed stamped envelope enclosed with this Ballot.

5.    If you believe you received the wrong form of Ballot, or if you need additional Ballots, please immediately contact the Claims and Voting Agent.

6.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with this Ballot or you did not receive a Ballot and wish to have your Claim temporarily allowed for voting purposes only, you must serve on the Debtors and file with the Bankruptcy Court, on or before the later of (i) fifteen (15) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"). A 3018 Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes, and the evidence in support of your belief. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.

7. If multiple Ballots are received from the same person or entity with respect to the same Claims prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballot.

8. Any Ballot that is illegible or that contains insufficient information to permit the identification of the claimant will not be counted.

9. Properly executed Ballots that attempt to partially accept and partially reject the Plan will not be counted.

10. After the Voting Deadline, no Ballot may be withdrawn or modified without the prior consent of the Debtors.

11. This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

12. If you hold Claims in more than one Class under the Plan, you may receive more than one Ballot for each different Class. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you receive.

**THE ADDRESS OF THE CLAIMS AND VOTING AGENT IS:**
**SIX FLAGS BALLOT PROCESSING CENTER**
**C/O KURTZMAN CARSON CONSULTANTS LLC**
**2335 ALASKA AVENUE, EL SEGUNDO, CA 90245**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>Premier International Holdings Inc., *et al.*,[1]<br>Debtors. | Chapter 11<br>Case No. 09-12019 (CSS)<br>(Jointly Administered) |

## BALLOT FOR ACCEPTING OR REJECTING THE DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

CLASS 10: SFO TW Indemnity Claims

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [         ] AT 4:00 P.M. (PREVAILING PACIFIC TIME). YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED.**

This ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>"). On August 21, 2009, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed the Plan with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>"). The Plan was filed with the Bankruptcy Court in conjunction with the related Disclosure Statement for the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "<u>Disclosure Statement</u>"), which was approved by order of the Bankruptcy Court on _____, 2009 (the "<u>Solicitation Procedures Order</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. The Solicitation Procedures Order, the Plan and the Disclosure Statement were included in the Solicitation Package[2] on the enclosed CD-ROM, along with this Ballot.

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Solicitation Procedures Order or the Plan, as applicable.

If you do not have a Disclosure Statement or a Plan or any of the other documents in the Solicitation Package, these documents are available for viewing on the Debtors' website www.kccllc.net/SixFlags. Copies of these documents can also be obtained by contacting Kurtzman Carson Consulting LLC, the Debtors' claims and voting agent (the "Claims and Voting Agent"), (i) by first class mail or overnight courier addressed to Six Flags Ballot Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; (ii) by telephoning (866) 967-1783 or (iii) by emailing sixflagsinfo@kccllc.com.

You are receiving this Ballot because our records indicate that you are the holder of one or more SFO TW Indemnity Claim(s) (Class 10) as of the Record Date. Accordingly, you have a right to vote to accept or reject the Plan. You should carefully review the Disclosure Statement and the Plan and the other documents in the Solicitation Package before you vote. You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan. The Plan may be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

---

PLEASE CAREFULLY READ THE IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN AND COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN, YOU MUST VOTE THE SFO TW INDEMNITY CLAIMS OF WHICH YOU ARE A HOLDER EITHER TO ACCEPT OR REJECT THE PLAN.

---

**IMPORTANT INFORMATION REGARDING RELEASES, INJUNCTIONS AND STAYS IN THE PLAN**

**Article 11.7 of the Plan provides for the following releases:**

**Effective as of the Confirmation Date but subject to the occurrence of the Effective Date, and in consideration of the services of (a) the present and former directors, officers, members, employees, affiliates, agents, financial advisors, restructuring advisors, attorneys and representatives of or to the Debtors who acted in such capacities after the Petition Date; (b) the Prepetition Agent and its affiliates and the other Prepetition Lenders and their affiliates, and each of their respective directors, officers, affiliates, agents, partners, members, representatives, employees, financial advisors, restructuring advisors, attorneys and representatives (the parties set forth in subsections (a) and (b), being the "Released Parties"), the Debtors, their respective chapter 11 estates and the Reorganized Debtors and all holders of Claims that accept the Plan shall release, waive and discharge unconditionally and forever each of the Released Parties from any and all Claims, obligations, suits, judgments, damages, rights, causes of action and liabilities whatsoever (including those arising under the Bankruptcy Code), whether known or unknown, foreseen or unforeseen, existing or hereinafter arising in law, equity, or otherwise, based in whole or in part on any act, omission, transaction, event or other occurrence: (i) taking place before the Petition Date in connection with or relating to any of the Debtors or any of their direct or indirect subsidiaries; and (ii) in connection with, related to, or arising out of these Reorganization Cases, the pursuit of confirmation of the Plan, the consummation thereof, the**

administration thereof or the property to be distributed thereunder; *provided* that the foregoing shall not operate as a waiver of or release from any causes of action arising out of the willful misconduct or gross negligence of any Released Party.

## Article 11.9 of the Plan provides for the following injunctions and stays:

Except as otherwise expressly provided in the Plan or in the Confirmation Order, all Persons or entities who have held, hold or may hold Claims against, or Preconfirmation SFI Equity Interests in, the Debtors are permanently enjoined, from and after the Effective Date, from (a) commencing or continuing in any manner any action or other proceeding of any kind on any such Claim or Preconfirmation SFI Equity Interest against any of the Reorganized Debtors or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, (b) the enforcement, attachment, collection or recovery by any manner or means of any judgment, award, decree or order against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided for in Section 6 hereof, with respect to such Claim or Preconfirmation SFI Equity Interest, (c) creating, perfecting or enforcing any encumbrance of any kind against any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest, (d) asserting any right of setoff, subrogation or recoupment of any kind against any obligation due to any Reorganized Debtor or any of the Released Parties, to the extent of the release provided in Section 6 hereof, or against the property or interests in property of any Reorganized Debtor or any of the Released Parties with respect to such Claim or Preconfirmation SFI Equity Interest and (e) pursuing any Claim released pursuant to the Plan.

Unless otherwise provided in the Confirmation Order, all injunctions or stays arising under or entered during the Reorganization Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, that are in existence on the Confirmation Date shall remain in full force and effect until the Effective Date; *provided*, *however*, that no such injunction or stay shall preclude enforcement of parties' rights under the Plan and the related documents

**Item 1. Class Vote.** The undersigned, a holder of one or more SFO TW Indemnity Claims in the aggregate amount set forth below, votes to (check one box):

☐ **Accept** the Plan.    ☐ **Reject** the Plan.

Creditor: _____  Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other items contained in the Solicitation Package and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of such claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

| | |
|---|---|
| Date Completed | Name of Creditor (Please Print) |
| | Signature |
| | If by Authorized Agent, Name and Title[3] |
| | Name of Institution |
| | Street Address |
| | City, State, Zip Code |
| | Telephone Number |

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person or entity for soliciting votes on the Plan. This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan. Holders should not surrender, at this time, certificates representing their securities. The Claims and Voting Agent will not accept delivery of any such certificates surrendered together with a Ballot. Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

> **YOUR VOTE MUST BE FORWARDED IN AMPLE TIME TO BE RECEIVED BY THE CLAIMS AND VOTING AGENT, BY 4:00 P.M. PREVAILING PACIFIC TIME ON [_____, 2009], OR YOUR VOTE WILL NOT BE COUNTED. FACSIMILE TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE SOLICITATION PROCEDURES, OR IF YOU NEED AN ADDITIONAL BALLOT, COPIES OF THE DISCLOSURE STATEMENT OR PLAN OR OTHER ENCLOSED MATERIALS, PLEASE CALL THE CLAIMS AND VOTING AGENT AT (866) 967-1783.**

---

[3] As indicated in the Voting Instructions, evidence of authority **must** be included with this Ballot unless the creditor is a natural person and the signatory to this Ballot is such natural person.