# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

```
-----------------------------------------------------------x
                                              :   Chapter 11
In re                                         :
                                              :   Case No. 09-12019 (CSS)
Premier International Holdings Inc., et al.,[1] :
                                              :   (Jointly Administered)
               Debtors.                       :
                                              :   Re: Docket No. 656
-----------------------------------------------------------x
```

## ORDER GRANTING MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION FOR ENTRY OF AN ORDER (A) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING CLAIMS ASSERTED PURSUANT TO 11 U.S.C. § 503(B)(9), (B) APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM AND (C) APPROVING NOTICE THEREOF

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (collectively, "Debtors") for an order: (i) establishing the deadline for filing claims in the above-captioned chapter 11 cases (the "Bankruptcy Cases"), (ii) approving the form and manner for filing such claims; (iii) approving notice thereof; and (iv) granting certain related relief; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii)

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

- 1 -

this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is necessary and essential for the Debtors' reorganization and such relief is in the best interests of the Debtors, their estates and their creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED.

2. Pursuant to Bankruptcy Rule 3003(c)(3), all persons and entities (collectively, the "Claimants"), holding or wishing to assert against the Debtors a claim, as that term is defined in section 101(5) of the Bankruptcy Code (each a "Claim"), are required to file proof of such Claim (a "Proof of Claim") pursuant to the procedures and on or before the deadlines (each a "Bar Date" and, collectively, the "Bar Dates") established by this Order.

3. The terms of this Order shall not apply to that certain certified class (nor its individual members or those who may in the future opt out of same) identified by the State of New York Supreme Court, County of Warren in the matter Leonard Baker, Alica Fogarty, Alexia Fogarty a minor by her mother and Natural Guardian Alica Fogarty, Lindsay B. Hunziker and Joshua Berner, individually and as Parents and Natural Guardians of Olivia Berner, on behalf of themselves and all other similar situated v. SFHWP Management, LLC, HWP Development, LLC, Six Flags, Inc. d/b/a Six Flags Great Escape Lodge and Indoor Waterpark, Six Flags Theme Parks, Inc. d/b/a Six Flags Great Escape Lodge and Indoor Waterpark, and John Doe Inc. 1-10 [Index No. 50564].

4. Except as expressly provided herein, each and every Proof of Claim for a Claim that arose before the Petition Date against the Debtors, **including a claim pursuant to**

**section 503(b)(9) of the Bankruptcy Code**, in these Bankruptcy Cases shall be actually received on or before **January 2, 2010 at 5:00 p.m. (Prevailing Pacific Time)** (the "General Bar Date").

5. In the event the Debtors amend their statements of financial affairs and schedules of assets and liabilities (collectively, the "Schedules"), the bar date for filing a Proof of Claim with respect to any Claim affected by such amendment to the Schedules shall be the later of (a) the General Bar Date, (b) a time period fixed by the Court or (c) if no date is provided, 5:00 p.m. (Prevailing Pacific Time) on the date that is 20 days after the date on which the Debtors provided notice of such amendment and notice of the bar date with respect to the Schedules.

6. The Bar Date by which a creditor shall file a Proof of Claim arising from the Debtors' rejection of any executory contract or unexpired lease shall be the later of (a) the General Bar Date, or (b) the date provided in (i) the order authorizing the Debtors to reject or (ii) the notice of rejection of the contract or lease or, if no such date is provided, then 30 days after the date the order is entered or notice is provided.

7. Each and every governmental unit (as that term is defined in section 101(27) of the Bankruptcy Code) shall file a Proof of Claim by **December 10, 2009, at 5:00 p.m. (Prevailing Pacific Time)**;

8. Notwithstanding the foregoing, the following classes of creditors are <u>not</u> required to submit Proofs of Claim in accordance with the Bar Dates established herein:

- Claimants who already filed a Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware (the "Clerk") in a form substantially similar to Official Bankruptcy Form No. 10 ("Official Form 10");

- Any Claim that is listed on the Schedules; <u>provided, however</u>, that: (i) the Claim is not scheduled as "disputed," "contingent" or "unliquidated;" (ii) the Claimant does not disagree with the amount, nature and priority of the Claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the Debtors as set forth in the Schedules;

- Any Claim that this Court allowed before the Bar Date Order;

- Any Claim against the Debtors that has been paid in full by the Debtors or any other party;

- Any Claim that is subject to specific deadlines fixed by this Court;

- Any Claim of a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course as a wage or benefit;

- Any Claim of a claimant of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course as a customer program or obligation; <u>provided, however</u>, that a claimant (and any subrogee or assignee of a claimant) must submit a Proof of Claim by the General Bar Date if its Claim relates to (i) damages arising from, without limitation, Claims for breach of contract, breach of warranty, misrepresentation, tort or any other legal or equitable theory; or (ii) a Claim arising under or in connection with any warranty program provided by the Debtors with a term of greater than 36 months;

- Claimants whose Claims arise under or in connection with the Credit Facility (or any hedge agreements executed in connection therewith) ("<u>Credit Facility Claims</u>"); provided, however, that (i) the Administrative Agent under the Credit Facility shall file a consolidated Proof of Claim on behalf of the Claimants holding Credit Facility Claims on or before the General Bar Date and (ii) any entity holding a Credit Facility Claim wishing to assert a Claim other than a Credit Facility Claim is required to file a separate Proof of Claim for such Claim before the applicable Bar Date, unless another exception in this Order applies;

- Any claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges

owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); provided, however, that: (i) an indenture trustee under a Debt Instrument must file one proof of claim, on or before the Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under such Debt Instrument, and (ii) any person or entity that wishes to assert a claim arising out of or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees and charges on or under the Debt Instrument, will be required to file a proof of claim, unless another exception in this paragraph applies;

- Any Claimant whose Claim is based on an interest in an equity security of the Debtors; provided, however, that any Claimant who wishes to assert a Claim against the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, must file a Proof of Claim on or before the General Bar Date. The Debtors reserve all rights with respect to any such Claims including, *inter alia*, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code; and

- Any Claims allowable under sections 503(b) and 507(a)(1) of the Bankruptcy Code as administrative expenses of the Debtors' Bankruptcy Cases, **with the exception of Claims allowable under section 503(b)(9) of the Bankruptcy Code (with respect to the value of the goods received by the Debtors within 20 days of the Petition Date), which are subject to General Bar Date as provided above.**

9. The form of Proof of Claim (the "Proof of Claim Form"), substantially in the form attached to the Motion as Exhibit B, is hereby approved. The Debtors are further directed, with the assistance of Kurtzman Carson Consultants LLC ("KCC"), to include the following information on every Proof of Claim Form that they supply to a Claimant: (a) the amount of such creditor's Claim against the Debtors (if such information is reasonably ascertainable), as reflected in the Schedules; (b) the type of Claim held by such creditor (*i.e.*, non-priority unsecured, priority unsecured or secured), as reflected in the Schedules; and

(c) whether such Claim is contingent, unliquidated or disputed as reflected in the Schedules. Any person or entity that receives the Proof of Claim Form is authorized to correct any incorrect information contained in the name and address portion of such form.

10. The following rules shall govern the completion and filing of each Proof of Claim:

- Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtor or Official Form No. 10; (iv) state a claim against the Debtors; (v) clearly indicate the Debtors against which the creditor is asserting a Claim; and (vi) be signed by the Claimant or if the Claimant is not an individual, by an authorized agent of the Claimant;

- Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors and any other party in interest; provided, further that any creditor that received such written consent shall be required to transmit such writings to the Debtors or other party in interest upon request no later than ten (10) days from the date of such request;

- All Proofs of Claim must be filed so as to be **actually received** no later than 5:00 p.m. Prevailing Pacific Time on the applicable Bar Date at the following address:

    Six Flags Claims Processing Center

    c/o Kurtzman Carson Consultants LLC

    2335 Alaska Avenue

    El Segundo, CA 90245

    **KCC will not accept a Proof of Claim sent by facsimile or e-mail**; and

- A Claimant who wishes to receive acknowledgment of receipt of its Proof of Claim Form may submit a copy of

the Proof of Claim Form and a self-addressed, stamped envelope to KCC along with the original Proof of Claim Form;

11. The Debtors, with the assistance of KCC, are hereby authorized and directed to serve the following materials by first class U.S. mail, postage prepaid, on all known Claimants holding actual or potential Claims no later than five (5) business days after the date of entry of this order: (a) written notice of the Bar Dates in substantially the form attached to the Motion as <u>Exhibit C</u>, (the "<u>Bar Date Notice</u>"); and (b) the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>").

12. KCC is further authorized and directed to mail the Bar Date Package no later than five (5) business days after the date of entry of this order to the following parties:

- The Office of the United States Trustee for the District of Delaware;

- Counsel to the Official Committee of Unsecured Creditors;

- Counsel to the agent bank for the Prepetition Lenders;

- The Debtors' prepetition indenture trustees

- The Securities and Exchange Commission

- The Internal Revenue Service;

- All persons or entities who have requested notice pursuant to Bankruptcy Rule 2002

- All persons or entities that have filed Claims against the Debtors, if any;

- All creditors and other known holders of Claims against the Debtors as of the date of the Order, if any, including all persons or entities listed in the Schedules as holding Claims against the Debtors;

- All parties to executory contracts and unexpired leases of the Debtors listed on the Schedules, if any;

- All parties to litigation with the Debtors; and

- The United States Attorney for the District of Delaware.

13. The Debtors are hereby authorized to provide supplemental mailings of the Bar Date Package at any time up to 30 days in advance of the General Bar Date or any other applicable Bar Date, as may be necessary in situations, including, without limitation, (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to bondholders and equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing and (c) additional potential claimants that become known as the result of the Bar Date noticing process. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any Claimant to whom the Debtors mailed the Bar Date Package in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address.

14. The Debtors are authorized to use the services of KCC, as applicable, to coordinate the processing of Proofs of Claim.

15. Notice of the Bar Dates as set forth in this Order and in the manner set forth herein (including, without limitation, the Bar Date Notice, the Bar Date Package, the Publication Notice and any supplemental notices that the Debtors may send from time to time) constitute adequate and sufficient notice of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

16. The Debtors are authorized to establish Bar Dates in addition to those expressly provided herein (the "Supplemental Bar Dates") with respect to (a) creditors as to which a remailing of the Bar Date Package is appropriate, but which cannot be accomplished in

time to provide at least 30 days' notice of the Bar Date and (b) other creditors that become known to the Debtors after the applicable Bar Date; provided, however, that the Debtors obtain the prior written consent of the members of the Official Committee of Unsecured Creditors before establishing a Supplemental Bar Date; provided further, that the Debtors advise the Court of a Supplemental Bar Date by filing notice of such Supplemental Bar Date which will identify the Supplemental Bar Date and the claimants that are subject thereto. In the event the Debtors establish a Supplemental Bar Date they are further directed to mail a Bar Date Package, modified to include the Supplemental Bar Date, to known creditors who are subject to the Supplemental Bar Date within 30 days of any Supplemental Bar Date.

17. The Debtors are authorized, in their discretion and upon the prior written consent of the Official Committee of Unsecured Creditors, to extend a Bar Date by stipulation where the Debtors determine that such extension is in the best interests of the Debtors and their estates.

18. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion.

19. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

20. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 27, 2009
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

- 9 -

RLF1-3443429-3