# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re                                                          :   Chapter 11
                                                               :
Premier International Holdings Inc., et al.,[1]                :   Case No. 09-12019 (CSS)
                                                               :
Debtors.                                                       :   (Jointly Administered)
                                                               :
                                                               :   Obj. Deadline: 11/25/09 at 4:00 p.m. (EST)
                                                               :   Hearing Date: 12/04/09 at 10:30 a.m. (EST)
---------------------------------------------------------------x

## DEBTORS' MOTION (I) AMENDING PROPOSED SOLICITATION PROCEDURES ORDER AND (II) SEEKING APPROVAL OF REVISED TIMELINE IN CONNECTION THEREWITH

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby file this motion (together with the Original Solicitation Procedures Motion (as defined below) (the "Amended Solicitation Procedures Motion") pursuant to sections 105, 1123, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3001, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

and Procedure of the United States Bankruptcy Court (the "Court") for the District of Delaware (the "Local Rules") for entry of a revised solicitation order (the "Revised Solicitation Order"):[2]; (a) approving the *Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* for the *Debtor's Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 943] (the "Revised Disclosure Statement") for the *Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* for the *Debtor's Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (the "Revised Plan");[3] (b) approving the proposed solicitation and confirmation timeline; (c) approving the revised distribution procedures in connection with the Solicitation Packages and notices to be distributed with respect thereto and in lieu thereof; and (d) approving the Subscription Form and the Rights Offering Summary (each as defined below). In support of this Amended Solicitation Procedures Motion, the Debtors respectfully represent as follows:

---

[2] This Amended Solicitation Procedures Motion incorporates, by reference and to the extent appropriate, the terms of the *Debtors' Motion for an Order (I) Approving the Disclosure Statement and Notice Thereof and (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtors' Amended Joint Plan of* Reorganization Under *Chapter 11 of the Bankruptcy Code Including (A) Fixing the Voting Record Date, (B) Approving Solicitation Packages and Procedures for Distribution Thereof, and (C) Approving Forms of Ballots and Establishing Procedures for Voting on the Plan, and (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of the Plan, and (IV) Granting Related Relief* [Docket No. 817] (the "Original Solicitation Procedures Motion")

[3] Any description herein of the terms of the Revised Plan are subject to, and limited by, the further detail, disclosure, and discussion in the Revised Disclosure Statement. In addition, the classes contained in the Revised Plan are subject to revision or alteration, and the Debtors reserve the right to amend such classes, consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Revised Disclosure Statement or the Original Solicitation Procedures Motion, as appropriate.

## Preliminary Statement and Background

1. On June 13, 2009 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Bankruptcy Cases"). The Debtors are continuing to operate their business as debtors and debtors in possession under sections 1107 and 1108 of the Bankruptcy Code. An official committee of unsecured creditors (the "Creditors' Committee") was appointed on June 26, 2009.

2. On July 22, 2009, the Debtors filed a disclosure statement (the "Original Disclosure Statement") and joint plan of reorganization (the "Original Plan") with the Court. The Original Plan and the Original Disclosure Statement were each amended by the Debtors and filed on August 21, 2009 and served on September 2, 2009, to provide additional detail on the Debtors' financial condition and business projections, but the fundamental structure and creditor treatment remained the same. The Original Plan and the Original Disclosure Statement reflected the reorganization agreement reached with certain of the Prepetition Lenders.

3. On September 2, 2009, the Debtors filed and served the *of Hearing to Consider Approval of Disclosure Statement for Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 538] (the "Original Notice of Disclosure Statement Hearing").

4. Pursuant to the Original Notice of Disclosure Statement Hearing, the hearing on approval of the Original Disclosure Statement originally was scheduled to be heard on October 8, 2009 at 10:00 a.m. (the "Disclosure Statement Hearing"). Pursuant to the Original Notice of Disclosure Statement Hearing, the Debtors first continued the Disclosure Statement Hearing to November 5, 2009 at 10:00 a.m. and later continued the Disclosure Statement Hearing to November 20, 2009 at 2:00 p.m. See *Notice of Agenda of Matters Scheduled for Hearing on*

*October 8, 2009 at 10:00 a.m.* [Docket No. 759]; *Notice of Agenda of Matters Scheduled for Hearing on November 5, 2009 at 10:00 a.m. (EST)* [Docket No. 907].

5. On October 16, 2009, the Debtors filed the Original Solicitation Procedures Motion seeking, among other things, approval of the Original Disclosure Statement as containing "adequate information" within the meaning of section 1125 of the Bankruptcy Code and the approval of certain solicitation-related dates in connection with confirmation of the Original Plan.

6. Since the filing of the Original Solicitation Procedure Motion a variety of factors have led the Debtors to conclude that the Original Plan and the Original Disclosure Statement can and should be modified. As an initial matter, from the outset of the Bankruptcy Cases, and particularly since their filing of the Original Plan and the Original Disclosure Statement, the Debtors have engaged in extensive discussions with a wide variety of creditor constituencies, including, among others, certain holders of 2010 Notes, 2013 Notes, 2014 Notes and 2015 Notes and the Creditors' Committee, the Informal Committee of SFO Noteholders ("the Informal Committee"), certain of the Prepetition Lenders (the "Steering Committee") and Time Warner. In October 2009, these negotiations intensified, particularly with the Informal Committee, and ultimately resulted in a consensus reached on November 2, 2009 among the Debtors and the members of the Informal Committee regarding an alternative plan of reorganization that further enhances creditor recoveries and the Debtors' long-term business prospects. Further, the Informal Committee, certain of the Prepetition Lenders and Time Warner, among others, have indicated that subject to the satisfaction of certain conditions, they will support the Revised Plan.

7. On November 7, 2009, the Debtors filed and served the Revised Disclosure Statement and the Revised Plan. On November 12, 2009, with the permission of the Court and to

4

LEGAL_US_E # 85768066.6

RLF1 3506280v.1

give parties-in-interest additional time to object to the Revised Disclosure Statement, the Debtors filed and served the *Amended Notice of Hearing to Consider Approval of Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 982].

8.  Subsequently, the Court adjourned the disclosure statement hearing originally scheduled for November 20, 2009 to December 4, 2009 at 10:30 a.m. (EST) (the "Revised Disclosure Statement Hearing"). Accordingly, on November 13, 2009, the Debtors filed and served the *Second Amended Notice of Hearing to Consider Approval of Disclosure Statement for Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 1008], attached to the Revised Solicitation Order as Exhibit 1 (together with the Original Notice of the Disclosure Statement Hearing (jointly, the "Notices of the Disclosure Statement Hearing"). By this notice and pursuant to the Court's order, objections to the Revised Disclosure Statement are due to be filed on or before 4:00 p.m. (EST) on December 1, 2009.

9.  As is more fully set forth in the Revised Disclosure Statement, the Revised Plan reflects a consensus among several of the Debtors' creditor constituencies, as well as the terms of the Debtors' and the Informal Committee's settlement of their prior disputes and the agreed-upon capital structure for the reorganized Debtors. As compared to the Original Plan, the Revised Plan provides for the same or better treatment for all of the Debtors' creditors, including the payment in full of the Prepetition Lenders, enhanced recoveries for holders of unsecured notes, and the full satisfaction of all trade claims. As is set more fully forth below and in the Revised Disclosure Statement, it is in the best interests of the Debtors' estates to confirm the Revised Plan quickly.

10. Further, in connection the Revised Disclosure Statement and the Revised Plan, the Debtors filed and served the *Motion of the Debtors and Debtors in Possession for an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Fed. R. Bankr. P. 6004 Authorizing Debtors' Entry into Exit Financing Arrangements and Performance Thereunder in Connection with Their Forthcoming Second Amended Joint Plan of Reorganization* [Docket No. 937] (the "Exit Financing Motion") and the *Motion of the Debtors and Debtors in Possession for an Order Approving (A) the Backstop Commitment Agreement and (B) the Reimbursement of Certain Fees and Expenses Incurred in Connection Thereunder* [Docket No. 945] (the "Backstop Agreement Motion") on November 6, 2009 and November 7, 2009, respectively. Pursuant to the Exit Financing Motion and the Backstop Agreement Motion, the Debtors are seeking, among other things, the Court's approval to enter into the Exit certain collateral agreements with lenders and other financial supporters to enable the Debtors to consummate the Revised Plan.

11. In order to the confirm the Revised Plan, the Debtors require a fast-paced confirmation process as outlined below (the "Revised Timeline"):

- December 2, 2009: Revised Voting Record Date;

- December 4, 2009: Solicitation Commencement Date;

- December 11, 2009: Date the Voting Agent finishes mailing Solicitation Packages to members of Voting Classes; Date of Completion of Service of Confirmation Notice to Voting Classes;

- December 11, 2009: Date the Voting Agent finishes mailing Unimpaired Notices of Non-Voting Status, Rejecting Class Notices and Confirmation Hearing Notices, as applicable, to non-Voting Classes;

- January 6, 2010 at 4:00 p.m. (EST): Revised Plan Objection Deadline;

- January 6, 2010 at 5:00 p.m. (PST): Revised Voting Deadline; Deadline to Return Subscription Form;

- Two or three days during the week of January 11, 2009: Confirmation Hearing; and

- January 26, 2009: Approximate Effective Date of Revised Plan.

12. The Debtors submit that this Revised Timeline is justified under the circumstances of the Bankruptcy Cases and is in the best interests of the Debtors' estates and all parties-in-interest.

## Jurisdiction and Venue

13. This Court has jurisdiction over this Amended Solicitation Procedures Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue for this Amended Solicitation Procedures Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

14. By this Revised Solicitation Procedures Motion, the Debtors respectfully request that this Court enter the Revised Solicitation Order, approving, among other things, (a) the Revised Disclosure Statement,[4] (b) the Revised Timeline; (c) approving the revised distribution procedures in connection with the Solicitation Packages and notices to be distributed with respect thereto and in lieu thereof; and (d) approving the Subscription Form and the Rights Offering Summary.

---

[4] Any description herein of the terms of the Revised Plan are subject to, and limited by, the further detail, disclosure, and discussion in the Revised Disclosure Statement. In addition, the classes contained in the Revised Plan are subject to revision or alteration, and the Debtors reserve the right to amend such classes, consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. All capitalized terms used, but not defined herein, shall have the meaning attributed to such terms in the Revised Disclosure Statement or the Original Solicitation Procedures Motion, as appropriate.

## Basis for Relief

I. **THE REVISED TIMELINE SHOULD BE APPROVED**

15. Bankruptcy Rule 2002(b) provides, in pertinent part that, a debtor shall give "not less than 25 days notice by mail of . . . the time fixed for filing objections and hearing to consider approval of a disclosure statement . . . and . . . the time fixed for filing objections and hearing to consider confirmation of a . . . chapter 11 . . . plan." Bankruptcy Rule 9006(c), however, states that when an act is required to be done within a specified time by the Bankruptcy Rules, ". . . the court for cause shown may in its discretion with or without motion or notice order the period reduced." See In re Holland, 85 B.R. 735 (Bankr. W.D. Tex. 1988) (discussing interplay of Bankruptcy Rules 2002(b) and 9006 and shortening notice period for hearing on adequacy of debtor's disclosure statement to 15 days); see also In re Landmark Park Plaza Limited Partnership, 167 B.R. 752 (Bankr. D. Conn. 1994) (approving shortened notice periods for hearing on adequacy of creditor's disclosure statement and rival plan to 24 days from the date motion requesting same was filed).

16. The Debtors submit that ample cause exists to shorten the twenty-five day notice requirement set forth in Rule 2002(b) pursuant to Rule 9006, in light of the Court's November 13 ruling setting the Revised Disclosure Statement Hearing for December 4, 2009.

17. Likewise, the Debtors submit that notice of the Confirmation Hearing is sufficient under the circumstances. Under the Revised Timeline set forth above, the Debtors will serve all Classes required to be served with notice of the Confirmation Hearing on or before December 11, 2009. Thus, all parties will have ample opportunity to review the Revised Plan and Revised Disclosure Statement. Indeed, all Classes will be served with notice twenty-five days in advance of the objection deadline for the Confirmation Hearing as required by Rule 2002. Finally, the

Debtors propose to publish a notice of the Confirmation Hearing in the *USA TODAY* on or before December 11, 2009. The Debtors submit that these notice periods are sufficient under the circumstances.

19. Further, and as noted above, a prompt exit from chapter 11 is key to maintaining customer and vendor confidence, as well as the Debtors' long-term business prospects thus enhancing enterprise value, which will inure to the benefit of the creditor Classes. The Debtors respectfully submit that this timeline is in the best interests of the Debtors, their estates and their creditors, and is sufficient cause to shorten the typical 25-day notice periods set forth in Bankruptcy Rule 2002.

## II. THE REVISED DISCLOSURE STATEMENT CONTAINS "ADEQUATE INFORMATION"

19. Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding a debtor's proposed plan of reorganization. In particular, section 1125(a)(1) of the Bankruptcy Code states

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1); see also Century Glove, Inc. v. First Am. Bank of New York, 860 F.2d 94, 100 (3rd Cir. 1988) ("... § 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); see also In re Monnier Bros., 755 F.2d 1336, 1341 (8th Cir. 1985); In re Phoenix Petroleum, Co., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001); In re Unichem Corp., 72 B.R. 95, 97 (Bankr. N.D. Ill. 1987).

20. Under the *Second Notice of Filing of Blackline Disclosure Statement* [Docket No. 947], the majority of the Revised Disclosure Statement's content remains unchanged from the

9

Original Disclosure Statement. Changes and updates to the Original Disclosure Statement include descriptions of certain key changes to the Revised Plan in connection with improved recovery for creditor Classes. Such changes include, without limitation, the following:

- A description of the fully-committed financing that the Debtors have obtained on favorable terms from certain major financial institutions;
- A description of the Offering (defined below); and
- A description of additional future financing from Time Warner.

21. In fact, the Revised Disclosure Statement, like the Original Disclosure Statement, was drafted with the assistance of the Debtors' financial and legal advisors, with input from, among others, the Steering Committee and Time Warner. As such, the Revised Disclosure Statement complies with the requirements of section 1125 of the Bankruptcy Code and should be approved.

### III. THE REVISED SOLICITATION PROCEDURES SHOULD BE APPROVED

#### A. Holders of Claims in Classes 4, 6, 10 and 13 are Unimpaired and Thus, Should not Receive Solicitation Packages

22. Just as before, under the Revised Plan, there are 19 Classes of Claims and interests in the Debtors. As illustrated by the chart below, more creditors are Unimpaired under the Revised Plan than under the Original Plan.

| Class | Designation | Impairment | Entitled to Vote |
|---|---|---|---|
| Class 1 | Other Priority Claims | Unimpaired | No (deemed to accept) |
| Class 2 | Secured Tax Claims | Unimpaired | No (deemed to accept) |
| Class 3 | Other Secured Claims | Unimpaired | No (deemed to accept) |
| Class 4 | SFTP Prepetition Credit Agreement Claims | ImpairedUnimpaired | YesNo (deemed to accept) |
| Class 5 | SFTP TW Guaranty Claims | Impaired | Yes |
| Class 6 | SFTP TW Indemnity ClaimsSFTP Partnership Parks Claims | ImpairedUnimpaired | YesNo (deemed to accept) |
| Class 7 | SFTP and SFTP Subsidiary Unsecured Claims | Unimpaired | No (deemed to accept) |

10

RLF1 3506280v 1

| Class 8 | SFO Prepetition Credit Agreement Claims | Impaired | Yes |
| --- | --- | --- | --- |
| Class 9 | SFO TW Guaranty Claims | Impaired | Yes |
| Class 10 | ~~SFO TW Indemnity Claims~~SFO Partnership Parks Claims | ~~Impaired~~Unimpaired | ~~Yes~~No (deemed to accept) |
| Class 11 | SFO Unsecured Claims | Impaired | Yes |
| Class 12 | SFI TW Guaranty Claims | Impaired | Yes |
| Class 13 | ~~SFI TW Indemnity Claims~~SFI Partnership Parks Claims | ~~Impaired~~Unimpaired | ~~Yes~~No (deemed to accept) |
| Class 14 | SFI Unsecured Claims | Impaired | Yes |
| Class 15 | Funtime, Inc. Unsecured Claims | Impaired | No (deemed to reject) |
| Class 16 | Subordinated Securities Claims | Impaired | No (deemed to reject) |
| Class 17 | Preconfirmation Subsidiary Equity Interests | Unimpaired | No (deemed to accept) |
| Class 18 | Preconfirmation SFO Equity Interests | Impaired | No (deemed to reject) |
| Class 19 | Preconfirmation SFI Equity Interests | Impaired | No (deemed to reject) |

23. In particular, holders of Claims in Class 4, 6, 10 and 13 are no longer impaired and thus, pursuant to section 1126(f) of the Bankruptcy Code, are deemed to accept the Revised Plan. The Debtors propose that they transmit to such holders only a Confirmation Hearing Notice and an appropriate Unimpaired Notice of Non-voting Status and not be required to transmit a Solicitation Package to such holders because such holders are no longer entitled to vote on the Revised Plan. The Debtors submit that sending a Solicitation Package to such holders is unnecessary, potentially confusing, and would represent an unnecessary cost to the Debtors' estates. Further, such parties can access the materials in the Solicitation Package by contacting the Voting Agent or accessing the website maintained by the Voting Agent.[5]

---

[5] Copies of the Revised Plan and Revised Disclosure Statement may be obtained at www.kccllc.net/sixflags.

B.  **Holders of Unimpaired Claims and Interests Should Receive a Confirmation Hearing Notice and a Unimpaired Notice of Non-voting Status Rather than a Solicitation Package**

24. Pursuant to section 1126(f) of the Bankruptcy Code, holders of unimpaired Claims and interests in the Debtors are deemed to accept the Revised Plan and thus, are not entitled to vote on confirmation of the Revised Plan. Under the Revised Plan, holders of Claims and interests in the Debtors in Classes 1, 2, 3, 4, 6, 10, 13 and 17 are unimpaired under the Revised Plan, are deemed to accept to the Revised Plan and thus, are not entitled to vote on the confirmation of the Revised Plan. As mentioned above, the Debtors submit that holders of Claims in Classes 4, 6, 10 and 13 only receive a Confirmation Hearing Notice and an Unimpaired Notice of Non-voting Status. The Debtors further submit, for same reasons, that the holders of Claims and interests in the Debtors in Classes 1, 2, 3 and 17 only receive a Unimpaired Notice of Non-voting Status and a Confirmation Hearing Notice.

C.  **The Revised Voting Record Date is Appropriate Under the Circumstances**

25. Generally, the date used to determine which holders of claims against and interests in a debtor are entitled to vote on such debtor's plan of reorganization is the date the Court enters the order approving the disclosure statement for such plan. See Fed R. Bankr. P. 3017(d). Nonetheless, given the complexity of the Solicitation and Rights Offering Summary, the registrars of the Debtors' public securities and the Voting Agent in the Bankruptcy Cases may require advance notice to enable those responsible for assembling ownership lists of the publicly traded debt and equity securities and other Claims to prepare such lists as of a date certain. Accurate lists often cannot be prepared retroactively as to ownership on a prior date. Accordingly, the Debtors request that this Court exercise its authority under the Bankruptcy Rules to establish December 2, 2009 as the record date (the "Voting Record Date") for the

purpose of determining creditors entitled to receive Solicitation Packages, Confirmation Hearing Notices and appropriate notices of non-voting status, as applicable.

### D. The Rights Offering Summary and the Subscription Form are Appropriate Under the Circumstances

26. The Revised Plan also contemplates that certain holders of Claims in Class 11 shall have the right to participate in the optional purchase of equity in reorganized Six Flags (the "Offering"). As more fully set forth in the Revised Disclosure Statement, the Offering will take place along the same timeline as solicitation of voting on the Revised Plan, and will permit Class 11 Claim holders to purchase a pro rata share of equity in reorganized Six Flags pursuant to the procedures set forth in the Revised Disclosure Statement (the "Rights Offering Summary"). In addition, in connection with the Offering and on the Solicitation Commencement Date, the Voting Agent will distribute, or cause to be distributed, a subscription form (the "Subscription Form") (including instructions) substantially in the form attached, together with the Rights Offering Summary to the Revised Solicitation Order as Exhibit 8 to holders of Claims in Class 11. The Rights Offering Summary are attached to the Revised Solicitation Order as Exhibit 7 and are incorporated herein by reference. Pursuant to the Subscription Form, each holder of a claim in Class 11 that votes to confirm the Revised Plan may exercise its respective Subscription Rights. The Debtors submit that the Rights Offering Summary and the Subscription Form are appropriate under the circumstances and request the Court's approval in connection therewith.

### Notice

27. Notice of this Amended Solicitation Procedures Motion has been given, via overnight mail, to: (a) the U.S. Trustee; (b) counsel for the Committee; (c) counsel for the agent bank for the Prepetition Lenders; (d) the Debtors' prepetition indenture trustees; (e) the Securities and Exchange Commission; (f) the Internal Revenue Service; and (g) those parties

13

LEGAL_US_E # 85768066 6

RLF1 3506280v 1

who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors submit that no further notice is required.

## No Prior Request

28. No prior motion for the relief requested herein has been made to this or any other court.

LEGAL_US_E # 85768066 6

RLF1 3506280v 1

WHEREFORE, for the aforementioned reasons, the Debtors respectfully request that this Court enter the Revised Solicitation Order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as is just and proper. For the convenience of the Court and all parties-in-interest, a blackline of the Revised Solicitation Order against the proposed form of order attached to the Original Solicitation Procedures Motion is attached hereto as Exhibit B.

Dated: November 18, 2009
Wilmington, Delaware

Respectfully submitted,

*/s/ Zach Shapiro*

Daniel J. DeFranceschi (DE 2732)
L. Katherine Good (DE 5101)
Zachary I. Shapiro (DE 5103)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
       good@rlf.com
       shapiro@rlf.com

-and-

Paul E. Harner (IL 6276961)
Steven T. Catlett (IL 6269229)
Christian M. Auty (IL 6285671)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
191 North Wacker Drive, 30th Floor
Chicago, Illinois 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: paulharner@paulhastings.com
       stevencatlett@paulhastings.com
       christianauty@paulhastings.com

ATTORNEYS FOR DEBTORS AND DEBTORS IN POSSESSION