# EXHIBIT A

# [REVISED SOLICITATION ORDER]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
In re                                          : Chapter 11
                                               :
Premier International Holdings Inc., *et al*.,[1]  : Case No. 09-12019 (CSS)
                                               :
                Debtors.                       : (Jointly Administered)
                                               :
------------------------------------------------------------x  Re: Docket Nos. 817, 943 & ___

# ORDER APPROVING DEBTORS' MOTION (I) AMENDING PROPOSED SOLICITATION PROCEDURES ORDER AND (II) SEEKING APPROVAL OF REVISED TIMELINE IN CONNECTION THEREWITH

Upon the above-captioned debtors' and debtors-in-possessions' (collectively, the "Debtors") *Debtors' Motion for an Order (I) Approving the Disclosure Statement and Notice Thereof and (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code Including (A) Fixing the Voting Record Date, (B) Approving Solicitation Packages and Procedures for Distribution Thereof, and (C) Approving Forms of Ballots and Establishing Procedures for Voting on the Plan; and (III) Scheduling a Confirmation Hearing and Establishing Notice and Objection Procedures in Respect of Confirmation of the Plan; and (IV)*

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin)

RLF1 3504230v.1
LEGAL_US_E # 85768793.4
RLF1 3506278v.1

*Granting Related Relief* [Docket No. 817] (as amended by the *Debtors' Motion (I) Amending Proposed Solicitation Procedures and (II) Seeking Approval of Revised Timeline in Connection Therewith*, the "Motion")[2] for entry of an order, pursuant to sections 105, 1123, 1125, 1126 and 1128 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 2002, 3001, 3003, 3017, 3018, 3020 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court (the "Court") for the District of Delaware (the "Local Rules"), for entry of an order (i) approving the Revised Disclosure Statement; (ii) approving notice and objection procedures for the Disclosure Statement Hearing; (iii) establishing procedures for the solicitation and tabulation of votes to accept or reject the Revised Plan, including: (a) fixing the voting record date for purposes of determining which holders of Claims are entitled to vote on the Revised Plan, (b) approving solicitation packages and procedures for distribution thereof in connection with the solicitation of votes on the Revised Plan and (c) approving forms of ballots and notices of non-voting status and establishing procedures for voting on the Revised Plan; (iv) scheduling a Confirmation Hearing and establishing notice and objection procedures in respect thereof; and (v) granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Plan (as defined in the Motion), as appropriate

2

Motion having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

A. Service of the Notices of the Disclosure Statement Hearing, in substantially the form annexed hereto as Exhibit 1, comports with the requirements of Bankruptcy Rules 2002 and 3017.

B. The Revised Disclosure Statement contains adequate information within the meaning of Section 1125 of the Bankruptcy Code.

C. The Ballots annexed hereto as Exhibit 4 are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Bankruptcy Cases, and are appropriate for each Voting Class.

D. Ballots need not be provided to holders of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 4 (SFTP Prepetition Credit Agreement Claims), Class 6 (SFTP Partnership Parks Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims), Class 10 (SFO Partnership Parks Claims), Class 13 (SFI Partnership Parks Claims), Class 15 (Funtime, Inc. Unsecured Claims), Class 16 (Subordinated Securities Claims), Class 17 (Preconfirmation Subsidiary Equity Interests), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests). Holders of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 4 (SFTP Prepetition Credit Agreement Claims), Class 6 (SFTP Partnership Parks Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims), Class 10 (SFO Partnership Parks Claims), Class 13 (SFI Partnership Parks Claims) and Class 17 (Preconfirmation Subsidiary

3

Equity Interests) are Unimpaired under the Revised Plan, are not entitled to vote to accept or reject the Revised Plan and thus, pursuant to section 1126(f) of the Bankruptcy Code, are not required to receive a Ballot for such Claims or equity interests. Holders of Claims or equity interests in the Debtors in Class 15 (Funtime, Inc. Unsecured Claims), Class 16 (Subordinated Securities Claims), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests) are impaired under the Revised Plan, shall neither receive nor retain any property under the Revised Plan on account of such Claims or equity interests, are deemed to reject the Revised Plan, are not entitled to vote to accept or reject the Plan and thus, pursuant to section 1126(g) of the Bankruptcy Code, are not required to receive a Ballot for such Claims or equity interests.

E. Ballots need not be provided to holders of Administrative Expense Claims, Priority Tax Claims and Professional Compensation and Reimbursement Claims, because such claims are not classified under the Revised Plan.

F. The solicitation procedures in the Motion, which are incorporated by reference herein, and the voting instructions and procedures attached to the Ballots, provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

G. The contents of the Solicitation Packages, as set forth in the Motion and this Order, comply with Bankruptcy Rules 2002 and 3017 and, pursuant to Bankruptcy Rule 9006(c), constitute sufficient notice to all interested parties including, without limitation, holders of Claims and equity interests in the Debtors.

H. The Rights Offering Summary and Subscription Form, attached hereto as <u>Exhibit 7</u>, are appropriate under the circumstances and are hereby approved.

I. The direct notice of the Disclosure Statement Hearing and the combination of direct and published notice of the Confirmation Hearing, as set forth in the Motion and this Order, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Disposition. The Motion is granted in its entirety.

2. Disclosure Statement. The Revised Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code, and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code. Any objections to the Motion or the Revised Disclosure Statement that have not previously been settled or withdrawn are hereby overruled.

3. Revised Voting Record Date. The record date for purposes of determining which holders of Claims and equity interests in the Debtors are entitled to receive the Solicitation Packages, the Rejecting Class Notices, the Unimpaired Notices of Non-voting Status, and the Rejecting Class Notice and to vote on the Revised Plan, as applicable, shall be December 2, 2009 (the "Revised Voting Record Date"). Each holder of a Claim in a Voting Class shall only be entitled to vote to accept or reject the Revised Plan in the amount and Class as is held as of the Revised Voting Record Date or as otherwise ordered by the Court.

4. Solicitation Packages. On December 4, 2009 (the "Revised Solicitation Commencement Date"), or as soon as reasonably practicable thereafter, but no later than December 11, 2009, the Debtors are authorized and directed to distribute, or cause to be distributed, the Solicitation Packages, by first class mail, to all holders of Claims in Voting Classes as of the Revised Voting Record Date. Such Solicitation Packages shall contain:

a. a CD-ROM containing the Revised Disclosure Statement, together with the Revised Plan and other exhibits annexed thereto;

b. this Order, excluding exhibits annexed hereto;

c. the Confirmation Hearing Notice;

d. an appropriate Ballot, together with a return envelope; and

e. such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtors may file with the Court.

5. In addition, holders of Claims in Class 11 (SFO Unsecured Claims) shall, in addition to receiving a Solicitation Package, receive a Subscription Form and Instructions, substantially in the form attached hereto as <u>Exhibit 8</u>.

6. The Debtors are authorized, but not directed, to distribute the Revised Disclosure Statement and Revised Plan on CD-ROM, <u>provided</u>, <u>however</u>, that any party receiving the CD-ROM may request, at the Debtors' expense, hard copies of the Revised Disclosure Statement, together with the Revised Plan and other exhibits annexed thereto, from the Voting Agent.

7. To the extent that the following parties are not otherwise entitled to receive a Solicitation Package, on the Revised Solicitation Commencement Date, the Debtors shall commence distribution of (a) the CD-ROM containing the Revised Disclosure Statement, together with the Revised Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed hereto and (c) the Confirmation Hearing Notice to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the agent bank for the Prepetition Lenders; (iv) the Debtors' prepetition indenture trustees; (v) the Securities and Exchange Commission; and (vi) those parties who have requested notice pursuant to Bankruptcy Rule 2002.

8. To the extent that holders of Administrative Expense Claims, Priority Tax Claims and Professional Compensation and Reimbursement Claims are not otherwise entitled

6

to receive a Solicitation Package, on the Revised Solicitation Commencement Date, the Debtors will commence distribution of (a) the CD-ROM containing the Revised Disclosure Statement, together with the Plan and other exhibits annexed thereto, (b) this Order, excluding exhibits annexed hereto, and (c) the Confirmation Hearing Notice, to all holders of such Claims.

9. A transferee of any transferred Claim in a Voting Class shall be entitled to receive a Solicitation Package and cast a Ballot on account of such transferred Claim only if: (a) all actions necessary to effect the transfer of such Claim pursuant to Bankruptcy Rule 3001(e) have been completed on or before the Revised Voting Record Date; or (b) no later than the Revised Voting Record Date, the transferee files (i) the documentation required by Bankruptcy Rule 3001(e) to evidence that transfer of such Claim and (ii) a sworn statement of the transferor supporting the validity of such transfer.

10. To the extent practicable, holders who hold more than one Claim or equity interest in the Debtors in more than one Class entitled to receive a Solicitation Package shall only receive one Solicitation Package containing all necessary Ballots.

11. The Solicitation Package and the manner and service thereof satisfy the requirements of Bankruptcy Rule 3017(d).

12. Transferred Claims. If a Claim is transferred after the transferor has completed and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder, as of the Revised Voting Record Date, of such transferred Claim.

13. Delivery to Holders of Unimpaired Claims or Equity Interests. The Unimpaired Notice of Non-Voting Status, substantially in the form annexed hereto as Exhibit 2, is hereby

7

approved. The Debtors are not required to transmit a Solicitation Package to holders of Claims or equity interests in the Debtors in Class 1 (Other Priority Claims), Class 2 (Secured Tax Claims), Class 3 (Other Secured Claims), Class 4 (SFTP Prepetition Credit Agreement Claims), Class 6 (SFTP Partnership Parks Claims), Class 7 (SFTP and SFTP Subsidiary Unsecured Claims), Class 10 (SFO Partnership Parks Claims), Class 13 (SFI Partnership Parks Claims) and Class 17 (Preconfirmation Subsidiary Equity Interests) unless such a holder makes a specific written request to the Voting Agent for the same. Upon the Revised Solicitation Commencement Date, but no later than December 11, 2009, the Debtors shall distribute, or cause to be distributed, by first class mail, a Confirmation Hearing Notice and an Unimpaired Notice of Non-Voting Status to such holders as of the Revised Voting Record Date.

14. **Notices to Deemed to Reject Classes.** The Rejecting Class Notice, substantially in the form annexed hereto as <u>Exhibit 3</u>, is hereby approved. The Debtors are not required to transmit a Solicitation Package to holders of Claims or equity interests in the Debtors in Class 15 (Funtime, Inc. Unsecured Claims), Class 16 (Subordinated Securities Claims), Class 18 (Preconfirmation SFO Equity Interests) and Class 19 (Preconfirmation SFI Equity Interests) unless such a holder makes a specific written request to the Voting Agent for the same. Upon the Revised Solicitation Commencement Date, but no later than December 11, 2009, the Debtors shall distribute, or cause to be distributed, by first class mail, a Confirmation Hearing Notice and an Unimpaired Notice of Non-Voting Status to such holders as of the Revised Voting Record Date.

15. **Undeliverable or Returned Notices and Solicitation Packages.** The Debtors shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtors mailed Notices of the Disclosure Statement Hearing or any other notices

or materials approved for distribution pursuant to this Order and received any of such notices returned by the United States Postal Service or other carrier marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address; and (b) the Debtors shall be excused from re-mailing the Solicitation Package, or other notices, as the case may be, to those persons or entities whose addresses differ from the addresses in the claims register or the Debtors' records as of the Revised Voting Record Date. If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party-in-interest, not the Debtors, to advise the Voting Agent or the Debtors of its new address.

16. <u>Approving Forms of Ballots, Distribution Thereof</u>. The Ballots, substantially in the forms annexed hereto as <u>Exhibit 4</u>, are hereby approved.

17. <u>Revised Voting Deadline</u>. For a Ballot to be counted, the original Ballot must be properly executed, completed, delivered to, and received by the Voting Agent on or before January 6, 2010 at 5:00 p.m. (Pacific Standard Time) (the "<u>Revised Voting Deadline</u>").

18. <u>Appointment of Kurtzman Carson Consultants LLC as Voting Agent</u>. Kurtzman Carson Consultants LLC (the "<u>Voting Agent</u>") is authorized to perform all Balloting Services and all services incidental thereto, including, without limitation and to the extent appropriate, any services required to implement the Offering.

19. <u>Ballot Tabulation</u>. All original Ballots must be delivered to the Voting Agent by first class mail postage prepaid in the return envelope provided with the Ballot, by personal delivery, or by overnight courier, addressed to the address set forth on such Ballot.

9

RLF1 3504230v 1
LEGAL_US_E # 85768793 4
RLF1 3506278v 1

20. If, for purposes of voting on the Revised Plan, (a) any party wishes to have its Claim allowed in a manner that is inconsistent with the Ballot it received; or (b) any party that did not receive a Ballot wishes to have its Claim temporarily allowed for voting purposes only, such party must serve on the Debtors and the Majority Backstop Purchasers (as such term is defined in the Revised Plan) and file with the Court, on or before the later of (i) ten (10) days after service of the Confirmation Hearing Notice or (ii) fifteen (15) days after the date of service of notice of objection on such party to any of such party's underlying Claims, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>"). A 3018 Motion must set forth with particularly the amount and classification such party believes its Claim should be allowed for voting purposes, and supporting evidence.

21. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted (a) in the amount established by the Court in an order entered on or before the Revised Voting Deadline or (b) if such an order has not been entered by the Revised Voting Deadline and unless the Debtors and the Majority Backstop Purchasers and the party have come to an agreement as to the relief requested in the 3018 Motion, in an amount equal to the preprinted amount on the Ballot or in the event a party did not receive a Ballot, such party shall not have a Ballot counted at all. **The Court shall hear any timely-filed 3018 motion on _____, 2009 at \_\_:\_\_\_.m. (Eastern Standard Time).**

22. Unless a 3018 Motion is timely-filed in accordance with the procedures set forth above, if a Claim in a Voting Class is identified as contingent, unliquidated, or disputed, or if a Claim is otherwise deemed disputed under the Revised Plan, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

10

23. Except as otherwise provided by the express terms of this Order, any Ballot received after the Revised Voting Deadline shall not be counted, unless the Debtors waive or extend the Voting Deadline.

24. If a party casts more than one Ballot voting the same Claim(s) before the Revised Voting Deadline, the last Ballot received before the Revised Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots. If a holder of Claims casts Ballots that are received by the Voting Agent on the same day, but which are voted inconsistently, such Ballots shall not be counted.

25. Creditors with multiple Claims within a particular Voting Class shall vote all of their Claims within such Class either to accept or reject the Revised Plan and may not split their vote(s). Accordingly, an individual Ballot that partially rejects and partially accepts the Revised Plan shall not be counted. On account of this, to the extent that a party asserts numerous Claims in a single Voting Class, each such party shall only be allowed one (1) vote for that Class, and only be allowed to submit a single Ballot representing its vote to accept or reject the Revised Plan with respect to such Class. Notwithstanding the foregoing, a holder of Claims in more than one Voting Class shall submit a separate Ballot for each class of Claims.

26. In addition to the foregoing, the following types of Ballots will not be counted in determining whether the Revised Plan has been accepted or rejected:

   a. Any Ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Revised Plan, or that indicates both an acceptance and rejection of the Revised Plan;

   b. Any Ballot received after the Revised Voting Deadline, unless the Debtors extend or waive such deadline;

11

  c.   Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

  d.   Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  e.   Any Ballot cast by a person or entity that does not hold a Claim in a Voting Class;

  f.   Any unsigned or non-original Ballot; or

  g.   Any Ballot transmitted to the Voting Agent by facsimile or other electronic means.

27. The Debtors propose that the following voting procedures and standard assumptions be used in tabulating the ballots:

  a.   The method of delivery of Ballots to be sent to the Voting Agent or Master Ballot Agent, as applicable, is at the election and risk of each creditor, but such delivery will be deemed made only when the original, executed Ballot is actually received by the Voting Agent;

  b.   The Debtors, in their sole discretion, subject to contrary order of the Court, may waive any defect in any Ballot at any time including failure to timely file such Ballot, either before or after the Revised Voting Deadline, and without notice or further order of the Court. Notwithstanding the foregoing and except as provided below, Debtors may, in their sole discretion, reject any defective Ballot as invalid and therefore, decline to utilize it in connection with confirmation of the Revised Plan;

  c.   After the Revised Voting Deadline, no vote may be withdrawn or modified without the prior consent of the Debtors;

  d.   Subject to any contrary order of the Court, the Debtors reserve the absolute right to reject any and all Ballots not proper in form;

  e.   Unless waived by the Debtors or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtors (or the Court) determine, and unless otherwise ordered by the Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived; and

12

f. None of the Debtors, the Voting Agent or any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will any of them incur any liabilities for failure to provide such notification. Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

28. Except as otherwise provided herein, each holder of a Claim in a Voting Class shall be entitled to vote the amount of such Claim as is held as of the Revised Voting Record Date.

29. <u>Plan Confirmation</u>. The Confirmation Hearing shall be held before this Court on the following dates and times: _____ (prevailing Eastern Time) (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Revised Plan. The Confirmation Hearing may be continued from time to time by the Debtors without further notice.

30. Objections, if any, to confirmation of the Revised Plan shall: (i) be made in writing; (ii) conform to the Bankruptcy Rules and Local Rules; (iii) state the name and address of the objecting party and the amount and nature of the Claim or interest of such party; (iv) state with particularity the legal and factual basis and nature of any objection to the Revised Plan and, if practicable, provide a proposed modification to the Revised Plan that would resolve such objection; and (v) be filed with the Court, together with proof of service, and served so that they are received on or before January 6, 2010 at 4:00 p.m. (Eastern Standard Time) (the "<u>Revised Plan Objection Deadline</u>") by the following parties: (i) counsel for the Debtors, Paul Hastings, Janofsky & Walker, LLP, 191 North Wacker Drive, 30th Floor, Chicago, IL 60606 (Attention: Paul E. Harner, Esq. and Steven T. Catlett, Esq.), and Richards, Layton & Finger, P.A., One Rodney Square, 920 King Street, Wilmington, Delaware 19801 (Attention: Daniel J. DeFranceschi, Esq.); (ii) counsel for the Creditors' Committee, Brown

13

Rudnick LLP, One Financial Center, Boston, Massachusetts 02111 (Attention: Steven B. Levine, Esq.), Brown Rudnick LLP, Seven Times Square, New York, New York 10035 (Attention: Neal D'Amato, Esq.), and Pachulski, Stang, Ziehl & Jones LLP, 919 Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Attention: Laura Davis Jones, Esq.); (iii) counsel for the agent bank for the Prepetition Lenders, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017-3954 (Attention: Kenneth S. Ziman, Esq.); (iv) counsel for the Informal Committee, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attention: Shaya Rochester, Esq.); and (v) the U.S. Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801 (Attention: Richard L. Schepacarter, Esq.).

31. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Revised Plan Objection Deadline shall be deemed overruled.

32. The Debtors may file their reply to any timely-filed objections to the Revised Plan and any affidavits, declarations and/or memoranda of law in support of the Revised Plan, one (1) business day prior to the Confirmation Hearing; provided, that in no event shall the reply deadline be less than three calendar days after the deadline for filing an objection to entry of the Confirmation Order, unless otherwise ordered by the Court or agreed to by parties in interest.

33. The Confirmation Hearing Notice and the Publication Notice, substantially in the forms annexed hereto as Exhibits 5 and 6, respectively, are approved in all respects. The Confirmation Notice shall be served on the Voting Classes on December 11, 2009 and on non-Voting Classes, and all other parties entitled to receive such notice, on December 11, 2009. In

addition, the Debtors shall publish the Publication Notice, on one occasion, on December 12, 2009, in the National Edition of *USA Today*. Pursuant to Bankruptcy Rules 2002 and 9006, the scope of such notices is adequate and provides all known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

34. The Debtors are authorized to make any non-material and non-substantive changes to the voting procedures, Ballots, Revised Plan, Revised Disclosure Statement, notices of non-voting status, the Notices of the Disclosure Statement Hearing and/or forms of the mailed and published notices of the Confirmation Hearing, without further order of this Court, including, without limitation, changes to correct typographical, grammatical, formatting errors or omissions, prior to the mailing or re-mailing to parties-in-interest.

35. The Debtors are authorized to take or refrain from taking any action consistent with the Bankruptcy Code and the Bankruptcy Rules necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court.

36. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

37. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009  
       Wilmington, Delaware                    THE HONORABLE CHRISTOPHER S. SONTCHI  
                                                UNITED STATES BANKRUPTCY JUDGE