IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| Premier International Holdings Inc., et al.,[1] | ) Case No. 09-12019 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket No. 1079** |
| | ) **Hearing Date: TBD** |
| | ) **Objection Deadline: TBD** |

**EMERGENCY MOTION OF THE SFI NOTEHOLDERS FOR AN ORDER AUTHORIZING AND DIRECTING THE FILING UNDER SEAL CERTAIN EXHIBITS TO ITS (I) EMERGENCY MOTION FOR AN ORDER TERMINATING THE DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON AND (II) OBJECTION TO THE DEBTORS' MOTION TO EXTEND THEIR EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON**

The Ad Hoc Committee of Six Flags Noteholders (the "SFI Noteholders"),[2] as holders and investment advisors to holders of senior notes (the "SFI Notes") issued by Debtor Six Flags, Inc. ("SFI"), hereby file this motion (the "Motion to Seal") for an order, pursuant to sections 105(a) and 107(b) of title 11, United States Code, 11 U.S.C. §§ 101 et. seq. (the "Bankruptcy Code"), and Rule 9018 and 9018-1(b) of the

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016).

[2] The SFI Noteholders are Stark Investments, CQS, Tricadia Capital Management, LLC, 1798 Global Partners, Capital Ventures International, and Altai Capital Management.

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing and directing the filing under seal of the exhibit (the "Exhibit") to be filed in support of the SFI Noteholders' (i) emergency motion (the "Motion to Terminate Exclusivity") for an order terminating the Debtors' exclusive periods (the "Exclusive Periods" or "Exclusivity") in which to file a chapter 11 plan and solicit votes thereon and (ii) objection to the Debtors' motion to extend their Exclusivity, and respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. §§ 157, 1331, and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. Contemporaneously with the filing of this Motion to Seal, the SFI Noteholders are filing the Motion to Terminate Exclusivity,[3] which seeks termination of the Debtors' Exclusive Periods [Docket No. 943].

3. The SFI Noteholders argue in the Motion to Terminate Exclusivity that the interests of SFI's estate and its creditors are not adequately represented, and that such lack of adequate representation is illustrated by the Second Amended Plan proposed by the Debtors. To further illustrate the lack of adequate representation of SFI's creditors' interests, the SFI Noteholders have proposed an alternative plan (the "SFI Noteholder Plan"). In order to enable the Court to fully consider this argument, the SFI Noteholders are annexing hereto the draft SFI Noteholder Plan as Exhibit A.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Terminate Exclusivity.

4. The SFI Noteholders will serve the Debtors, the official committee of unsecured creditors appointed in these cases (the "Creditors' Committee"), and the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") with Exhibit A. However, because the Debtors' Exclusive Periods have not expired or been terminated, the SFI Noteholders respectfully request that the Exhibit be filed under seal to prevent any confusion, misunderstanding, or mistaken impression of a perceived violation of section 1121(c) of the Bankruptcy Code.

## RELIEF REQUESTED

5. By this Motion to Seal, the SFI Noteholders request entry of an order, substantially in the form submitted herewith, authorizing them to file under seal the confidential Exhibit annexed hereto, in order to prevent confusion, misunderstanding, or a mistaken impression of a perceived violation of section 1121(c) of the Bankruptcy Code, while allowing this Court and certain other parties in interest to consider the Exhibit in connection with the relief requested in the Motion to Terminate Exclusivity.

## BASIS FOR RELIEF

6. Every court has supervisory power over its own records and files, and a court can deny access to certain records and files where the court files may be used for improper purposes. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 n.8 (1978).

7. In the context of bankruptcy proceedings, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the

authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b).

8. Bankruptcy Rule 9018 similarly contemplates such relief, providing that "[o]n motion . . . with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. Local Rule 9018-1 requires any party who seeks to file documents under seal to file a motion to that effect. Del. Bankr. L.R. 9018-1(b).

9. Once it is established that information sought to be protected can be categorized as confidential commercial information, "the court is required to protect a requesting interested party and has no discretion to deny the application." See In re Orion Pictures Corp., 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); see also In re Farmland Indus., Inc., 290 B.R. 364 (Bankr. W.D. Mo. 2003).

10. Information has been held to be confidential commercial information, and thus placed under seal, inter alia, (i) when the information contained the method by which a potential lender assessed credit risk in determining whether to engage in certain transactions with the debtor, In re Am. Bus. Fin. Servs., Inc., No. 05-10203 (MFW), 2008 WL 3906894 (Bankr. D. Del. Aug. 20, 2008), (ii) when it consisted of a list of investors, In re Northstar Energy, Inc., 315 B.R. 425, 430-31 (Bankr. E.D. Tex. 2004), and (iii) when it included a financing agreement between the debtor and pre-petition lenders, Farmland Indus., 290 B.R. at 369-70.

11. In this instance, it is appropriate to allow the Exhibit, which contains substantial confidential commercial information, to be filed under seal and made

available only to the Court and entities directly involved in the dispute regarding the Motion to Terminate Exclusivity.

12. Additionally, although section 1121 of the Bankruptcy Code does not permit the filing of any competing plan of reorganization until the termination or expiration of a debtor's exclusive periods, the Exhibit is not being filed with the Court to begin the approval and solicitation process, but solely in support of the SFI Noteholders' Motion to Terminate Exclusivity. See In re Century Glove, 860 F.2d 92 (3d Cir. 1988) (holding that a party does not solicit acceptances of a plan in violation of section 1121(c) when it presents a draft plan for consideration but does not request any voting on such plan); see also In re Pliant Corp., No. 09-10443 (MFW) (Bankr. D. Del. June 12, 2009) (permitting creditor to file a competing plan under seal during the debtors' exclusive periods).

13. Allowing the submission of the Exhibit under seal will allow the Court and the parties to the Motion to Terminate Exclusivity dispute to consider the existence of the SFI Noteholder Plan in connection with the relief sought in the Motion to Terminate Exclusivity while preventing any confusion, misunderstanding, or mistaken impression of a perceived violation of section 1121(c) of the Bankruptcy Code.

14. Accordingly, the SFI Noteholders respectfully submit that the Court should authorize and direct the filing under seal of the Exhibit.

## NOTICE

15. Notice of this Motion to Seal will be served upon the Debtors, the Creditors' Committee, the administrative agent to the Debtors' prepetition secured

lenders, those parties requesting notice pursuant to Bankruptcy Rule 2002, and the U.S. Trustee. The SFI Noteholders respectfully submit that no other or further notice is necessary under the circumstances.

## CONCLUSION

WHEREFORE, the SFI Noteholders respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, (i) authorizing and directing that the SFI Noteholders file the Exhibit under seal, and (ii) granting such other relief as the Court deems just and proper.

Dated: November 30, 2009
Wilmington, Delaware

BAYARD, P.A.

_____
Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

Thomas E Lauria
J. Christopher Shore
John K. Cunningham
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard,
49th Floor
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Attorneys for the SFI Noteholders*