# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| Premier International Holdings Inc., et al.,[1] | ) Case No. 09-12019 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket No. 1079** |
| | ) **Hearing Date: Not Applicable** |
| | ) **Objection Deadline: Not Applicable** |

## MOTION OF SFI NOTEHOLDERS FOR EMERGENCY HEARING AND TO SHORTEN NOTICE WITH RESPECT TO THEIR (I) EMERGENCY MOTION FOR AN ORDER TERMINATING THE DEBTORS' EXCLUSIVE PERIODS IN WHICH TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON AND (II) OBJECTION TO THE DEBTORS' MOTION TO EXTEND THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON

The Ad Hoc Committee of Six Flags Noteholders (the "SFI Noteholders"),[2] as holders and advisors to holders of senior notes (the "SFI Notes") issued by Debtor Six Flags, Inc. ("SFI", and together with its affiliated debtors and debtors in possession, the "Debtors"), hereby file this emergency motion (the "Motion to Shorten Notice") pursuant to Rule 9006(c)(1) of the Federal Rules of Bankruptcy

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016).

[2] The SFI Noteholders are Stark Investments, CQS, Tricadia Capital Management, LLC, 1798 Global Partners, Capital Ventures International, and Altai Capital Management.

Procedure (the "Bankruptcy Rules") and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") for an emergency hearing and to shorten the notice period with respect to the SFI Noteholders' (i) emergency motion (the "Motion to Terminate Exclusivity") for entry of an order pursuant to section 1121(d) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") terminating the Debtors' exclusive periods (the "Exclusive Periods" or "Exclusivity") to file a chapter 11 plan and solicit votes thereon and (ii) objection to the Debtors' Motion to extend their Exclusivity, and respectfully represent as follows:

## BACKGROUND

1. The relevant background facts are recited in the Motion to Terminate Exclusivity,[3] filed concurrently herewith.

## RELIEF REQUESTED

2. The SFI Noteholders seek an emergency hearing and to shorten the period for notice of the hearing on the Motion to Terminate Exclusivity so that this Court may consider the Motion to Terminate Exclusivity on an expedited basis, and respectfully request that any such hearing be held as soon as is practicable and convenient for the Court, but in no event later than December 4, 2009, with objections, if any, to be filed and served prior to the hearing.

## BASIS FOR RELIEF

3. Local Rule 9006-1(c)(1) provides that all motions must be filed and served at least fifteen days (eighteen if served by mail) prior to the hearing date,

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Terminate Exclusivity.

unless the Bankruptcy Rules state otherwise. Local Rule 9006-1(e) further provides that a court may schedule a motion on less notice upon "written motion (served on all interested parties) specifying the exigencies justifying shortened notice."

4. Exigent circumstances exist here to shorten the notice period with respect to the hearing on the Motion to Terminate Exclusivity. The Motion to Terminate Exclusivity seeks, among other things, to terminate the Debtors' Exclusive Period. Termination of the Exclusive Periods is in the best interest of the Debtors' creditors and estates for several reasons. First, the Second Amended Plan and Second Amended Disclosure Statement raise serious questions regarding the inherent problems with the process currently being employed by the Debtors, especially given the obvious conflicts between the various Debtor estates. In particular, the Debtors' Second Amended Plan, as proposed, is not confirmable in that, among other reasons, a majority of the holders of SFI Notes have already indicated that they will not support it.

5. Second, the Disclosure Statement raises a number of questions with respect to the role of the SFI Board in negotiating and formulating the current plan and the basis for contributing assets of SFI—the value of which may only be used to satisfy claims of SFI's creditors—to a plan that distributes substantially all of the Company's value to creditors of other Debtors.

6. Finally, and most importantly, the Court should terminate the Debtors' Exclusivity to permit the SFI Noteholders to submit their alternative plan proposal and disclosure statement in connection therewith for consideration and approval. Under the SFI Noteholder Plan, all creditors will receive the same or increased recoveries compared to those proposed under the Debtors' Second Amended Plan. As further

developed in the Motion to Terminate Exclusivity, the SFI Noteholder Plan maximizes the recoveries of all creditors and more fairly allocates the value of the Debtors' estates. Put simply, more time is needed for the parties in interest to evaluate the SFI Noteholder Plan and determine whether such plan is superior to that of the other proposed plans. Thus, a hearing to consider approval of the Second Amended Disclosure Statement and the Financing Motions is inappropriate at this time and the Court should hold a hearing on an expedited basis to consider this Motion

7. No party interest will be prejudiced by the hearing of this Motion on an expedited basis, while any delay in the hearing is likely to result in harm to the SFI Noteholders and other creditors. In particular, given that the SFI Noteholder Plan is prepared and ready to be presented, a hearing on the Debtors' Disclosure Statement and Second Amended Plan, without consideration of the SFI Noteholder Plan, will disadvantage all creditors and could potentially result in a waste of judicial resources.

**[Remainder of Page Intentionally Left Blank]**

WHEREFORE, the SFI Noteholders respectfully request that the Court (i) approve a shortened notice period for the hearing to consider the Motion, and (ii) grant such other and further relief as the Court deems just and proper.

Dated: November 30, 2009
Wilmington, Delaware

BAYARD, P.A.

Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

Thomas E Lauria
J. Christopher Shore
John K. Cunningham
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard,
49th Floor
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Attorneys for the SFI Noteholders*