# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | ) Chapter 11 |
| | ) |
| Premier International Holdings Inc., *et al.*,[1] | ) Case No. 09-12019 (CSS) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Related to Docket Nos. 1021, 1090, 1117** |
| | ) **Hearing Date: TBD** |
| | ) **Objection Deadline: TBD** |

## THE SFI NOTEHOLDERS' (I) EMERGENCY MOTION, PURSUANT TO RULE 9023 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO REOPEN THE RECORD IN CONNECTION WITH APPROVAL OF THE DEBTORS' DISCLOSURE STATEMENT AND (II) SUPPLEMENTAL OBJECTION TO THE DEBTORS' PROPOSED SCHEDULING IN CONNECTION WITH CONFIRMATION OF THE DEBTORS' PROPOSED PLAN AND RELATED PROCEEDINGS

The Ad Hoc Committee of Six Flags Noteholders (the "SFI Noteholders"),[2] as holders and investment advisors to holders of senior notes (the "SFI Notes") issued by Debtor Six Flags, Inc. ("SFI," and collectively with its affiliated debtors and debtors in possession, the "Debtors" or the "Company"), hereby files this (i) emergency motion, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, to reopen the record in connection with approval of

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016).

[2] The SFI Noteholders are Stark Investments, CQS, Tricadia Capital Management, LLC, 1798 Global Partners, Capital Ventures International, Altai Capital Management, H Partners Management LLC, Bay Harbour Management, Pentwater Capital Management LP and their affiliates.

the Debtors' disclosure statement [Docket No. 1117] (as it may be further amended, the "Disclosure Statement") in connection with the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code [Docket No. 1116] (as it may be further amended, the "Debtors' Plan") and (ii) supplemental objection to the Debtors' proposed scheduling in connection with confirmation of the Debtors' Plan and related proceedings (the "Motion"). The SFI Noteholders respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. The SFI Noteholders request that the Court reopen the record to consider new evidence in connection with the Court's consideration of approval of the Disclosure Statement. In addition, for the reasons set forth herein and the reasons set forth in the previously filed omnibus objection to, among other things, the proposed scheduling in connection with confirmation of the Debtors' Plan and related proceedings (the "Solicitation Procedures Motion") [Docket No. 1090], the SFI Noteholders request that the Court deny the Solicitation Procedures Motion, in part, to allow sufficient time to consider the UBS Financing (as defined below) and the Debtors' proposed scheduling for the first week of January 2010 for objections to and hearing on confirmation of the Debtors' Plan and related proceedings. Concurrently herewith the SFI Noteholders are filing a motion for an emergency hearing and to shorten notice requesting that the Court hold a hearing to consider the relief requested in this Motion as soon as is practicable, but in any event, no later than immediately prior to the solicitation of the Debtors' Plan.

## BASIS FOR RELIEF

3. On Wednesday, December 9, 2009, the SFI Noteholders were informed by UBS Investment Bank ("UBS") that UBS, within a very short period of time, would be in a position to raise a fully-committed backstop for new debt for the Debtors of approximately $1.2 billion (the "UBS Financing"). The UBS Financing would be funded as committed debt financing for the SFI Noteholder Plan in addition to the committed equity rights offering of at least $420 million proposed by the SFI Noteholders. The interest expressed by UBS on December 9, 2009 was the first time that the SFI Noteholders learned that the UBS Financing would be (i) for up to $1.2 billion and (ii) committed in a matter of days. The significance of this new development, which constitutes newly discovered evidence, warrants the relief requested herein. In short, the SFI Noteholders respectfully request that the distribution of the Disclosure Statement and solicitation of the Debtors' Plan take place no earlier than December 23, 2009.

4. As a principal of UBS shall attest, distribution of the Disclosure Statement and solicitation of the Debtors' Plan at the same time as UBS's arrangement of the UBS Financing could have an adverse impact on UBS's efforts. Thus, the obvious potential benefits of the UBS Financing support a brief delay of distribution of the Disclosure Statement and solicitation of the Debtors' Plan. The SFI Noteholders are mindful of the concerns expressed by the Court that delays in chapter 11 could be detrimental. However, the very short delay requested herein is necessary to allow the UBS Financing option to be fully and adequately considered by the Court, Debtors, their management and board of directors, and all other parties in interest in these cases.

5. The potential committed debt financing by UBS in the amount of up to $1.2 billion (coupled with at least $420 million of an equity rights offering by the SFI Noteholders) would dramatically expedite a swift and successful conclusion of these chapter 11

cases, with a 100% recovery to all creditors of the Debtors other than SFI's creditors (including payment in full in cash of the approximately $1.1 billion of prepetition secured debt), in the event that the Court determines that reinstatement is not permitted for any reason. Indeed, UBS believes that it will be able to provide a commitment letter for the UBS Financing in the amount of $1.2 billion in a matter of days. Such a short delay would not harm the Debtors' reorganization, whereas the potential benefit to all stakeholders is obvious and substantial.

6. In order to ensure that all parties in interest are able to fully and adequately consider the new UBS Financing option, the SFI Noteholders request that the Court hold a hearing on the Motion prior to the distribution of the Disclosure Statement and the solicitation of the Debtors' Plan. It is critical that the Debtors not commence solicitation before the UBS Financing can be finalized. If the Debtors' Plan is solicited before the UBS Financing is fully committed, such solicitation may chill the debt markets necessary to complete the $1.2 billion of new financing. Moreover, given the unique opportunities of the financial markets that currently exist today, UBS has advised the SFI Noteholders that there is a risk that such financing may not be committed unless obtained during the present window of availability. Therefore, it is imperative and in the best interest of the Debtors' estates and all creditor constituencies to briefly delay these proceedings to allow the UBS Financing to be considered. In that regard, it will also be critical that the Debtors and their advisors cooperate with UBS to the fullest extent necessary to secure the UBS Financing during this brief delay.

WHEREFORE, the SFI Noteholders respectfully request that the Court (i) reopen the record in connection with its consideration of approval of the Disclosure Statement, (ii) deny the Solicitation Procedures Motion, in part, to allow sufficient time to consider the UBS Financing, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: December 11, 2009
Wilmington, Delaware

BAYARD, P.A.

/s/ *Justin R. Alberto*
Neil B. Glassman (No. 2087)
GianClaudio Finizio (No. 4253)
Justin R. Alberto (No. 5126)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395

-and-

Thomas E Lauria
J. Christopher Shore
John K. Cunningham
WHITE & CASE LLP
Wachovia Financial Center
200 South Biscayne Boulevard,
49th Floor
Miami, Florida 33131
Telephone: (305) 371-2700
Facsimile: (305) 358-5744

*Attorneys for the SFI Noteholders*