IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Premier International Holdings, Inc., <u>et al.</u>,<br><br>Debtors. | Chapter 11<br>Case No. 09-12019 (CSS)<br>(Jointly Administered)<br><br>**Hearing Date & Time:  TBD**<br><br>**Objection Deadline:  TBD** |

### MOTION OF THE OFFICIAL COMMITTEE OF GENERAL UNSECURED CREDITORS TO COMPEL MEDIATION PRIOR TO CONFIRMATION HEARING

The Official Committee of Unsecured Creditors (the "Official Committee") of Premier International Holdings, Inc. and certain of its subsidiaries and affiliates (collectively, the "Debtors"), by and through its undersigned proposed co-counsel, hereby submits this motion (the "Motion") for entry of an order (the "Order") pursuant to Rule 9019-3(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") referring the pending litigation with respect to the Debtors' Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Debtors' Current Plan") to mediation. In support of this Motion, the Official Committee respectfully represents as follows:

### BACKGROUND

1. The Official Committee consists of creditors at all three (3) levels of the Debtors' capital structure -Six Flags Theme Parks, Inc ("SFTP"), Six Flags Operations, Inc. ("SFO") and Six Flags, Inc ("SFI"). As a fiduciary for all of such creditors, the Official Committee's primary objective is achieving confirmation of a plan of reorganization that fairly allocates the value of these estates amongst them and allows the Debtors to emerge as an economically viable

business.

2.	Until recently, the Official Committee was optimistic that this objective could be obtained through direct negotiations amongst the parties and understood that the Debtors were engaged in what appeared to be promising negotiations with the Ad Hoc Committee of SFI Noteholders (the "<u>SFI Noteholders Committee</u>").  It now appears, however, that shortly after the telephonic conference with the Court on February 16, 2010, such negotiations reached an impasse. Regretfully, it also seems that the principals and professionals for the SFO and SFI Noteholders Committees are not communicating directly with each other.

3.	 As the Court is aware, two plan alternatives have been put forward in this case: the Debtors Current Plan, of which the Informal SFO Noteholders Committee (the "<u>SFO Noteholders Committee</u>") is essentially a co-proponent, and the proposal of the SFI Noteholders Committee ("<u>SFI Proposal</u>").  The parties disagree as to whether either of these plan alternatives are confirmable or are premised on a fair valuation.

4.	The SFI Noteholders Committee and the Official Committee believe that the Debtors' Current Plan significantly undervalues the Debtors (amongst other confirmation objections), and will result in a more than 100% distribution to SFO Noteholders, particularly the Backstop Participants participating in a below-market rights offering. The parties are engaged in a hotly litigated discovery program in advance of a scheduled two-week confirmation hearing on such plan scheduled to begin on March 8.

5.	As evidence of their position on value, the SFI Noteholders Committee have stated they are willing to backstop at least a $550 million rights offering and that they have arranged another $1.275 billion in exit financing to fund the SFI Proposal.  On the other hand, the Debtors and the SFO Noteholders have alleged that the debt level envisioned by the SFI

Proposal is not feasible.[1]

## JURISDICTION

6. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## RELIEF REQUESTED

7. By this Motion, the Official Committee respectfully requests entry of an order, directing attorneys and principals for the four key parties in these cases - the Debtors, the Official Committee, the SFO Noteholders Committee and the SFI Noteholders Committee - to participate in mediation before a neutral United States Bankruptcy Judge, regarding the terms of a potential consensual plan prior to March 1, 2010.

## BASIS FOR RELIEF REQUESTED

8. Rule 9019-3(a) of the Local Rules states that "notwithstanding any provision of law to the contrary, the Court may refer a dispute pending before it to mediation . . ." Del. Bankr. LR 9019-3(a). Moreover, Local Rule 9019-5 clarifies that the Court's authority to assign a dispute to mediation broadly extends to disputes arising in an "adversary proceeding, contested matter or otherwise in a bankruptcy case." Del. Bankr. LR 9019-5(a). Accordingly, the Court possesses the authority to refer the plan confirmation litigation to meditation.

9. Moreover, the dispute regarding the Debtors' Current Plan is ripe for mediation. While the Official Committee believes that there is room for a compromise between the Debtors' Current Plan and the SFI Proposal that would avoid the uncertainties all

---

[1] Even though the SFO Noteholders would get paid full principal and accrued interest under the SFI Proposal, it appears that the SFO Noteholders Committee are fighting to retain the Debtors' Current Plan under which they will receive a distribution of stock which they and the Debtors assert is worth only 22.9% of such claims.

parties will face in a confirmation trial, it understands that the Debtors have not been successful in persuading the noteholder groups to make serious efforts to reach a middle ground.

10. The Official Committee is not interposing this Motion in an attempt to delay the confirmation hearing scheduled to start on March 8. To the contrary, it recognizes that the mediation would have to occur on an expedited basis during the next two weeks and that if it were unsuccessful, the confirmation hearing would go forward starting on March 8 as scheduled. See Bankr. LR 9019-5(b) (The assignment of a matter to meditation, unless otherwise ordered by the Court, "does not delay or stay discovery, pretrial hearing dates or trial schedules."). That is why this Motion is being brought on an expedited basis.

11. The Official Committee respectfully submits that all parties would be well served through the intervention of a neutral mediator, preferably a United States Bankruptcy Judge, to see if a consensual resolution of this case is possible.

12. Counsel to the Official Committee has notified counsel to the Debtors, SFO Noteholders Committee and the SFI Noteholders Committee of its intent to file this Motion.

## **NOTICE**

13. Notice of this Motion has been given to: (i) the U.S. Trustee; (ii) counsel to the Debtors; and (iii) those parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule 2002-1(b). In light of the nature of the relief requested herein, the Official Committee submits that no other or further notice is necessary.

## **NO PRIOR REQUEST**

14. No prior request for the relief sought in this Motion has been made to the Court or any other court.

15. WHEREFORE, the Official Committee requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u> that: (i) orders attorneys and principals for the Debtors, Official Committee, SFO Noteholders Committee and SFI Noteholders Committee to engage in mediation before a United States Bankruptcy Judge designated by the Court prior to March 1, 2010 and (ii) grants such other and further relief as may be equitable and just.

Dated: February 16, 2010  **PACHULSKI STANG ZIEHL & JONES LLP**
Wilmington, Delaware

/s/ Kathleen P. Makowski
Laura Davis Jones (Del. Bar No. [ ])
Kathleen P. Makowski (Del Bar No 3648)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
(302) 778-6401 (telephone)

-and-

**BROWN RUDNICK LLP**
Edward Weisfelner
Andrew S. Dash
Seven Times Square
New York, NY 10036
(212) 209-4900 (telephone)
(212) 209-4801 (facsimile)

-and-

Steven B. Levine
One Financial Center
Boston, MA 02111
(617) 856-8587 (telephone)
(617) 856-8201 (facsimile)

*Counsel for the Official Committee of Unsecured Creditors*