# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Premier International Holdings Inc., <u>et al.</u>, | : | Case No. 09-12019 (CSS) |
| Debtors. | : | (Jointly Administered) |
| | : | Re: Docket No. 1542 |

## OBJECTION OF THE SFO NOTEHOLDERS INFORMAL GROUP TO THE MOTION OF THE OFFICIAL COMMITTEE OF GENERAL UNSECURED CREDITORS TO COMPEL MEDIATION PRIOR TO CONFIRMATION HEARING

The SFO Noteholders Informal Committee (the "<u>Informal Committee</u>"), by and through its undersigned counsel, objects (the "<u>Objection</u>") to the Motion of the Official Committee of General Unsecured Creditors (the "<u>Creditors' Committee</u>") to Compel Mediation Prior to Confirmation Hearing [Docket No. 1542] (the "<u>Motion</u>").[1]  In support of the Objection, the Informal Committee respectfully submits as follows:

## **OBJECTION**

1.  By the Motion, the Creditors' Committee seeks an order directing the respective counsel and principals of the Debtors, the Creditors' Committee, the Informal Committee and the SFI Noteholders Committee to participate in mediation regarding the terms of a potential consensual plan on or before March 1, 2010.  For the reasons set forth in further detail below, the relief requested should be denied because the foregoing parties have irreconcilable views about value that cannot be bridged in any mediation and, therefore, ordering a mediation at this late stage of the proceedings would simply waste time and further estate and judicial resources, as

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

well as distract the parties from their preparations for the upcoming confirmation hearing scheduled to commence in only a few weeks on March 8, 2010.

2.  First, mediation is futile because the parties are worlds apart on valuation. The parties have wildly divergent views on nearly every fundamental issue in this case concerning valuation, and each side thinks the other has made material errors. Such disputes are incapable of meditation, especially at this late stage of these chapter 11 cases after numerous offers made by the Informal Committee to the Creditors' Committee have been rebuffed. Moreover, even if the Informal Committee and the Creditors' Committee were able to reach a consensual resolution (which is highly unlikely), mediation would nonetheless be ineffective because a resolution acceptable to the Creditors' Committee may very well *not* be acceptable to the SFI Noteholders Committee. Indeed, any consensual resolution with the SFI Noteholder Committee is virtually impossible at this point in time, given that the SFI Noteholders Committee and its professionals have repeatedly stated that they will only accept a plan under which SFI Noteholders own the reorganized company after it emerges from chapter 11.

3.  Second, the decision of the Creditors' Committee and the SFI Noteholders Committee to contest the Debtors' valuation has already resulted in an exorbitantly expensive and time-consuming litigation, which has entailed the exchange of thousands of pages of documents, dozens of depositions and numerous expert reports and rebuttals. A substantial portion of these expenses will be born by the Debtors' estates, and as the creditor constituency due to receive the majority of the equity under the Debtors' Current Plan, the members of the Informal Committee are effectively funding this litigation. A two-day long mediation would only further consume and waste estate resources to the detriment of all stakeholders.

4.      Third, a mediation would also waste judicial resources. If the relief requested is granted, a judge will be forced to read and carefully analyze over 600 pages of expert and rebuttal reports and then spend at least two days in mediation. If there were even a slim chance that the mediation could produce a consensual resolution, then the use of such judicial time and energy could be justified. However, as set forth above, mediation under these circumstances is pointless.

5.      Fourth, the Motion is based on the false premise that there are two competing plans on the table. See, e.g., Motion at ¶ 3. In fact, however, the Debtors' Current Plan is the only plan on the table. After months of promises and pronouncements, the SFI Proposal remains half-baked and illusory, as the SFI Noteholders Committee has failed to obtain committed debt financing, despite its repeated assertions *since November* that such committed debt financing is imminent. Moreover, even if the SFI Noteholders Committee is able at some point to deliver a fully executed commitment letter for its proposed debt financing, the SFI Proposal nonetheless suffers from numerous fatal defects that render it unconfirmable. Among other things, the SFI Proposal (a) fails to pay SFO Noteholders in full and therefore violates the absolute priority rule, (b) lacks the consent of Time Warner, which is essential for any confirmable plan, and perhaps most importantly, (c) requires at least $1.275 billion of new debt, which will create an unworkable capital structure, thereby rendering the plan unfeasible. Thus, contrary to the mistaken assertions of the Creditors' Committee in its Motion, there is only one viable plan available to the creditors of these estates. Mediation will not and cannot do anything to bridge the gap in two competing plans because there is in fact only one plan.

6.      In summary, the Informal Committee submits that a mediation at this late stage in these cases would be a useless exercise in light of the factual differences in the parties' views on

the value of these estates and the confirmability of the Debtors' Current Plan and the alternative proposed by the SFI Noteholders Committee. Accordingly, the parties should not be required to waste time and both estate and judicial resources on mediation and should instead be permitted to focus on the upcoming confirmation that is now only a few weeks away.

## CONCLUSION

WHEREFORE, the Informal Committee requests that the Court enter an order (i) denying the relief requested in the Motion, (ii) sustaining this Objection and (iii) granting such other relief as the Court deems just, proper and equitable.

Dated: February 22, 2010               Respectfully Submitted,

/s/ Howard A. Cohen
Howard A. Cohen (DE 4082)
Drinker Biddle & Reath LLP
1100 North Market Street, Suite 1000
Wilmington, DE 19801
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

- and -

Ira S. Dizengoff (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Shaya Rochester (admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Counsel to the Informal Committee