IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re                                                      : Chapter 11
:
Premier International Holdings Inc., *et al.*,[1]          : Case No. 09-12019 (CSS)
:
       Debtors.                                    : (Jointly Administered)
:
------------------------------------------------------------x  **Re: Docket No. 1935**

## ORDER EXTENDING THE EXCLUSIVE PERIOD DURING WHICH THE DEBTORS MAY SOLICIT ACCEPTANCES ON THE DEBTORS' JOINT PLAN OF REORGANIZATION

As set forth on the record of the hearing on confirmation of the *Debtors' Fourth Amended Joint Plan of Reorganization* [Docket No. 1226] on March 19, 2010, and on the record of the hearing on April 5, 2010 at 10:00 a.m. (Eastern Daylight Time), and upon consideration of the *Certification of Counsel Regarding Order Extending the Exclusive Period During Which the Debtors May Solicit Acceptances on the Debtors' Joint Plan of Reorganization*, dated April 5, 2010 (the "Certification of Counsel"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order extending the period during which the Debtors have the exclusive right to solicit acceptances of a chapter 11 plan in accordance

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

with section 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") (the "Exclusive Solicitation Period") from April 5, 2010 through and including April 29, 2010; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the Certification of Counsel is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and the Certification of Counsel in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due, adequate and sufficient notice of this matter having been given; and it appearing that no other notice need be given; and after due deliberation and the Court having found sufficient cause exists to extend the Exclusive Solicitation Period,

**IT IS HEREBY ORDERED THAT:**

1. The Exclusive Solicitation Period shall be extended from April 5, 2010 through and including April 29, 2010.

2. Notwithstanding anything to the contrary in this Order and except as limited by section 1121 of the Bankruptcy Code, the entry of this Order is without prejudice to the Debtors' right to seek a further extension of their exclusive periods under section 1121 of the Bankruptcy Code or the rights of any party in interest to oppose such request or move pursuant to section 1121 of the Bankruptcy Code to shorten such exclusivity periods.

3. Notwithstanding the potential applicability of Rules 8001, 8002 or otherwise, of the Federal Rules of Bankruptcy Procedure, this Order is effective immediately upon entry.

4. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: April 5, 2010
Wilmington, Delaware

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

3

RLF1 3556719v.2