IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 11
                                                         :
Premier International Holdings Inc., et al.,[1]          : Case No. 09-12019 (CSS)
                                                         :
    Debtors.                                             : (Jointly Administered)
                                                         :
                                                         : RE: DOCKET NO. 2150
---------------------------------------------------------x

## ORDER AMENDING CONFIRMATION ORDER [DOCKET NO. 2114]

The Court having entered the Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Modified Fourth Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code (the "Confirmation Order") on April 30, 2010 [Docket No. 2114]; and after due deliberation thereon and good cause appearing therefor, the Court hereby orders that the following clarification be made to the Confirmation Order:

The plan modification contained in paragraph 13 of the Confirmation Order is hereby restated in its entirety as decretal paragraphs 172, 173 and 174 of the Confirmation Order, as follows:

---

[1] The Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags, Inc. (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Debtors solely for purposes of notices and communications is 1540 Broadway, 15th Floor, New York, NY 10036 (Attn: James Coughlin).

"173. As part of the Plan and pursuant to the SFO Noteholders Commitment Letter, dated as of April 15, 2010, (the "SFO Noteholders Commitment Letter"), H Partners Management LLC and Bay Harbour Management LC (together, the "Conversion Purchasers") have agreed to assign and contribute 2016 Notes representing $69.5 million of Allowed SFO Note Claims (the "Contributed 2016 Notes") to SFI in exchange for shares of New Common Stock at an agreed exchange ratio and SFI has agreed to contribute the Contributed 2016 Notes to SFO for extinguishment and cancellation. The Conversion Purchasers shall take all such actions as are reasonably requested by the Debtors and/or the SFO Notes Indenture Trustee in order to effect the foregoing assignment, contribution, extinguishment and cancellation of the Contributed 2016 Notes as promptly as possible. In connection with the foregoing and solely for administrative convenience to facilitate the payment by the SFO Notes Indenture Trustee of the Allowed SFO Note Claims on the Effective Date (other than with respect to the Contributed 2016 Notes), on the Effective Date the Conversion Purchasers will transfer an aggregate amount of cash equal to $69.5 million (the "Temporary Advance") to the SFO Notes Indenture Trustee. The Temporary Advance shall be added to $400.5 million of cash paid to the SFO Notes Indenture Trustee by the Debtors (as provided below) and distributed to the holders of 2016 Notes as provided under the SFO Notes Indenture and as contemplated by the Plan. Upon the receipt by the Conversion Purchasers of their pro rata distributions in respect of their 2016 Notes, $69.5 million of such distributions shall be treated as a return of the Temporary Advance, and not as a payment of their 2016 Notes. The SFO Notes Indenture Trustee is directed not to cancel the Contributed 2016 Notes until after the Contributed 2016 Notes have been contributed to SFI and the Debtors have directed the SFO Notes Indenture Trustee to cancel the Contributed 2016 Notes. The Temporary Advance is not intended to have any economic or Tax consequences (other than those contemplated by the SFO Noteholders Commitment Letter). For United States federal tax purposes, (i) the contribution of the Contributed Notes to SFI in exchange for stock of SFI shall be treated as a tax-free contribution by the Conversion Purchasers to SFI pursuant to section 351 of the Internal Revenue Code, (ii) the Conversion Purchasers shall have a basis in the New Common Stock received in exchange for their Contributed 2016 Notes equal to the tax basis of the Contributed Notes exchanged therefor and (iii) the making and repayment of the Temporary Advance shall be ignored as a circular flow of cash; provided, however, the Debtor shall have no liability or obligation with respect to the foregoing tax treatment.

174. Notwithstanding anything contained in the Plan (as may be amended), the Plan Supplement, this Confirmation Order, the SFO Noteholders Commitment Letter or any document related to any of the foregoing, (i) the Debtors shall calculate the amount of Allowed SFO Note Claims and the Contributed 2016 Notes on the date that is one business day prior to the Effective Date. All calculations of interest with respect to Allowed SFO Note Claims shall be approved by the Conversion Purchasers and counsel for the SFO Noteholder Committee.

175. Notwithstanding anything contained in the Plan (as may be amended), the Plan Supplement, this Confirmation Order, the SFO Noteholders Commitment Letter or any document related to any of the foregoing, the Effective Date may occur only if (i) all the required items set forth in the previous paragraphs have occurred, (ii) all of the other conditions to the Effective Date set forth in the Plan (as amended or supplemented), the Plan Supplement, this Confirmation Order, the SFO Noteholders Commitment Letter or any document related to any of the foregoing have occurred, and (iii) (A) the Conversion Purchasers have deposited $69.5 million with the SFO Notes Indenture Trustee for distribution with respect to the Allowed SFO Note Claim (including the return of the Temporary Advance); and (B) the Debtors have deposited with the SFO Notes Indenture Trustee for distribution to SFO Noteholders in respect of Allowed SFO Note Claims (x) an amount equal to $400.5 million and (y) if applicable, if either the full amount of the $470 million in deposits has not been made with the SFO Notes Indenture Trustee for distribution with respect to Allowed SFO Notes Claims or the Effective Date has not occurred by 2PM New York Time on April 30, 2010, an interest fee equal to (A) $320,000 plus (B) an additional interest fee equal to $160,000 for each twenty four hour period following 2 PM New York Time on Monday, May 3, 2010 that such deposits have not been so made (the "SFO Noteholder Fee"). Any such SFO Noteholder Fee shall be an Allowed Administrative Claim against the Debtors. The SFO Notes Indenture Trustee shall distribute the deposited funds on April 30, 2010, so long as all $470 million of the deposited funds are made before 2:00PM New York Time on April 30, 2010. Upon receipt of the payment and instructions from the SFO Notes Indenture Trustee, the record holder shall immediately make payment to the holders of the 2016 Notes."

IT IS SO ORDERED.

Dated: May 13, 2010
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

3