IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------------------------------x
                                                          :
In re                                                     : Chapter 11
                                                          :
Premier International Holdings Inc., *et al.*,[1]         : Case No. 09-12019 (CSS)
                                                          :
           Reorganized Debtors.                           : (Jointly Administered)
                                                          :
                                                          : Re: Docket No. 2941
                                                          :
----------------------------------------------------------x

## FINAL DECREE CLOSING THE CHAPTER 11 CASES OF PREMIER INTERNATIONAL HOLDINGS INC. AND ITS AFFILIATED REORGANIZED DEBTORS

Upon consideration of the motion (the "Motion") of above-captioned reorganized debtors (the "Reorganized Debtors"), pursuant to section 350(a) of the Bankruptcy Code,[2] Bankruptcy Rule 3022 and Local Rule 5009-1; and it appearing that the estate of each Debtor has been fully administered; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

---

[1] The Reorganized Debtors are the following thirty-seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): Astroworld GP LLC (0431), Astroworld LP (0445), Astroworld LP LLC (0460), Fiesta Texas Inc. (2900), Funtime, Inc. (7495), Funtime Parks, Inc. (0042), Great America LLC (7907), Great Escape Holding Inc. (2284), Great Escape Rides L.P. (9906), Great Escape Theme Park L.P. (3322), Hurricane Harbor GP LLC (0376), Hurricane Harbor LP (0408), Hurricane Harbor LP LLC (0417), KKI, LLC (2287), Magic Mountain LLC (8004), Park Management Corp. (1641), PP Data Services Inc. (8826), Premier International Holdings Inc. (6510), Premier Parks of Colorado Inc. (3464), Premier Parks Holdings Inc. (9961), Premier Waterworld Sacramento Inc. (8406), Riverside Park Enterprises, Inc. (7486), SF HWP Management LLC (5651), SFJ Management Inc. (4280), SFRCC Corp. (1638), Six Flags Entertainment Corporation (formerly known as Six Flags, Inc.) (5059), Six Flags America LP (8165), Six Flags America Property Corporation (5464), Six Flags Great Adventure LLC (8235), Six Flags Great Escape L.P. (8306), Six Flags Operations Inc. (7714), Six Flags Services, Inc. (6089), Six Flags Services of Illinois, Inc. (2550), Six Flags St. Louis LLC (8376), Six Flags Theme Parks Inc. (4873), South Street Holdings LLC (7486), Stuart Amusement Company (2016). The mailing address of each of the Reorganized Debtors solely for purposes of notices and communications is 230 Park Avenue, New York, NY 10169 (Attn: Danielle Bernthal). Prior to the occurrence of the effective date of their confirmed plan of reorganization, each of the Reorganized Debtors was a debtor and debtor in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases.

[2] Capitalized terms used, but not otherwise defined herein, shall be given the same meaning ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due and proper notice of the Motion having been provided, and no further notice being necessary; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein; and the relief granted herein being in the best interests of all parties in interest; and upon all of the proceedings before the Court, it is hereby

ORDERED that the Motion is GRANTED in its entirety;

ORDERED that the following Chapter 11 Cases are hereby closed:

| Debtors | Case No. |
|---|---|
| Premier International Holdings Inc. | 09-12019 (CSS) |
| AstroWorld GP LLC | 09-12047 (CSS) |
| AstroWorld LP | 09-12051 (CSS) |
| Astroworld LP LLC | 09-12050 (CSS) |
| Fiesta Texas Inc. | 09-12044 (CSS) |
| Funtime, Inc. | 09-12045 (CSS) |
| Funtime Parks, Inc. | 09-12048 (CSS) |
| Great America LLC | 09-12043 (CSS) |
| Great Escape Holding Inc. | 09-12040 (CSS) |
| Great Escape Rides L.P. | 09-12038 (CSS) |
| Great Escape Theme Park L.P. | 09-12036 (CSS) |
| Hurricane Harbor GP LLC | 09-12035 (CSS) |
| Hurricane Harbor LP | 09-12032 (CSS) |
| Hurricane Harbor LP LLC | 09-12030 (CSS) |
| KKI, LLC | 09-12027 (CSS) |
| Magic Mountain LLC | 09-12025 (CSS) |
| Park Management Corp. | 09-12023 (CSS) |
| PP Data Services Inc. | 09-12053 (CSS) |
| Premier Parks of Colorado Inc. | 09-12021 (CSS) |
| Premier Parks Holdings Inc. | 09-12024 (CSS) |
| Premier Waterworld Sacramento Inc. | 09-12028 (CSS) |
| Riverside Park Enterprises, Inc. | 09-12031 (CSS) |
| SF HWP Management LLC | 09-12034 (CSS) |
| SFJ Management Inc. | 09-12039 (CSS) |
| SFRCC Corp. | 09-12042 (CSS) |
| Six Flags, Inc. (now known as Six Flags Entertainment Corporation) | 09-12037 (CSS) |
| Six Flags America LP | 09-12046 (CSS) |

| Six Flags America Property Corporation | 09-12049 (CSS) |
| --- | --- |
| Six Flags Great Adventure LLC | 09-12052 (CSS) |
| Six Flags Great Escape L.P. | 09-12041 (CSS) |
| Six Flags Operations Inc. | 09-12022 (CSS) |
| Six Flags Services, Inc. | 09-12026 (CSS) |
| Six Flags Services of Illinois, Inc. | 09-12029 (CSS) |
| Six Flags St. Louis LLC | 09-12033 (CSS) |
| Six Flags Theme Parks Inc. | 09-12054 (CSS) |
| South Street Holdings LLC | 09-12055 (CSS) |
| Stuart Amusement Company | 09-12020 (CSS) |

ORDERED that, except to the extent set forth in this final decree, KCC will have no further obligations (arising under the KCC Retention Agreement or otherwise) to the Court, the Reorganized Debtors or any other party in interest with respect to the Chapter 11 Cases;

ORDERED that pursuant to Local Rule 2002-1(f)(ix), no later than thirty (30) days after the entry of this final decree closing the Chapter 11 Cases, KCC shall forward to the Clerk of the Court: (a) all claims and an updated claims register; (b) a CD of all imaged claims; and (c) an excel spreadsheet containing all claims information, along with an updated Bankruptcy Rule 2002 service list and updated creditor mailing list, which shall contain the names and addresses of all creditors;

ORDERED that following the entry of this final decree, KCC may destroy any and all physical copies of documents pertaining to the Chapter 11 Cases in its actual or constructive possession, including, but not limited to: (a) excess copies of notices, pleadings, Plan solicitation documents, customized envelopes or any other printed materials; (b) letters, e-mails, facsimiles or other correspondence; (c) all undeliverable and/or returned mail; and (d) all other materials related to the Chapter 11 Cases; provided however, that KCC may not destroy original proofs of claim (which KCC shall forward to the Clerk of the Court) and original ballots (which KCC shall forward to counsel for the Reorganized Debtor);

ORDERED that should KCC receive any mail directed to the Reorganized Debtors after the entry of this final decree, KCC (a) will collect and forward such mail on a monthly basis to the Reorganized Debtors at the following address: Six Flags Entertainment Corporation, 230 Park Avenue, New York, NY 10169 (Attn: Danielle Bernthal) and (b) is entitled to be reimbursed by the Reorganized Debtors for any reasonable out-of-pocket expenses incurred in connection with forwarding such mail to the Reorganized Debtors;

ORDERED no later than fourteen (14) days after the entry of this final decree, KCC shall submit to the Reorganized Debtors a final invoice of all outstanding fees and expenses and the Reorganized Debtors will remit to KCC payment of all outstanding fees and expenses within thirty (30) days of receipt of such final invoice (subject to Court approval in the event of an unresolved dispute);

ORDERED that entry of this final decree is without prejudice to the rights of the Reorganized Debtors or any party in interest to seek to reopen the Chapter 11 Cases for cause;

ORDERED that the proofs of claim filed by Joshua Fuller (assigned claim no. 146), Durwin Fuller (assigned claim no. 146), Maureen Stasey (assigned claim no. 1321), Maria Held (assigned claim no. 69), and Luis and Nanette Rivera (as parents and natural guardians of Jocelyn Rivera) (assigned claim nos. 964, 965, 990, 991, 993, and 994) (collectively, the "Litigation Claims") are hereby allowed only to the extent necessary to allow the resolution and liquidation of such Liquidation Claims in an appropriate forum but not as to any specific amount, subject to any and all applicable defenses as may be asserted by any party, including, without limitation, any Debtor or Reorganized Debtor and including, without limitation, defenses predicated upon any procedural default or failure to satisfy any applicable statute of limitations; provided that all claimants reserve any of their rights to respond thereto;

ORDERED that nothing in the Motion nor the Notice of Satisfaction [Docket No. 2921] shall be deemed to, or shall effect, modify, or terminate the continuing obligations of the Reorganized Debtors to perform any and all obligations owed to (a) Six Flags Over Georgia, LLC, Six Flags Fund, Ltd. (L.P.) (the "Fund"), and the general partner of the Fund acting on behalf of the partnership and its general and limited partners (collectively, the "Claimants") (Claimants retain rights against the Reorganized Debtors in connection with continuing guarantee and other obligations of the Reorganized Debtors relating to Partnership Parks, as such claims were unimpaired under the Plan, and/or in connection with the Continuing Guarantee Agreements and the Executory Contracts assumed under the Plan that involve ongoing payment obligations, provided, however, that nothing herein shall be deemed to or shall effect, modify, or alter any terms of the Plan) and (b) ACE American Insurance Company and its affiliates, in accordance with and pursuant to the *Debtors' Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 239] (as it was subsequently amended by Docket Nos. 496, 944, 1116, 1226, and 1928) or the *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Modified Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 2114];

ORDERED that the Reorganized Debtors and Travelers Indemnity Company and its affiliates ("Travelers") will endeavor to reach a mutual agreement on the liquidated amount (if any) of the proof of claim (assigned claim no. 2317) (the "Travelers Claim") filed by Travelers without need for further order from this Court, provided, however, that to the extent the Reorganized Debtors and Travelers fail to reach such an agreement, the Travelers Claim is allowed only to the extent necessary to allow the resolution and liquidation of the Travelers Claim in an appropriate forum but not as to any specific amount, subject to any and all applicable

defenses as may be asserted by any party, including, without limitation, any Debtor or Reorganized Debtor and including, without limitation, defenses predicated upon any procedural default or failure to satisfy any applicable statute of limitations; and provided further that Travelers reserves any of its rights to respond thereto;

ORDERED that (i) on or prior to January 31, 2013, the Reorganized Debtors shall (a) submit, but shall not file, a post-confirmation quarterly report for the month of December 2012 to the U.S. Trustee and (b) pay all quarterly fees arising under 28 U.S.C. § 1930(a)(6) that are due and owing for the calendar quarter beginning on October 1, 2012; and (ii) the U.S. Trustee reserves the right to move to reopen the Chapter 11 Cases in the event that such report is not submitted and such fees are not paid on a timely basis; and

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: December 20, 2012
Wilmington, Delaware

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE